IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CASE NO. 1:14-CV-954

STUDENTS FOR FAIR
ADMISSIONS, INC.,

        Plaintiff,

v.

UNIVERSITY OF NORTH
CAROLINA et al.,

        Defendants.

## PLAINTIFF'S RULE 26(f) REPORT

Plaintiff Students for Fair Admissions ("SFFA") brings this action challenging Defendants' (collectively, "UNC") use of race as a factor in undergraduate admissions as in violation of the Equal Protection Clause of the Fourteenth Amendment and 42 U.S.C. § 1983. By filing an Answer, UNC has acknowledged that the allegations of the Complaint state a plausible case for relief, that is, that SFFA has "plead[ed] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Tobey v. Jones*, 706 F.3d 379, 386 (4th Cir. 2013) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009)).

Because this is a civil rights action, SFFA is entitled to "broad discovery." *Wolfe v. Green*, 257 F.R.D. 109, 112 (S.D. W.Va. 2009) (citing *King v. Conde,* 121 F.R.D. 180 (E.D.N.Y. 1988)). "The presumption favoring a broad construction of the concept of

relevancy under the Federal Rules is significant in the present context of federal civil rights claims asserted pursuant to 42 U.S.C. § 1983." *Scott v. Clarke*, No. 3:12-CV-00036, 2013 WL 6158458, at *5 (W.D. Va. Nov. 25, 2013) (collecting cases). "[I]t is of special import that suits brought under this statute be resolved by a determination of the truth rather than by a determination that the truth shall remain hidden." *Wolfe v. Green*, 257 F.R.D. 109, 112 (S.D. W.Va. 2009) (quotation omitted).

Further, because UNC has admitted that it employs race as a factor in its admissions process, *see* Answer ¶ 45, its use of race is subject to strict scrutiny. This requires "a searching examination" under which UNC "bears the burden to prove that the reasons for any racial classification are clearly identified and unquestionably legitimate." *Fisher v. Univ. of Texas at Austin*, 133 S. Ct. 2411, 2419 (2013). It "remains at all times the University's obligation to demonstrate, and the Judiciary's obligation to determine, that admissions processes 'ensure that each applicant is evaluated as an individual and not in a way that makes an applicant's race or ethnicity the defining feature of his or her application.'" *Id.* at 2420.

The nature of the case and the size and the scope of the apparatus involved in UNC's formulation and implementation of policies relating to undergraduate admissions demonstrate the need for a lengthy discovery period. *See* Order, *Students for Fair Admissions, Inc. v. President & Fellows Of Harvard College*, No. 14-cv-14176-ADB (D. Mass. May 4, 2015) (adopting a nearly 16-month-long discovery schedule in a similar case challenging the use of race in admissions at Harvard College). UNC's President,

Chancellor, Provost, and Vice Provost supervise an Admissions Office with approximately 75 employees who, among other things, review and score roughly 30,000 applications per admissions cycle. Further, UNC maintains additional offices that play a role in the admissions process, including the Office of Diversity and Multicultural Affairs and the Office of Scholarship and Financial Aid. Put simply, the system challenged here is massive; discovery will necessarily be more substantial than the typical "exceptional" case, even without considering the fact that SFFA's claims necessitate the examination of application files and aggregate statistical data from multiple admissions cycles.

The Family Educational Rights and Privacy Act ("FERPA") is not an impediment to the broad discovery needed here. It has no relevance to applicants who do not matriculate at UNC. *See* 20 U.S.C. § 1232g(a)(6) (providing that the definition of "student … does not include a person who has not been in attendance at such agency or institution"). Nor does FERPA limit the discovery of information about matriculating students when "such information is furnished in compliance with judicial order, or pursuant to any lawfully issued subpoena, upon condition that parents and the students are notified of all such orders or subpoenas in advance of the compliance therewith by the educational institution or agency." *Id.* § 1232g(b)(2)(B); *see also Rios v. Read*, 73 F.R.D. 589, 600 (E.D.N.Y. 1977) ("In view of the significant role of private lawsuits in ending various forms of discrimination in school systems, FERPA should not serve as a cloak for alleged discriminatory practices.").

3

**Plaintiff's Proposed Discovery Plan Pursuant to Local Rule 16.3**

1. Pursuant to Fed. R. Civ. P. 26(f) and LR 16.1(b), a meeting was held on April 24, 2015 via telephonic conference at place and was attended by Thomas R. McCarthy, J. Michael Connolly, and Ellis Boyle for Plaintiff, and Michael Y. Scudder, Lisa Gilford, Marianne Combs, Matthew Tulchin, and Stephanie Brennan for Defendants. A follow-up telephonic conference was convened on April 29, 2015 involving the same persons.

