IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CASE NO. 1:14-CV-954

| | |
|---|---|
| STUDENTS FOR FAIR ADMISSIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNIVERSITY OF NORTH CAROLINA et al., <br><br> Defendants. | DEFENDANTS' RULE 26(f) REPORT |

Pursuant to Fed. R. Civ. P. 26(f) and Local Rules 16.1(b) and 16.3, and in light of the Joint Stipulation of Dismissal filed by Plaintiff Students for Fair Admissions ("SFFA") on March 20, 2015 (Dkt. 29), Defendants the University of North Carolina ("UNC System"), UNC System President Thomas W. Ross, the UNC Board of Governors and its individual members, The University of North Carolina at Chapel Hill (the "University"), University Chancellor Carol L. Folt, University Executive Vice Chancellor and Provost James W. Dean, and University Vice Provost for Enrollment and Undergraduate Admissions Stephen M. Farmer respectfully submit this Rule 26(f) Report.

Counsel for the Defendants and Plaintiff held a Rule 26(f) conference on April 24 and 29, 2015. The Initial Pretrial Conference is scheduled for May 13, 2015.

## I. Preliminary Statement

Plaintiff's Complaint challenges the University's undergraduate admissions policies under 42 U.S.C. §§ 1981, 1983, and §2000d and the Fourteenth Amendment to the U.S. Constitution. According to the Complaint, one of Plaintiff's members (identified only as "Applicant"), who is not named in or a party to this lawsuit, applied for but was denied admission to the University's 2014 entering class. Plaintiff alleges that the University's undergraduate admissions process unlawfully discriminates upon the basis of race or ethnicity and should be replaced by a race-neutral policy.

Defendants have denied these allegations and are confident the University's undergraduate admissions policy, which permits race and ethnicity to be considered as one among many factors as part of a holistic review of each applicant, reflects careful adherence to the legal framework adopted in recent years by the Supreme Court of the United States.

## II. Discovery Plan.

### A. Case Management Track

Defendants respectfully request that this case be assigned to the Exceptional Case-Management Track under Local Rule 26.1(a)(3), which provides for nine months of discovery, including expert discovery, and sets forth presumptive limits on interrogatories (30), requests for admissions (30), and depositions (10). Defendants believe that the length and limits provided by the Exceptional Track are plenty sufficient to enable ample discovery in this matter.

Plaintiff may request discovery limitations beyond those of the Exceptional Track on the basis that the case allegedly involves complex constitutional claims on a matter of public importance. Defendants respectfully submit that nothing about the Plaintiff's claims—all of which be assessed and decided under settled Supreme Court precedent— counsels in favor of deviation beyond the presumptive outer limits of the discovery parameters and schedule provided for by the Court's Local Rules.

### B. Defendants' Proposed Discovery Plan

Defendants propose the following discovery plan:

1. Discovery will be needed on the following primary subjects and topical areas:

   (a) The unnamed Applicant referenced in SFFA's Complaint;

   (b) SFFA as a bona fide membership organization, including but not limited to its sources of funding, members, structure, and governance.

   (c) The University's undergraduate admissions policies and procedures applicable to the entering class for the fall 2014— the time the Applicant applied but was denied admission;

   (d) Aggregate data regarding the University's admissions decisions for classes that entered in the fall 2012, fall 2013, and fall 2014;

   (e) The University's evaluation of applications for first-year undergraduate admissions for its fall 2014 entering class;

   (f) The University's consideration of race-neutral alternatives since the fall 2012; and

   (g) Related information necessary to inform the opinions of expert witnesses.

2. The University proposes limiting the production of any individual undergraduate admissions application files to an appropriate and representative sample from applications submitted for the fall 2014 entering class. The size of the sample and sampling method should be discussed by the parties and, as necessary, ordered by the Court.

3. The statute of limitations governing Plaintiff's claims is three years (N.C.G.S. § 1-52) and thus generally provides the time frame for discovery on other relevant topics.

