# Unpublished Cases Cited in Defendants' Memorandum in Support of Motion to Stay Proceedings

# Case No. *14-cv-954*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Gary E. Collins, #242273, ) | |
| ) | |
| Plaintiff, ) | C.A. No.: 2:01-2343-RBH |
| ) | |
| vs. ) | **ORDER STAYING CASE** |
| ) | |
| James H. Hodges, William D. ) | |
| Catoe, Calvin Anthony, all ) | |
| are being sued in their ) | |
| individual and official ) | |
| capacity, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This is an action regarding the South Carolina DNA Act, S.C. Code Ann. §23-3-600, *et. seq.* The case was originally assigned to Senior United States District Judge Matthew J. Perry and was re-assigned to the undersigned on April 10, 2006.

On October 11, 2004, the South Carolina Court of Appeals issued an opinion in *Cannon v. South Carolina Department of Probation*, 361 S.C. 425, 604 S.E.2d 709 (Ct. App. 2004), which concerned the DNA statute and may have some bearing on the issues in this case. The South Carolina Supreme Court granted the plaintiff's Petition for Writ of Certiorari on February 15, 2006. The Petition for Certiorari is currently still pending before the Supreme Court.

Inasmuch as the decision by the South Carolina Supreme Court in *Cannon* may have some import regarding the issues in the within case, the Court finds that it is appropriate to stay the case. Therefore, it is hereby ordered that the case is hereby **STAYED**.

**AND IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
June 29, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MARCIE FISHER-BORNE, for herself )
and as guardian *ad litem* for M.F.-B., )
a minor, et al., )
        Plaintiffs, )
         )
        v. )        1:12CV589
         )
JOHN W. SMITH, in his official capacity )
as the Director of the North Carolina )
Administrative Office of the Courts, et al., )
         )
        Defendants. )

RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on Defendants John W. Smith, The Honorable David L. Churchill, The Honorable Archie L. Smith III, and Roy A. Cooper's Motion [Doc. #84] to stay further proceedings in this case pending a ruling by the Court of Appeals for the Fourth Circuit in <u>Bostic v. Schaefer</u>, Case No. 14-1167. Also pending is a recently-filed Motion for Preliminary Injunction [Doc. #75] by Plaintiffs Carignan and Parker, as well as Defendants' Motions to Dismiss [Doc. #63, #65]. The Complaint in this case challenges North Carolina statutory and constitutional provisions that define marriage as exclusively being a legal union between one man and one woman, as well as the North Carolina statutes that prohibit "second-parent" adoption. Plaintiffs ultimately seek a declaration that North Carolina General Statutes § 51-1, § 51-1.2, § 48-1-100 et seq., and section 6 of Article XIV of the North Carolina

Constitution (Amendment One) violate Plaintiffs' constitutional rights and are void and unenforceable. Plaintiffs specifically seek an order directing the state to recognize out-of-state marriages of same-sex couples and to accept adoption applications and marriage applications from same-sex couples. In the pending Motion for Preliminary Injunction, Plaintiffs seek a preliminary injunction "ordering all Defendants to cease enforcing section 6 of Article XIV of the North Carolina Constitution, N.C. Gen. Stat. § 51-1, and any other source of state law that operates to deny recognition of the marriages of same-sex couples validly contracted in another jurisdiction."

At the same time that the Amended Complaint was filed in the present case, a similar challenge was filed in Virginia. A motion for preliminary injunction was filed in that case in September 2013, and an Order was entered in February 2014, finding Virginia's marriage laws facially unconstitutional under the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution to the extent that those laws deny the rights of marriage to same-sex couples or deny recognition of lawful marriages between same-sex couples that are validly entered into in other jurisdictions. That decision was immediately appealed to the Fourth Circuit in the case of Bostic v. Schaefer, and the Fourth Circuit is presently considering that case on an expedited basis, with oral argument already held on May 13, 2014.

