| | |
|---|---|
| **STUDENTS FOR FAIR ADMISSIONS, INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**UNIVERSITY OF NORTH CAROLINA et al.,**<br><br>Defendants. | **STIPULATED ELECTRONICALLY STORED INFORMATION DISCOVERY PROTOCOL** |

## STIPULATED ELECTRONICALLY STORED INFORMATION DISCOVERY PROTOCOL

Plaintiff Students for Fair Admissions, Inc. and Defendants The University of North Carolina at Chapel Hill, et al., stipulate to the following Electronically Stored Information Discovery Protocol.

### I.  GENERAL PROVISIONS

A.    This discovery format agreement is between Students for Fair Admissions, Inc. ("SFFA") and Defendants the University of North Carolina ("UNC System"), UNC System President Thomas W. Ross, the UNC Board of Governors and its individual members, The University of North Carolina at Chapel Hill (the "University"), University Chancellor Carol L. Folt, University Executive Vice Chancellor and Provost James W. Dean, and University Vice Provost for Enrollment and Undergraduate Admissions Stephen M. Farmer (individually each a "Party" and collectively, the "Parties").  The

Parties will produce documents subject to their respective objections and responses in accordance with the agreed-upon specifications set forth below.

B. The production specifications in this agreement apply to materials which are to be produced in *Students for Fair Admissions, Inc. v. University of North Carolina et al.,* Civil Action No. 1:14-cv-954 (M.D.N.C.). Documents will not be processed through a common vendor.

C. The Parties expect to produce documents on a rolling basis as available until substantial completion of production in response to outstanding discovery requests. The Parties will negotiate an agreed-upon date to substantially complete their initial productions in response to document requests (the "Substantial Completion Date") .

D. The Parties agree to use reasonable efforts to produce any previously processed documents in a format as close to this agreement as reasonably possible.

E. The Parties will negotiate search terms and date ranges applicable for purposes of searching for potentially responsive materials from a list of negotiated custodians. The Parties will also review shared drives and other reasonably accessible sources as part of searching for potentially responsive materials.

F. The Parties will prepare privilege logs with respect to documents withheld from production on the grounds of privilege or as work product. The Parties have agreed that privileged attorney-client communications and attorney work product documents dated on or after November 17, 2014 do not need to be logged. Nor is Plaintiff required to log communications which include only its outside litigation counsel at Consovoy McCarthy PLLC or Wiley Rein, LLP before that date. The Parties have agreed that they

will exchange privilege logs on a date 45 days after the Substantial Completion Date with respect to such documents. The Parties will provide any supplemental privilege logs for supplemental productions within 30 days of the completion of such productions or as otherwise agreed.

G. Without prejudice to any Party's right to seek attorneys' fees, costs, or disbursements in this action, including the costs of production, the Parties shall initially bear their own costs of production. Notwithstanding the foregoing, any Party may seek to shift the cost of production to any other Party on any basis permitted by the Federal Rules of Civil Procedure or the Local Rules.

II. FORM OF PRODUCTION – PAPER DOCUMENTS

A. Documents responsive to discovery requests and available in paper format will be produced as black-and-white, single page, 300 DPI, Group IV Tagged Image File Format ("TIFF") images that can be loaded into popular litigation software packages. (The Parties will discuss necessary formatting and resource/vendor requirements as appropriate.) The Parties will accommodate reasonable requests for production of specific images in color. Each TIFF image will be labeled with a production number on the corresponding page. The TIFF file should be named in accordance with the production number (e.g., BATES000001.TIF). The producing Party will provide a document image load file-defining document breaks for each set of page images produced and will provide optical character recognition (OCR) for each document.

3

Documents will be produced on CD or DVD disks, on portable hard drives, or via secure file transfer protocol.

B. Unique file name: Each image will have a unique file name.

C. Unitizing Documents: In scanning paper documents, distinct documents should not be merged into a single record, and single documents should not be split into multiple records (i.e., paper documents should be logically unitized). The Parties will make their best efforts to have their vendors or other appropriate resources unitize documents correctly and will address cooperatively situations where there are improperly unitized documents.

D. Image Load/Unitization Files: An image load/unitization file in a standard .opt or .log litigation support image load format shall be included which provides: (a) the document number for each image; (b) the full path name(s) of each TIFF that represents an image; (c) the document boundaries for each document; and (d) the load file shall be in the order that appropriately corresponds with each image file.

E. Redaction: For any document with a redaction, no text will be provided for the redacted portion of the document.

## III. FORM OF PRODUCTION – ELECTRONICALLY STORED INFORMATION

A. Pursuant to Rule 26(f)(3)(C) of the Federal Rules of Civil Procedure, the Parties agree that discovery of electronically stored information ("ESI") should be provided in the following format. For static image file formats that exist only as such,

4

they may be produced consistently with the format for the production of paper documents as appropriate.

