IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

STUDENTS FOR FAIR ADMISSIONS, )
INC., )
)
Plaintiffs, )
)
v. ) 1:14-CV-954
)
THE UNIVERSITY OF NORTH )
CAROLINA AT CHAPEL HILL, et al., )
)
Defendants. )

## AMENDED CONFIDENTIALITY AND PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(c), and upon the agreement and stipulation of the parties, the Court finds good cause to issue an Amended Protective Order in this matter, protecting the confidentiality of certain Material (as defined below) that may be produced in the course of this litigation. Accordingly, the Court enters the following Order:

1. **DEFINITIONS**

    1.1 "Material" refers to any document, data compilation, testimony, interrogatory response, response to a request to admit, answer, pleading, filing, or other information in any form produced or disclosed in this action, whether voluntarily or through any means of discovery authorized by law, and whether by a party or non-party to this action.

    1.2 "FERPA" is the Family Educational Right and Privacy Act, 20 U.S.C. § 1232g, and its implementing regulations, 34 C.F.R. pt. 99. The parties acknowledge that FERPA may apply to certain Material that is requested or required to be produced in this litigation. The parties further acknowledge that the parties are obligated to comply with FERPA.

1.3 Material may be deemed "confidential" if (i) it contains or tends to reveal nonpublic information about University personnel; (ii) it is deemed confidential or exempted from the North Carolina Public Records Law, N.C. Gen. Stat. § 132-1 et seq.; (iii) it is protected from public disclosure by any applicable law, regulation, protective order, or non-disclosure agreement; or (iv) other Material as agreed upon by the parties. The following material may be deemed "highly confidential:" (i) Material that is subject to the protections of FERPA; (ii) Material that contains or tends to reveal private information about an applicant or student (as defined in 1.5 and 1.6 herein), including but not limited to, Material contained in "application files" (as defined in 1.4 herein); (iii) contains "personally identifiable information from or about an applicant for admission" to the University; protected from public disclosure pursuant to N.C. Gen. Stat. § 132-1.1; or (iv) other material as agreed upon by the parties.

1.4 "Application file" includes all materials submitted by an applicant for admission to the University or received by the University from a third-party regarding the applicant's application for admission, including but not limited to: (1) the applicant's Common Application or any other application form, essay, transcripts, test scores, extracurricular activities, and class rank; (2) evaluations, assessments, and comments regarding the applicant; (3) letters of recommendation regarding the applicant; and (4) any documents containing an applicant's name, address, social security number, high school or other institution attended, or other personally identifiable information. Such materials may be deemed highly confidential regardless of whether they are subject to FERPA protection.

1.5 "Application Materials" includes Application files, as defined herein, and any and all materials containing, referencing, or evidencing data or applicant information contained or reflected in an Application file. Such materials may be deemed highly confidential regardless of whether they are subject to FERPA protection.

1.6 "Student" shall mean any individual who currently attends or is enrolled at the University or has attended or enrolled at the University.

1.7 "Applicant" means any individual who submitted an application for admission to the University, regardless of whether that person was admitted, denied admission, or placed on a waitlist.

1.8 "Disclosing Party" refers to a party or non-party to this action who produces Material.

1.9 "Receiving Party" refers to a party who receives Material.

1.10 "Requesting Party" refers to a party who has made a discovery request.

2. **SCOPE OF ORDER**

   2.1 Except as the parties may otherwise agree or the Court may order, Material produced in this action, whether or not designated confidential or highly confidential, including any excerpt, analysis, summary, or description of any Material, data derived using any Material or documents based on or generated using any Material, shall be used solely for purposes of the prosecution or defense of this action, including appeals, and for no other purpose.

   2.2 To be subject to the particular confidentiality protections of this Order, Material must (1) be confidential or highly confidential within the meaning of Section 1.3 of this Order; and (2) be designated confidential or highly confidential pursuant to Section 3 of this Order.

   2.3 The protections of this Order shall not apply to Material that, prior to disclosure in this action, was within the actual possession or knowledge of a Receiving Party or was actually public knowledge, provided that the Material did not become public knowledge through an act or omission of a Receiving Party. If and to the extent any party claims that Material was, prior to disclosure in this action, within its actual possession or knowledge, or was public knowledge, the Court shall determine which party has the burden of proving that fact in accordance with applicable law.

3. **DESIGNATION OF MATERIAL AS CONFIDENTIAL**

   3.1 General Provisions

       3.1.1 A Disclosing Party may designate Material as confidential or highly confidential only if the Material (1) is confidential or highly confidential as defined by Section 1.3; and (2) is not excluded from the scope of this Order by Section 2.3.

