# UNITED STATES DISTRICT COURT FOR
# THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| STUDENTS FOR FAIR ADMISSIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> THE UNIVERSITY OF NORTH CAROLINA AT CHAPEL HILL, et al., <br><br> Defendants. | Civil Action No. 1:14-cv-954-LCB-JLW |

## PROPOSED INTERVENORS' NOTICE OF PENDING MOTION

Proposed Intervenors submit this notice to advise the Court that their Motion to Intervene in Defense of the University of North Carolina at Chapel Hill's Admissions Policy ("Motion") is ripe for review.

Briefing on the Motion was completed as of August 7, 2015. *See* ECF Nos. 39, 50, 51, and 56. On October 1, 2015, this Court granted a Partial Stay of Proceedings pending a decision by the Supreme Court in *Fisher v. University of Texas at Austin*, No. 14-981 (ECF No. 65). On June 23, 2016, the Supreme Court ruled in that case, upholding the admissions process used by the University of Texas at Austin. *Fisher v. Univ. of Texas at Austin*, No. 14-981, 2016 WL 3434399 (June 23, 2016) (*Fisher II*).

Proposed Intervenors respectfully submit that the Supreme Court's recent ruling in *Fisher II* further supports their Motion. As set forth in detail in their briefing, Proposed Intervenors seek to intervene in order to ensure the development of the evidentiary record on which the Court will rely in deciding this case. Specifically, Proposed Intervenors

seek to present fact and expert evidence on the history of segregation and discrimination at UNC-Chapel Hill and in North Carolina and the effect of admissions processes on the critical mass of diverse students at UNC-Chapel Hill, evidence that is critical to establish the validity of its admissions policy.

*Fisher II* repeatedly emphasized the need for the rigorous development of a factual record in a case challenging an educational institution's consideration of race in its admissions process. *See, e.g.*, *id.* at *8 (discussing difficulty of evaluating plan considering that record is "almost devoid of information about students who secured admission to the University"); *id*. at *9 (stating that University must engage in "regular evaluation of data and consideration of student experience" and noting that "[t]he type of data collected, and the manner in which it is considered, will have a significant bearing on how the University must shape its admissions policy"). It is precisely this evidence which Proposed Intervenors seek to ensure is entered into the record in this case.

As described in Proposed Intervenors' briefing, there is good cause to believe that Defendants, for institutional reasons, might fail to adequately develop and present the type and breadth of evidence necessary for the court to conduct the review required under *Fisher II*. The proposed intervention will ensure that, consistent with the Supreme Court's guidance, the record includes all evidence justifying the validity of, and the need for, the consideration of race in UNC-Chapel Hill's admissions process.

The significance placed on the evidentiary record in *Fisher II* further demonstrates that Proposed Intervenors' motion is distinct from the intervention sought, but denied, in

2

*Students for Fair Admissions, Inc. v. President and Fellows of Harvard Coll.*, 807 F.3d 472 (1st Cir. 2015) (submitted by Plaintiff as Subsequently Decided Authority (ECF No. 66)). In contrast to the *Harvard* case, Proposed Intervenors here are seeking limited participation in the litigation to protect a clear, specifically-defined interest—namely, to ensure that a comprehensive record is developed, the importance of which *Fisher II* has confirmed and further emphasized.

Also helpful to this Court is the Fifth Circuit's recent decision in *Texas v. United States*, 805 F.3d 653 (5th Cir. 2015), which found that the intended beneficiaries of a challenged federal policy had a sufficiently "concrete, personalized, and legally protectable" interest to justify intervention, and found that they demonstrated adversity of interest sufficient to justify overcoming both the "ultimate objective" and the "government-representative" presumptions. *Id.* at 658-60, 661-63 (relying extensively on *Brumfield v. Dodd*, 749 F.3d 339 (5th Cir. 2014), a case discussed by Proposed Intervenors and never addressed by Plaintiff or Defendants).

Proposed Intervenors also note that the proposed intervention will not prejudice any other party, given that the parties have jointly suggested that the nine-month discovery period ordered by this Court, *see* Order (ECF No. 34), be extended to seventeen months. *See* Joint Proposal on the Course of Continued Proceedings (ECF No. 69). Given this lengthy period for discovery, it is clear that permitting Proposed Intervenors to protect their interests by submitting evidence on two narrow issues will

3

cause no prejudice to the existing parties or otherwise impede the ability of this case to proceed in a timely fashion.

Dated: July 15, 2016

Respectfully submitted,

/s/ Reed N. Colfax
Reed N. Colfax*
Laura Gaztambide-Arandes*
RELMAN, DANE & COLFAX PLLC
1225 19th Street NW, Suite 600
Washington, DC 20036
rcolfax@relmanlaw.com
larandes@relmanlaw.com
Tel: (202) 728-1888

/s/ Jack Holtzman
Jack Holtzman, N.C. Bar No. 13548
NORTH CAROLINA JUSTICE CENTER
224 South Dawson Street
Raleigh, NC 27601
jack@ncjustice.org
Tel: (919) 856-2165

/s/ Jon M. Greenbaum
Jon M. Greenbaum*
LAWYERS' COMMITTEE FOR CIVIL
RIGHTS UNDER LAW
1401 New York Avenue NW, Suite 400
Washington, DC 20005
jgreenbaum@lawyerscommittee.org
Tel: (202) 662-8600

ATTORNEYS FOR PROPOSED
DEFENDANT-INTERVENORS

*Special Appearance*

## **CERTIFICATE OF SERVICE**

In accordance with Local Rule 5.3(b)(2), I hereby certify that this document filed through the CM-ECF system on July 15, 2016 will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/ Reed N. Colfax
Reed N. Colfax
