# Exhibit B

```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS


* * * * * * * * * * * * * *
STUDENTS FOR FAIR              *
ADMISSIONS, INC.,              *
        Plaintiff,             *
                               *
              vs.              *      CIVIL ACTION
                               *      No. 14-14176-ADB
PRESIDENT AND FELLOWS OF       *
HARVARD COLLEGE, et al,        *
        Defendants.            *
* * * * * * * * * * * * * *

         BEFORE THE HONORABLE ALLISON D. BURROUGHS
                UNITED STATES DISTRICT JUDGE
                    STATUS CONFERENCE
```

A P P E A R A N C E S

```
         CONSOVOY McCARTHY PARK PLLC
         Ten Post Office Square, 8th Floor
         Boston, Massachusetts 02109
         for the plaintiff
         By: Patrick Strawbridge, Esq.



         WILMER CUTLER PICKERING HALE and DORR LLP (Bos)
         60 State Street
         Boston, Massachusetts 02109
         for the defendants
         By: Felicia H. Ellsworth, Esq.




                                    Courtroom No. 17
                                    Robing Room
                                    John J. Moakley Courthouse
                                    1 Courthouse Way
                                    Boston, Massachusetts 02210
                                    September 6, 2016
                                    9:30 a.m.
```

So going backwards it is, it's not just the push of a button but it is a similar format. Some of the fields won't exist in earlier years, right. Some things were added. Some field names might change but it is easier to go backwards than forward from the administrative --

**THE COURT:** So how about this as a compromise. I give you the eight years but only make them go backwards --

**MR. STRAWBRIDGE:** That's fine with us. I suppose, I think Harvard had more of an interest in having a more recent year but I think we view pre-employment (ph.) years as more probative anyway.

**MS. ELLSWORTH:** We're certainly happy to go backwards. We still think eight is too many and we suggest maybe doing individualized data fields for whatever number of years you might honor and then some -- that you order, excuse me, and some aggregate data back, further back, back eight years. I'm not sure why we need a line item for each --

**THE COURT:** I'm definitely going back to six because *Fisher* says three isn't enough and, so it's not going to be, it's going to be between six and eight but what about that six years going backwards with the aggregate data for the seventh and eighth years?

**MR. STRAWBRIDGE:** Obviously we prefer eight

```
1    but six years going backwards is certainly a good start.  I
2    guess --
3                 THE COURT:  All right.  Let's do this.  Six
4    years going backwards, aggregate data for seven and eight.
5    If there is anything in the aggregate data that looks
6    anomalous to you, you can raise it and we'll see about
7    digging deeper into that, okay.
8                 MR. STRAWBRIDGE:  Okay.  So just to make sure
9    I understand, we're talking about the six years prior to the
10   years that they've already produced?
11                THE COURT:  They produced the two most recent
12   years, right?
13                MR. STRAWBRIDGE:  Right.
14                THE COURT:  So six years prior, so four years
15   complete data prior and then two years of aggregate data.
16                MR. STRAWBRIDGE:  Okay.
17                MS. ELLSWORTH:  So we're producing four more
18   years going backwards?
19                THE COURT:  Yes.
20                MS. ELLSWORTH:  And then for aggregate data --
21                THE COURT:  So you guys can sort out aggregate
22   data.  And if it ends up being easier for you to produce all
23   six years in the same way, that's fine too.  But I do have
24   concerns about, you know, there is a view, even a view in my
25   chambers that, you know, two complete four-year cycles is
```