2. Discovery Plan. Some of the key issues in this case will include whether and to what extent UNC is pursuing the governmental interest approved by the Supreme Court in *Grutter v. Bollinger*, 539 U.S. 306 (2003); how UNC employs race as a factor in its admissions process and what weight it accords that factor in its admissions calculus; whether UNC's use of race is narrowly tailored to further the governmental interest approved by the Supreme Court in *Grutter*; the burdens and costs that UNC's use of race imposes on both non-favored applicants and the intended beneficiaries thereof; and whether race-neutral alternatives would have worked about as well.

Discovery will be needed on at least the following subjects:

 a. All policies and guidance relating to any aspect of undergraduate admissions;

 b. The organizational structure of all offices and entities that play a role in developing, implementing, and/or executing such policies and guidance;

4

c. Any studies done or commissioned to be done regarding any positive or negative effects of diversity on campus, the use of race as a factor in admissions, the assessment of race-neutral alternatives, or any other facet of the admissions program;

d. Aggregate admissions data showing the composition of the applicant pool, admit pool, and enrollees by race (and any other categories analyzed by UNC) on a year-over-year basis;

e. Individual admissions files and any documentation relating to scoring/coding/marking thereof;

f. The academic performance of matriculants;

g. Any information, studies, or reports concerning the system of "paper classes" operated at UNC.

Discovery shall be placed on a case-management track established in LR 26.1. The undersigned party proposes that the appropriate plan for this case (with any modification as set out below) is that designated in LR 26.1(a) as: Exceptional.

The date for the completion of all discovery (general and expert) is: The parties agree that this is an exceptional case. They disagree, however, on the amount of time that should be allocated for discovery. Based on the complexity of this case and the magnitude of the scope of potential discovery, Plaintiff proposes 15 months for discovery, with 12 months for fact discovery and 3 months for expert discovery. This timeline would make May 13, 2016 the date for completion of factual discovery (twelve

months from the May 13, 2015 initial pretrial conference) and August 15, 2016 the date for completion of all discovery (fifteen months from the May 13, 2015 conference).

Proposed modifications to the case management track include that the presumptive limit on depositions be increased to 25 and that the presumptive limit on requests for admissions and interrogatories be increased to 50.

Reports required by Rule 26(a)(2)(B) and disclosures required by Rule 26(a)(2)(C) are due during the discovery period:

From Plaintiff by June 13, 2016 (30 days after the completion of fact discovery).

From Defendants by July 13, 2016 (30 days following Plaintiff's disclosures).

All trial experts deposed during the 30-day period following Defendants' expert disclosures.

Supplementations will be as provided in Rule 26(e) or as otherwise ordered by the court.

3. Mediation. The parties agree that the nature of this case makes it unlikely that mediation would be fruitful and respectfully request that the case not be designated for mediation.

4. Preliminary Deposition Schedule. As noted above, the undersigned proposes that each side be permitted to take up to 25 depositions; the individuals to be deposed and the timing of their depositions will be determined as discovery proceeds.

The parties will update this schedule at reasonable intervals.

6

5.      Other items. Plaintiff(s) should be allowed until October 13, 2015 to request leave to join additional parties or amend pleadings.

Defendant(s) should be allowed until November 13, 2015 to request leave to join additional parties or amend pleadings.

After these dates, the Court will consider, inter alia, whether the granting of leave would delay trial.

The parties have discussed special procedures for managing this case, including reference of the case to a Magistrate Judge on consent of the parties under 28 U.S.C. §§636(c), or appointment of a master. The parties do not consent to reference of the case to a Magistrate Judge.

Separately, the parties agree that motions for summary judgment should be due 45 days following the completion of all (fact and expert) discovery.

Trial of the action is expected to take approximately 10 to 15 days. A jury trial has been demanded.

Date:   May 4, 2015

Respectfully submitted this 4th day of May, 2015.

| | |
|---|---|
| /s/<br>Thomas R. McCarthy<br>Consovoy McCarthy PLLC<br>3033 Wilson Boulevard, Suite 700<br>Arlington, Virginia 22201<br>(703) 243-4923<br>E: tom@consovoymccarthy.com | /s/<br>W. Ellis Boyle<br>NC State Bar No.: 33826<br>Ellis Boyle Law PPLC<br>507 N. Blount St.<br>Raleigh, North Carolina 27604<br>(919) 747-8386<br>E: ellis@ellisboylelaw.com |

/s/
William S. Consovoy
Consovoy McCarthy PLLC
3033 Wilson Boulevard, Suite 700
Arlington, Virginia 22201
(703) 243-4923
E: will@consovoymccarthy.com

/s/
J. Michael Connolly
Consovoy McCarthy PLLC
3033 Wilson Boulevard, Suite 700
Arlington, Virginia 22201
(703) 243-4923
E: mike@consovoymccarthy.com   *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/
W. Ellis Boyle
NC State Bar No.: 33826
Ellis Boyle Law PPLC
507 N. Blount St.
Raleigh, North Carolina 27604
(919) 747-8386
E: ellis@ellisboylelaw.com