4. Defendants propose that the appropriate track for this case is that designated in L.R. 26.1(a)(3) as Exceptional.

    (a) The date for the completion of all discovery (general and expert) will be: February 15, 2016, contingent upon the availability of witnesses during the discovery period.

    (b) Reports required by Rule 26(a)(2)(B) and disclosures required by Rule 26(a)(2)(C) are due during the proposed 9-month discovery period as follows:

        (i) From Plaintiff by November 15, 2015

        (ii) From Defendants by December 16, 2015

    (c) Supplementations under Rule 26(e) are due from both parties within 14 days of identification of the need for additional responses.

    (d) The parties may informally grant extensions of time to respond to discovery without having to seek Court approval, provided that the parties may not agree without Court approval to extend the deadline for the conclusion of discovery or delay the trial of the case.

5. The parties agree that this case is unlikely to be resolved in mediation.

6. Preliminary Deposition Schedule and Discovery Limits.

    (a) Defendants propose that the presumptive limitations in an Exceptional case of 30 interrogatories and requests for admission and 10 depositions, including expert depositions set forth in Local Rule 26.1(a)(3) shall be adhered to.

      (b)    Depositions shall be completed within the 9-month time period proposed above.

7.    Other items.

      (a)    Requests to join additional parties or amend pleadings are due:

           (i)    From Plaintiff by June 29, 2015

           (ii)    From Defendants by August 11, 2015.

      (b)    Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A) are due on May 27, 2015—to give the parties the benefit of being able to consider the outcome of the May 13, 2015 Initial Pretrial Conference.

      (c)    Dispositive motions are due within 45 days of the close of discovery.

      (d)    The parties have discussed special procedures for managing this case, including reference of the case to a Magistrate Judge on consent of the parties under 28 U.S.C.§§636(c), or appointment of a master. Neither party consents.

      (e)    Some information in the case may be protected under the Family Educational Rights and Privacy Act ("FERPA") and N.C. G.S. 132-1.1(f). The parties will seek a protective order as necessary from the Court at the appropriate time.

8. Trial of this matter is expected to take approximately 10-15 days. A jury trial has been demanded.

Respectfully submitted,

| | |
|---|---|
| /s/ Michael Scudder | ROY COOPER |
| Michael Scudder | Attorney General |
| Skadden, Arps, Slate, Meagher & Flom, LLP | |
| 155 North Wacker Drive | /s/ Stephanie Brennan |
| Chicago, IL 60606-1720 | Stephanie Brennan |
| (312) 407-0877 | Special Deputy Attorney General |
| E: michael.scudder@skadden.com | NC State Bar No. 35955 |
| | E: sbrennan@ncdoj.gov |
| /s/ Lisa Gilford | /s/ Matthew Tulchin |
| Lisa Gilford | Matthew Tulchin |
| Skadden, Arps, Slate, Meagher & Flom, LLP | Assistant Attorney General |
| 300 South Grand Ave. | NC State Bar No. 43921 |
| Suite 3400 | E: mtulchin@ncdoj.gov |
| Los Angeles, CA 90071 | NC Department of Justice |
| (213) 687-5130 | Post Office Box 629 |
| E: lisa.gilford@skadden.com | Raleigh, NC 27602-0629 |
| Attorneys for Defendants | T: (919) 716-6920 |
| | F: (919) 716-6764 |
| | Attorneys for Defendants |

# CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2015, I electronically filed the foregoing DEFENDANTS' RULE 26(f) REPORT with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following registered CME/ECF users:

Thomas R. McCarthy
William S. Consovoy
J. Michael Connolly
CONSOVOY MCCARTHY PLLC

W. Ellis Boyle
ELLIS BOYLE LAW PLLC

Attorneys for Plaintiff

This 4th day of May 2015

/s/ Michael Scudder
Michael Scudder
Skadden, Arps, Slate, Meagher & Flom, LLP
155 North Wacker Drive
Chicago, IL 60606-1720
(312) 407-0877
E: michael.scudder@skadden.com
Attorney for Defendants