With respect to the present Motion to Stay, Defendants contend that consideration of Plaintiffs' claims, including consideration of the recent request for a preliminary injunction and the pending motions to dismiss, should be stayed pending the Fourth Circuit's decision in

Bostic.  Having considered this request, the Court concludes that a stay is appropriate for two reasons.  First, the decision of the Fourth Circuit in Bostic will provide the controlling legal principles for this Court to apply in evaluating the motions to dismiss and in determining whether Plaintiffs have demonstrated a likelihood of success on the merits in support of their request for preliminary injunctive relief.  Any decision by this Court in this case prior to Bostic would need to be reconsidered in light of the decision ultimately issued in Bostic, which would result in significant inefficiency and uncertainty with regard to the effect of any decision rendered in the interim.

Moreover, and most significantly, any decision by this Court to allow immediate injunctive relief would be stayed pending appellate review.  See Herbert v. Kitchen, 134 S. Ct. 893 (2014) (staying district court's injunction in similar case in Utah, pending appeal to the Tenth Circuit); Bishop v. United States ex rel. Holder, 962 F. Supp. 2d 1252 (N.D. Okla. 2014) (staying injunction in similar case in accordance with Herbert v. Kitchen); DeLeon v. Perry, 975 F. Supp. 2d 632 (W.D. Tex. 2014) (same); Love v. Beshear, No. 3:13CV750 (W.D. Ky. Mar. 19, 2014) (granting a stay and noting that "the Supreme Court has sent a strong message by its unusual intervention and order" in Herbert v. Kitchen); see also  Bostic v. Rainey, 970 F. Supp. 2d 456, 484 (E.D. Va. 2014) (granting preliminary injunction but staying the injunction pending appeal to the Fourth Circuit).  Thus, even if this Court heard and considered the present case and attempted to apply the appropriate legal framework prior to guidance from the Fourth Circuit in Bostic, and even if the Court concluded and recommended that relief should be granted and

3

an injunction should be issued, that relief would not immediately take effect in any event, and would be stayed pending appeal to the Fourth Circuit.

In the circumstances, the Court concludes that there is no basis to proceed to issuance of an opinion that would be immediately stayed and of no practical effect, and that would be subject to potential reconsideration under the Fourth Circuit's decision in Bostic in the next few weeks. The Court has discretionary authority to stay proceedings "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North Am. Co., 299 U.S. 248, 254 (1936). In exercising that discretion and balancing the competing interests in the present case, the Court finds that there are clear and convincing circumstances that outweigh any potential harm caused by a stay, in light of the expedited review of the important issues raised in this case already underway in the Fourth Circuit in Bostic, and in light of the Supreme Court's intervention and stay of relief in Herbert v. Kitchen pending resolution of these issues by the appellate courts, as discussed above. In reaching this conclusion, the Court notes that other district courts in this circuit have already begun following this approach in similar cases. See Harris v. Rainey, No. 5:13cv77, 2014 WL 1292803 (W.D. Va. Mar. 31, 2014) (staying all further proceedings pending resolution of Bostic in the Fourth Circuit); McCrory v. North Carolina, No. 14-cv-65, 2014 WL 2048068 (W.D.N.C. May 19, 2014) (same). Indeed, in McCrory, the United States District Court for the Western District of North Carolina stayed further proceedings in a case raising challenges to many of the same provisions at issue in the present case, based on

4

the pendency of the appeal in Bostic. This Court finds these cases persuasive and recommends that the same approach be followed here.[1]

IT IS THEREFORE RECOMMENDED that the Motion to Stay [Doc. #84] be GRANTED, that all proceedings in this case, including consideration of Defendants' pending Motions to Dismiss and Plaintiffs' Motion for Preliminary Injunction, be stayed pending the Fourth Circuit's decision in Bostic v. Schaefer, Case No. 14-1167 (4th Cir. 2014), and that the parties be directed to notify the Court in writing of their position on the course of future proceedings within 10 days following issuance of a decision by the Court of Appeals for the Fourth Circuit in Bostic.

This, the 2nd day of June, 2014.