1.      **Tagged Image File Format (TIFF):** ESI responsive to discovery requests should be imaged and provided as 8.5" x 11", portrait oriented, black-and-white, single-page Group IV TIFFs, 300 dpi, which can be loaded into popular litigation software packages. (The Parties will discuss necessary formatting and resource/vendor requirements as appropriate.) The Parties will accommodate reasonable requests for production of specific images in color. Each TIFF image will be labeled with a production number on the corresponding page. The TIFF file should be named in accordance with the production number (e.g., BATES000001.TIF). The producing Party will provide a document image load file defining document breaks for each set of pages or images produced. For documents with attachments, Beg. Attach and End Attach fields should also be included. TIFF documents will be produced on CD or DVD disks, via secure file transfer protocol, or on portable hard drives.

2.      **Text of Document in Data File:** For each document, the text from the document should be provided in the data file. If applicable, the text of native files should be extracted directly from the native file. For any document with a redaction, no text will be provided for the redacted portion of the document.

3.      **Unique IDs:** Each image should have a unique file name.

4.      **Image Load/Unitization Files:** An image load/unitization file in a standard .opt or .log litigation support image load format shall be included which provides: (a) the document number for each image; (b) the full path name(s) of each TIFF

that represents an image; (c) the document boundaries for each document; and (d) the load file shall be in the order that appropriately corresponds with each image file.

**5. Metadata Fields:** Without prejudice to reasonable requests for production of additional metadata with respect to any specific document or documents, the following metadata will be provided, if it exists, in a ".CSV" file, which contains the metadata fields as a delimited database load file:

<u>For Email</u>:

a. Author or "From"

b. Recipient or "To"

c. CC

d. BCC

e. Subject

f. Date Sent

g. Time Sent

h. MD5 Hash Value

j. Path to OCR or extracted text file

k. Source

l. File Extension

m. File Path

<u>For Electronic Files</u>:

a. File name

b. File size

6

c. Date Created

d. Date Last Modified

e. Author

f. Title (if available)

g. MD5 Hash Value

h. Path to Native File, as applicable

i. Path to OCR or extracted text file

j. Source

k. File Extension

l. File Path

Any metadata pertaining to time/date should be maintained and provided in Coordinated Universal Time (UTC).

**6.** **Native Format:** The Parties shall produce electronically stored information as described in paragraph III.A.1; however, Excel files and CSV files shall be produced in the format which the electronically stored information was originally created. Native Files will be produced together with a placeholder TIFF image. Each TIFF placeholder will contain language indicating that the document is being produced in native format. A relative file path to the native file shall be provided in the metadata database.

**7.** **Databases:** A party may opt to produce responsive information from databases in an alternate form, such as a report or data table.

**8.** **Non-Convertible Files:** Certain types of files such as system, program, and sound files may not be amenable to conversion into anything meaningful in TIFF format.

7

If responsive, these will be produced in the form of a placeholder TIFF image. Other files may not be able to be converted to TIFF due to password protection or corruption (for example). If reasonable efforts to obtain useful TIFF images of such files are unsuccessful and they are determined or reasonably thought to be responsive, these will also be accounted for with a placeholder image. Some examples of file types that may not convert include, but are not limited to, file types with the following extensions: *.exp *.ilk *.res *.trg *.tlh *.idb *.pdb *.pch *.opt *.lib *.cab *.mov *.mp3 *.swf *.psp *.chi *.chm *.com *.dll *.exe *.hlp *.ivi *.ivt *.ix *.msi *.nls *.obj *.ocx *.rmi *.sys *.tmp *.ttf *.vbx *.wav *.wpg *.iso *.pdb *.eps *.mpeg *.mpg *.ram *.rm *.psd *.ai *.aif *.bin *.hqx *.snd *.mpe *.wmv *.wma *.xfd *.db/.

    **9.** **Parent-Child Relationships:** Parent-child relationships (the association between an attachment and its parent document) should be preserved.

    **10.** **Objective Coding Fields:** The Parties will work cooperatively regarding load file formats. The following objective coding fields will be provided in load files to the extent determinable:

        a. Beginning Bates Number as First Bates;

        b. Ending Bates Number as Last Bates;

        c. Beginning Attachment Bates Number as BegAttach;

        d. Ending Attachment Bates Number as EndAttach; and

        e. Source/Custodian (if reasonably available).

    **11.** **De-Duplication**: The Parties will make reasonable efforts to deduplicate ESI files globally (*i.e.*, across custodians) using suitable industry-standard methodology.

8

Case 1:14-cv-00954-LCB-JLW Document 58 Filed 08/14/15 Page 8 of 12

Where deduplication is used, the load file will indicate all of the custodians to whom duplicates of the document belong.