       3.1.2 Except as otherwise provided in this Order, the designation of Material as confidential or highly confidential should be made prior

to, or contemporaneously with, the production or disclosure of that Material. A Disclosing Party's failure to designate Material as confidential or highly confidential at the time of production or disclosure of the Material does not, however, waive its right later to designate the Material as confidential or highly confidential, and the Disclosing Party may so designate any Material until the close of all discovery, as set by the Court. If Material is designated confidential or highly confidential after that Material has already been disclosed by a Receiving Party to any other person or entity, the Receiving Party that disclosed the previously non-confidential Material shall promptly notify the party to which such Material was disclosed that the Material has been designated confidential or highly confidential, and that the requirements of this Order govern any further or subsequent disclosure of that Material. Such post-disclosure designation shall not impose any obligation, responsibility, or liability on any Receiving Party with respect to any pre-designation dissemination of the Material. However, after such a designation, each Receiving Party shall treat the Material as confidential or highly confidential, according to the designation, and subject to the protections of this Order.

3.2 Methods of Designation

    3.2.1 A Disclosing Party may designate Material as confidential by placing or affixing on the Material in a manner that will not interfere with its legibility the word "CONFIDENTIAL." A Disclosing Party may designate Material as highly confidential by placing or affixing on the Material in a manner that will not interfere with its legibility the words "CONFIDENTIAL; ATTORNEY EYES ONLY."

    3.2.2 If an interrogatory or other discovery request calls for confidential or highly confidential Material, the response may be designated confidential or highly confidential by labeling the response with the words "CONFIDENTIAL" or "CONFIDENTIAL; ATTORNEY EYES ONLY." In the alternative, any confidential or highly confidential portion of the response may be provided in a separate document appended to the main body of the responses and incorporated by reference therein. Under this alternative, the main body of the response to the interrogatory or written discovery request at issue shall state: "Requests confidential information; *see*

response contained in addendum, which response is incorporated herein by reference."

  3.2.3 Transcripts of any depositions in this action shall be treated as confidential until the expiration of 30 days after the court reporter delivers the transcript of the deposition to all counsel who request a copy. If counsel for any party believes that the deposition transcript or a portion thereof is confidential or highly confidential pursuant to Section 1.3, counsel shall, within the 30 day period, designate in writing the specific pages and lines deemed confidential or highly confidential, and shall notify all parties and the court reporter. Unless the deposition testimony is designated confidential or highly confidential within the 30 day period or as otherwise provided in this paragraph, any confidentiality is waived, unless otherwise stipulated or ordered by the Court. Portions of testimony taken during depositions may also be designated confidential or highly confidential by counsel so stating on the record during the deposition, and in such event no further action need be taken to preserve the confidentiality of that portion (or portions) of the transcript.

  3.2.4 When confidential or highly confidential Material is supplied or stored on an electronic, digital, or magnetic medium, the confidential designation shall be made, to the extent physically possible, on the medium itself (such as on a label attached to a disk), on the sleeve, envelope, box, or other container of the medium, and within the medium itself in a manner that immediately and consistently informs those persons who access the medium that they have accessed Material that is restricted from disclosure. This provision shall not require the parties to protect against disclosure to persons within their own organizations or those of their counsel actually involved in the defense or prosecution of the action, and the usual computer network safeguards preventing access beyond those individuals will be deemed sufficient.

3.3 Challenges to Confidentiality Designations

  3.3.1 A Receiving Party may challenge a confidentiality designation of a Designating Party by objecting to the confidentiality designation in a letter to the Designating Party. Any such objection must be faxed or

emailed to the Designating Party within a reasonable time after the confidentiality designation at issue is made. The Designating Party and the Receiving Party who objects to the confidentiality designation then must engage in a conference to address and if possible resolve the objection to the confidentiality designation. If the Designating Party and the Receiving Party are unable to resolve the dispute regarding the confidentiality designation, the Receiving Party may make an appropriate motion in the Court challenging the designation. If and to the extent a Receiving Party challenges the confidentiality designation of a Designating Party, the Court shall determine which party has the burden of proof in accordance with applicable law.

    3.3.2 Pending an agreement resolving a challenge to a confidentiality designation under Section 3.3.1, or a ruling on a motion under Section 3.3.1, the Material in question shall be treated as confidential or highly confidential and subject to the protections of this Order.