                                            /s/ Joi Elizabeth Peake
                                            United States Magistrate Judge

---

[1] The Court notes that although Plaintiffs initially filed their Complaint in this case in 2012, Defendants filed a Motion to Dismiss that Complaint, and the Court held the Motion to Dismiss in abeyance to allow the parties to address developments in United States v. Windsor, culminating in Plaintiffs filing an Amended Complaint adding claims based on the Supreme Court's decision in that case. Defendants subsequently filed a Motion to Dismiss as to the Amended Complaint, and that Motion to Dismiss was referred for review and recommendation on February 7, 2014. However, the United States District Court for the Eastern District of Virginia issued its decision in Bostic six days later, and that decision was immediately appealed to the Court of Appeals for the Fourth Circuit. As a result, the decision in Bostic has become the first case to present these issues for consideration by the Fourth Circuit.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

CASIE JO MCGEE and SARAH ELIZABETH
ADKINS; JUSTIN MURDOCK and WILLIAM
GLAVARIS; and NANCY ELIZABETH
MICHAEL and JANE LOUISE FENTON,
individually and as next friends of A.S.M.,
minor child,

                        Plaintiffs,

v.                                     CIVIL ACTION NO.  3:13-24068

KAREN S. COLE, in her official capacity as
CABELL COUNTY CLERK; and VERA J.
MCCORMICK, in her official capacity as
KANAWHA COUNTY CLERK,

                        Defendants,

and

STATE OF WEST VIRGINIA

                        Intervenor Defendant.

## ORDER

Pending before the Court is Plaintiffs' motion to submit Ninth Notice of Supplemental Authority (ECF No. 129).  For reasons appearing to the Court, this motion is **GRANTED**.  The Court **DIRECTS** the Clerk to file the notice of supplemental authority and accompanying exhibits.

In addition, the U.S. Court of Appeals for the Fourth Circuit issued an opinion in the case of *Bostic v. Schaefer*, Nos. 14–1167, 14–1169, 14–1173, 2014 WL 3702493 (4th Cir. July 28, 2014), on July 28, 2014, in which the plaintiffs challenged Virginia's constitutional and statutory prohibition of same-sex marriage.  The Fourth Circuit held that the Virginia Marriage Laws

violate the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution.  *Bostic*, 2014 WL 3702493, at *16.  George E. Shaefer, III, in his official capacity as the Clerk of Court for Norfolk Circuit Court filed a Petition for a Writ of Certiorari to the United States Supreme Court.   Because of the overlap in the issues present in that case and the one before this Court, the Court *sua sponte* **ORDERS** that the instant case be **STAYED** pending a decision from the Supreme Court.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:	September 16, 2014

_____
ROBERT C. CHAMBERS, CHIEF JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:08-CV-173-H

GARY JOSEPH STODDARD and his )
wife PATRICIA ANN STODDARD, )
                             )
    Plaintiffs,               )
                             )
                             )
                             )
    v.                        )         **ORDER**
                             )
                             )
                             )
PLIVA USA, INC.,              )
                             )
    Defendant.                )

This matter is before the court on defendant's motion to stay, filed January 5, 2011 [DE #97]. Currently pending before this court is a motion to dismiss in which defendant argues that plaintiffs' claims are preempted by the Drug Price Competition and Patent Term Restoration Act, which governs the manufacture and marketing of generic pharmaceutical drugs in interstate commerce. On December 10, 2010, the United States Supreme Court granted certiorari in three cases involving the preemption issue raised by defendants. See PLIVA, Inc. v. Mensing, No. 09-993 (U.S. cert. granted Dec. 10, 2010); Actavis Elizabeth LLC v. Mensing, No. 09-1039 (U.S. cert. granted Dec. 10, 2010); Actavis, Inc. v. Demahy, No. 09-1501 (U.S. cert. granted Dec.

10, 2010). Those cases have been consolidated and are presently scheduled for oral argument before the Supreme Court on March 30, 2011. The parties agree that the Supreme Court's decision in those cases will likely have a direct impact on this case. With the parties' consent and in an effort to promote judicial efficiency, the court GRANTS defendant's motion [DE #97] and hereby STAYS all further proceedings in this action pending the Supreme Court's decision in the aforementioned cases.

This ___10th___ day of January 2011.

MALCOLM J. HOWARD
Senior United States District Judge

At Greenville, NC
#31

2

Case 4:08-cv-00173-H   Document 99   Filed 01/11/11   Page 2 of 2
Case 1:14-cv-00954-LCB-JLW   Document 47-1   Filed 07/06/15   Page 12 of 12