## IV. ELECTRONIC SEARCHES

A. To the extent required by the Federal Rules of Civil Procedure and the Local Rules, the Parties agree to conduct reasonable searches for reasonably accessible sources including, but not limited to, email and non-email electronic documents on active email accounts and archived email accounts stored on active computer networks, desktop computers, laptop computers, servers, hard drives, workstations, and available electronic storage media (such as CDs, DVDs, portable hard drives, and USB drives). In addition, each Party shall provide a list of custodians (specifying the name and position of each custodian) whom such Party believes may possess responsive documents. The Parties shall agree preliminarily upon the custodian lists and agree to update such lists as may become necessary. Moreover, consistent with the Federal and Local Rules, each Party represents that it has taken reasonable steps to preserve reasonably accessible sources of ESI.

Pursuant to Rule 26(b)(2)(B) of the Federal Rules of Civil Procedure, the Parties hereby identify the following inaccessible sources of ESI, without prejudice to either Parties' rights to seek production of any specific ESI in accordance with Rule 26:

a. Backup Tapes, if any;

b. Voicemail, if any;

c. Instant Messaging, except for Instant Messaging that has been logged in the ordinary course of business, if any;

d. Text Messaging, except for Text Messaging that has been logged in the ordinary course of business, if any;

e. Legacy Data, which means and includes documents and data from inactive systems or applications of the Parties; and

f. Residual, fragmented, damaged, permanently deleted, slack, and unallocated data, if any.

**B.     Right to Request Additional Information:** The agreements set forth herein are without prejudice to the right of a Party to request additional information about, or production of additional, ESI, and any objections to such requests for information or production. The Parties will confer in good faith with regard to whether such additional efforts are reasonably required and, if so, who should bear the cost, and reserve all rights to seek Court assistance by motion or otherwise to resolve such disputes if agreement cannot be reached.

**C.     Electronic Search Methodology:** The Parties intend to employ one or more electronic searches to locate responsive ESI. The Parties shall disclose and discuss restrictions as to scope and method which may affect their ability to conduct a complete search of ESI. The Parties will confer regarding the method of searching, and the words, terms, or phrases to be used. Notwithstanding the use of electronic searches, the Parties reserve all rights to produce only non-privileged documents responsive to non-objectionable document requests. In addition to conducting electronic searches, each

Party will contact their own individual custodians or employees whom they have reason to believe may have responsive documents regarding the availability of responsive ESI that may not be located through electronic searches. If additional electronic searches become or appear necessary in the course of discovery, the Parties will meet and confer regarding the scope and extent of any additional searches.

Respectfully submitted this 14th day of August, 2015.

|  |  |
|---|---|
| /s/ Michael Scudder<br>Michael Scudder<br>Skadden, Arps, Slate, Meagher & Flom, LLP<br>155 North Wacker Drive<br>Chicago, IL 60606-1720<br>(312) 407-0877<br>E: michael.scudder@skadden.com | ROY COOPER<br>Attorney General<br><br>/s/ Stephanie Brennan<br>Stephanie Brennan<br>Special Deputy Attorney General<br>NC State Bar No. 35955<br>E: sbrennan@ncdoj.gov |
| /s/ Lisa Gilford<br>Lisa Gilford<br>Skadden, Arps, Slate, Meagher & Flom, LLP<br>300 South Grand Ave.<br>Suite 3400<br>Los Angeles, CA 90071<br>(213) 687-5130<br>E: lisa.gilford@skadden.com | /s/ Matthew Tulchin<br>Matthew Tulchin<br>Assistant Attorney General<br>NC State Bar No. 43921<br>E:mtulchin@ncdoj.gov<br>NC Department of Justice<br>Post Office Box 629<br>Raleigh, NC 27602-0629<br>T: (919) 716-6920 |

*Attorneys for Defendants*

Respectfully submitted this 14th day of August, 2015.

<div style="columns:2">

/s/ Thomas R. McCarthy
Thomas R. McCarthy
Consovoy McCarthy PLLC
3033 Wilson Boulevard, Suite 700
Arlington, Virginia 22201
(703) 243-4923
E: tom@consovoymccarthy.com

/s/ William S. Consovoy
William S. Consovoy
Consovoy McCarthy PLLC
3033 Wilson Boulevard, Suite 700
Arlington, Virginia 22201
(703) 243-4923
E: will@consovoymccarthy.com

/s/ J. Michael Connolly
J. Michael Connolly
Consovoy McCarthy PLLC
3033 Wilson Boulevard, Suite 700
Arlington, Virginia 22201
(703) 243-4923
E: mike@consovoymccarthy.com

/s/ Alan M. Ruley
Alan M. Ruley
N.C. State Bar No. 16407
Bell, Davis & Pitt, P.A.
P.O. Box 21029
Winston Salem, NC 27120-1029
(336) 714-4147
E: aruley@belldavispitt.com

</div>

*Attorneys for Plaintiffs*