## 4. DISCLOSURE, USE, AND HANDLING OF MATERIAL DESIGNATED AS CONFIDENTIAL

    4.1 Use and Handling of Confidential Material

        4.1.1 Pursuant to Section 2.1, Material designated as confidential or highly confidential by a Designating Party shall not be used or disclosed by any Receiving Party or its counsel for any purpose other than the prosecution or defense of this action, including appeals. This Order's restrictions on the dissemination of confidential or highly confidential Material apply with equal force to any excerpt, analysis, summary, or description of the confidential or highly confidential Material, as well as any brief, pleading, filing, exhibit, transcript, or other document containing or tending to reveal such confidential or highly confidential Material.

        4.1.2 Except as provided in Section 4.2, counsel for any Receiving Party shall keep all Materials designated as confidential or highly confidential within his or her exclusive possession and in a secure area.

        4.1.3 Except upon the Designating Party's consent to the filing in the Court of Material that has been designated confidential or highly

- 6 -

Case 1:14-cv-00954-LCB-JLW   Document 61   Filed 09/01/15   Page 6 of 16

confidential, a party wishing to file with the Court any paper or matter that contains or tends to reveal confidential Material shall file such material pursuant to the procedures of Local Rule 5.4.

4.1.4 All copies, duplicates, extracts, summaries, or descriptions (collectively, "copies") of Materials designated as confidential or highly confidential, or any portion thereof, shall immediately be affixed with the words "CONFIDENTIAL" or "CONFIDENTIAL; ATTORNEY EYES ONLY" if those words do not already appear on the copies.

4.1.5 Nothing in this Order shall prohibit the parties or their counsel from transmitting confidential or highly confidential Materials through the mail, by other common carrier, or by non-public telephonic transmission or email, so long as the transmission is for purposes of this litigation. However, under no circumstances may material designated as confidential or highly confidential be posted on a publicly-available Internet web site.

4.1.6 Material designated as confidential or highly confidential shall not lose its protected status through disclosure, either intentionally or inadvertently, by a Receiving Party. In the event of such a disclosure, the parties shall take all steps reasonably required to assure the continued confidentiality of the Material.

4.1.7 At the conclusion of the litigation, all Material designated as confidential or highly confidential under this Order and not received in evidence or contained in papers filed with the Court shall be returned to the Disclosing Party. If the Disclosing Party agrees in writing, the Material may be destroyed; in that event, counsel for the Receiving Party shall certify in writing that all Material designated as confidential or highly confidential under this Order and not received in evidence or contained in papers filed with the Court has been destroyed.

4.2 Permitted Disclosures

Other than as provided in Section 4.1.3, disclosure of Material designated as confidential or highly confidential may be made only in the following circumstances:

4.2.1 Unless otherwise prohibited by this Protective Order, confidential Material may be disclosed to named parties to this litigation, to their counsel, and to the employees and agents of counsel who have working responsibilities in connection with this litigation. Any employee or agent to whom a disclosure is made pursuant to the preceding sentence shall be advised of, and shall agree to be bound by, the provisions of this Order requiring that the Materials be held in confidence.

4.2.2 Confidential Material may be disclosed to: a) present or former officers, directors, partners, and employees of a party to this litigation; b) agents of a party to this litigation who have working responsibilities in connection with this litigation; and c) to a deponent or trial witness if it appears that the witness authored or received a copy of it. Any present or former officer, director, partner, employee, or agent to whom a disclosure is made pursuant to the preceding sentence shall be advised of the provisions of this Order. Confidential Material also may be disclosed to non-party experts, pursuant to Section 4.2.5, to court reporters and copy services, pursuant to Section 4.2.4, and to the Court, pursuant to Section 4.1.3.

4.2.3 Highly confidential material may be disclosed only to: a) counsel for the parties; b) to the employees and agents of counsel who have working responsibilities in connection with this litigation; and c) to a deponent or trial witness if it appears that the witness authored or received a copy of it. Any employee or agent to whom a disclosure is made pursuant to the preceding sentence shall be advised of the provisions of this Order requiring that the Materials be held in confidence. Highly confidential Material also may be disclosed to non-party experts, pursuant to Section 4.2.5, to court reporters and copy services, pursuant to Section 4.2.4, and to the Court, pursuant to Section 4.1.3. Absent an Order of the Court or the agreement of the Disclosing Party, materials designated as highly confidential shall not be disclosed to any other person or entity, including the parties themselves.

4.2.4 Confidential and highly confidential Material may be disclosed to court reporters engaged for depositions, and to those persons, if any, specifically engaged for the limited purpose of providing litigation

support (*e.g.*, making copies of Materials). Prior to disclosure to any such persons, such persons must first be informed of, and agree to be bound by, the terms of this Order.

    4.2.5  Confidential and highly confidential Material may be disclosed to non-party consultants, investigators, and experts (along with any person assisting them) (collectively, "experts") who are employed by counsel for the parties for the sole purpose of assisting in the preparation and trial of the lawsuit, provided that such experts are first advised of, and agree in writing to be bound by, the provisions of this Order. Experts shall be provided with a copy of the Order and sign the Third Party Acknowledgement attached hereto as Exhibit A. Counsel of record shall keep copies of all signed Exhibit A acknowledgments for all Third parties to whom confidential and highly confidential Material is disclosed. In addition to any other relief provided in this Order or available by law, if an expert is shown to have violated the terms of this Order at any time, he or she may be subject to being held in contempt by this Court.

           Experts are prohibited from using any Material produced in this litigation for any other purpose than assisting in the preparation and trial of the lawsuit. Experts may not use Material or any compilation or reports made from reviewing Material to support activities not related to the lawsuit, including but not limited to scholarship, articles, and for promotional purposes.

    4.2.6  Disclosure of confidential and highly confidential Material shall not be made in open court, except as follows: If a party intends to disclose confidential or highly confidential Material, and has not otherwise provided notice to the other parties of this intention in a writing filed with the Court and served on all parties, then the party intending to disclose the confidential or highly confidential Material shall provide reasonable notice of this intention to the other parties to this litigation prior to disclosure at trial or a hearing. Prior to disclosure at trial or a hearing of materials or information designated confidential or highly confidential, the parties may seek further protections against public disclosure from the Court.

4.3    Unauthorized Disclosures

Case 1:14-cv-00954-LCB-JLW   Document 61   Filed 09/01/15   Page 9 of 16

4.3.1 If a Party learns that, by inadvertence or otherwise, it has disclosed confidential or highly confidential Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the confidential or Highly Confidential Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

4.3.2 In the event that any person or party should violate the terms of this Protective Order, the aggrieved Disclosing Party should apply to the Court to obtain relief against any such person or party violating or threatening to violate any of the terms of this Protective Order.

## 5. THIRD PARTIES

5.1 If any person or entity who is not a party to this litigation (a "third party") receives a subpoena or request for the production of Material from any party in connection with this litigation, and the Material so subpoenaed or requested (1) is confidential or highly confidential, as defined by Section 1.3, and (2) is not excluded from the scope of this Order by Section 2.3, the third party may execute a copy of this Order by executing the Third-Party Endorsement of Agreed Confidentiality Order (the "Third-Party Endorsement") that appears as Exhibit A hereto, and thereafter make any appropriate designations pursuant to Section 3 of this Order. By executing the Third-Party Endorsement, the third party agrees to comply with the terms and conditions of this Order, and submits to the jurisdiction of the Court for purposes of enforcing this Order. If the third party executes the Third-Party Endorsement, he, she, or it shall promptly serve the executed Endorsement on all parties to the litigation.

5.2 If any party issues a subpoena for documents or information to any third party in connection with this litigation, the party issuing the subpoena shall serve a copy of this Order on the third party, together with the subpoena, in order to allow the third party to execute the Third-Party Endorsement (if the third party so chooses) and thereafter avail him-, her-, or itself of the protections provided by the Order. Furthermore, any party that has issued a

subpoena to any third party in connection with this litigation prior to entry of this Order shall serve, within 14 days after entry of this Order, a copy of this Order on all third parties on which the party served a subpoena, in order to allow such third parties to execute the Third-Party Endorsement, if they so choose.

5.3 If any third party demands by subpoena or other compulsory process the production of confidential or highly confidential Material from a Receiving Party, the Receiving Party served with the third-party subpoena or compulsory process shall immediately notify the Designating Party that designated the subject Material confidential or highly confidential of the subpoena or compulsory process. This notice shall be both written (by facsimile and mail) and oral (by telephone). In no event shall production or disclosure of the confidential or highly confidential Material be made, unless required by law. The purpose of this paragraph is to provide the Designating Party the opportunity to seek to intervene, at its own expense, to object to the production of confidential or highly confidential Material pursuant to any such subpoena or compulsory process.

5.4 In the event any additional person or entity joins or is joined in the litigation as a party, that party shall not have access to Material designated as confidential or highly confidential unless the newly-joined party, through its counsel, first executes and files with the Court its agreement to be bound by the terms of this agreed Order.

## 6. PRODUCTION OF APPLICATION MATERIALS

6.1 Application Materials shall be deemed highly confidential pursuant to Section 3.

6.2 Prior to the production of any Application Materials, Defendants shall take any steps required by FERPA or N.C. Gen. Stat. § 132-1.1(f).

6.3 Plaintiff, its counsel, agents, and experts shall not attempt to identify or learn or verify the name, Social Security number, date of birth, street address, email address, telephone number, or other contact information of any UNC students or applicants, or their family members, who are not members of SFFA from any Material unless Plaintiff demonstrates that it requires this information to support its claims or defenses. Plaintiff may not use Material in connection with contacting any UNC students or applicants unless Plaintiff demonstrates that it must do so to support its claims or

defenses. In the event Plaintiff asserts it must (a) identify or learn or verify the name, date of birth, street address, email address, telephone number, or other contact information of any UNC students or applicants, or their family members, who are not members of SFFA from any Material in order to support its claims or defenses, or (b) use Material to contact any UNC students or applicants in order to support its claims or defenses, the Parties shall confer in good faith ten (10) days after Plaintiff notifies Defendants that it requires this information. If the Parties are unable to reach an agreement, Plaintiff may make an appropriate application to the Court. During the pendency of any such application, Plaintiff, its counsel, agents, and experts shall not (i) attempt to identify or learn or verify the name, date of birth, street address, email address, telephone number, or other contact information of any UNC students or applicants, or their family members, who are not members of SFFA from any Material, or (ii) use information learned from any Material to contact any UNC students or applicants. Nothing in this Order prevents Plaintiff, its counsel, agents, and experts from contacting or being contacted by UNC students or applicants using means other than Material.

6.4 Any Application Materials produced in this action shall be used for the sole purpose of litigating this action and shall not be used or disclosed, directly or indirectly, for any other purpose whatsoever.

7. **OTHER PROVISIONS**

    7.1 A Disclosing Party that designates Material it has created as confidential or highly confidential may continue to use that Material in any way consistent with the terms of this Order, including in the ordinary course of business, provided that the contents of Material so designated do not become public as a result of such use.

    7.2 If Material that is requested in discovery is subject to a claim of attorney-client privilege, attorney work product, or any other ground on which production of such material or information should not be made to any party (collectively, "privilege"), and such privileged Material is inadvertently produced in the course of the litigation, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, the claimed privilege. If a claim of inadvertent production is made with respect to Material then in the custody of a Receiving Party, the Receiving Party shall promptly return to the Disclosing Party the Material as to which the claim

of inadvertent production has been made, and the Receiving Party shall not use the Material for any purpose until further order of the Court. The Receiving Party in such a situation may file a motion disputing the claim of privilege, and seeking an order compelling production of the Material at issue; the Disclosing Party may oppose any such motion, including on the grounds that inadvertent disclosure does not waive any privilege.

7.3 This Order shall not prevent any party from applying to the Court for further or additional protective orders, or from agreeing with the other parties to modify this Order, subject to the approval of the Court.

7.4 This Order shall not preclude any party from enforcing its rights against any other party, or any non-party, believed to be violating its rights under this Order.

7.5 In addition to such other remedies as may be available at law or in equity, violation of the terms of this Order may constitute a contempt of this Court, which may result in the imposition of sanctions, including, *inter alia*, an award of damages, costs, attorneys' fees, fines, and any other appropriate relief.

SO ORDERED.

This, the 1st day of September, 2015

_____
Joe L. Webster
United States Magistrate Judge

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| STUDENTS FOR FAIR ADMISSIONS, INC., | ) ) Case No. ) 1:14-CV-954 |
| Plaintiffs, | ) ) |
| v. | ) ) |
| THE UNIVERSITY OF NORTH CAROLINA AT CHAPEL HILL, et al., | ) ) ) |
| Defendants. | ) ) ) ) |

## THIRD-PARTY ENDORSEMENT OF AGREED CONFIDENTIALITY ORDER

1. Third-party _____, hereby (i) consents to the terms and conditions of the Agreed Confidentiality and Protective Order (the "Order"), as entered by the Court, and (ii) consents to the jurisdiction of the Court for purposes of enforcing the terms of the Order.

2. By executing this Third-Party Endorsement, the third-party agrees to abide by the terms and conditions of the Order.

3. The terms used in this Third-Party Endorsement have the same meanings as set forth in the Order.

Name: _____
Street Address: _____
City, State, ZIP: _____
Telephone: _____
Facsimile: _____
Counsel for Third Party: _____
Dated: _____

Signature: _____