# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
### CASE NO. 1:14-CV-954

**STUDENTS FOR FAIR ADMISSIONS, INC.,**

                **Plaintiff,**

    **v.**

**UNIVERSITY OF NORTH CAROLINA et al.,**

                **Defendants.**

## DEFENDANTS' RESPONSES AND OBJECTIONS
## TO PLAINTIFF'S FIRST SET OF DOCUMENT REQUESTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, and the Local Rules of the Middle District of North Carolina, Defendants hereby respond and object to Plaintiff Students for Fair Admissions, Inc.'s First Request for Production of Documents (the "Requests").

## GENERAL OBJECTIONS

Defendants assert the following General Objections. Each individual response to the Requests is subject to, and is limited in accordance with, the following General Objections, which are incorporated therein as if fully set forth and are not waived, or in any way limited by, the Specific Objections and Responses.

**EXHIBIT D**

1.      Defendants object to the Requests to the extent that they, or the definitions and instructions related thereto, purport to impose any obligation on Defendants in excess of the requirements set forth in the Federal Rules of Civil Procedure, the Local Rules of the Middle District of North Carolina, or any other statute, rule, or order applicable to this action.

2.      Defendants object to the Requests to the extent that they, or the definitions and instructions related thereto, purport to require Defendants to produce information that is protected from disclosure by the attorney-client privilege, the joint defense privilege, the attorney work product doctrine, or any other applicable privilege or immunity under federal or state statutory, constitutional, or common law (collectively "privilege"), and state that Defendants will not produce documents protected by any such privilege. Nothing contained in these responses is intended to be, or should be construed as, a waiver of any privilege.

3.      Defendants object to the Requests to the extent that they, or the definitions and instructions related thereto, purport to require Defendants to produce documents protected from disclosure by the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g ("FERPA"), the North Carolina General Statutes, N.C.G.S. § 132-1.1(f), or any other law, regulation, order or non-disclosure agreement; or documents that contain or tend to reveal private information about an applicant to or student of, The University of North Carolina at Chapel Hill.  Defendants will produce such documents only to the extent that they are relevant to any claim or defense in this action, and only pursuant to a

2

court order, the entry of a protective order, and the provision of notice as required under FERPA.

4.      Defendants object to the Requests to the extent that they, or the definitions and instructions related thereto, contain vague, ambiguous, undefined, or argumentative terms.

5.      Defendants object to the Requests to the extent that they, or the definitions and instructions related thereto, are not limited by an appropriate time period on grounds that such requests are overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving that objection, and unless otherwise specified in these responses, Defendants will provide documents in response to the Requests from the time period covering the 2013-2014 and 2014-2015 admissions cycles.

6.      Defendants object to the Requests to the extent that they, or the definitions and instructions related thereto, purport to require Defendants to produce documents (i) not in Defendants' actual possession, custody, or control or (ii) held by any person or entity other than Defendants on grounds that such requests are overbroad and unduly burdensome. Defendants will produce only documents within the "possession, custody, or control" of Defendants within the meaning of Rule 34(a) of the Federal Rules of Civil Procedure. Defendants will conduct a reasonable search and, subject to and without waiving its general and specific objections, will produce responsive, non-privileged information.

7.     Defendants object to the Requests to the extent that they, or the definitions and instructions related thereto, are in any other respect overbroad, unduly burdensome, cumulative, premature, or not reasonably calculated to lead to the discovery of admissible evidence.

8.     Defendants object to the Requests to the extent that they, or the definitions and instructions related thereto, seek documents that are in the public domain and/or are already in Plaintiff's possession.

9.     Defendants object to the Requests to the extent that they, or the definitions and instructions related thereto, call for the production of opinions regarding facts or the application of law to facts and are therefore premature.

10.     Defendants reserve the right to supplement or amend any of their responses to the Requests, and object to the admissibility of any documents or information produced in response to the Requests.  Defendants submit these responses without conceding the relevancy, materiality, or admissibility of the subject matter of any document or information produced in response to the Requests.

11.     Defendants object to the Requests (including the instructions and definitions contained therein) to the extent that the Requests purport to require Defendants to produce information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity under federal or state statutory, constitutional, or common law (collectively, "privilege").  Nothing contained in these responses is intended to be, nor should be

4

construed as, a waiver of any privilege. To the extent that any information properly subject to any such privilege is inadvertently produced, such inadvertent production is not intended to be, nor should be construed as, a waiver of such privilege. Defendants the right to object at any time before or at trial to the introduction or the use of any privileged information or documents that are revealed or produced inadvertently.

12.     These responses and objections are made with the understanding that the parties will continue the meet and confer process that they have been engaged in. Defendants reserve the right to modify the responses, if necessary.

13.     Defendants reserve the right to assert additional objections to the Requests, or any other requests for documents or information, if such objections become apparent in the future.

14.     All defined terms have the same meaning as used by Plaintiff in its First Interrogatories unless otherwise defined herein.

## SPECIFIC RESPONSES AND OBJECTIONS

Subject to and without waiving any of their General Objections, and incorporating the General Objections into each response below, Defendants respond and object to the individual Requests as follows.

## REQUEST NO. 1

All Electronic Databases from any time that include information concerning UNC-CH early action applications, early action admissions, other freshman applications, other freshman admissions, transfer

5

applications, transfer admissions, freshman enrollment, and total undergraduate enrollment.

## RESPONSE TO REQUEST NO. 1

Defendants object to Request No. 1 as overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent the requested databases contain information protected from disclosure by law. Subject to and without waiving the foregoing objections and the General Objections, Defendants will produce responsive documents kept in the ordinary course of business (redacted to protect applicant privacy) reflecting data of freshman applicants to UNC-CH during the 2013-2014 and 2014-2015 admissions cycles.

## REQUEST NO. 2

For any Electronic Database responsive to Request No. 1, provide any guide to data entry, codebook, key, manual, sorting capabilities, or data dictionary containing explanations or other information on the content or makeup of the data, variables, and observations in such Electronic Databases.

## RESPONSE TO REQUEST NO. 2

Defendants object to Request No. 2 as overbroad and unduly burdensome. Subject to and without waiving the foregoing objections and the General Objections, Defendants will produce non-privileged, responsive documents related to the documents produced in response to Request No. 1 to the extent that they exist and can be located after a reasonable search.

6

## REQUEST NO. 3

Documents sufficient to show the fields or variables included within the Electronic Databases responsive to Request No. 1.

## RESPONSE TO REQUEST NO. 3

Defendants object to Request No. 3 as overbroad and unduly burdensome. Subject to and without waiving the foregoing objections and the General Objections, Defendants will produce non-privileged, responsive documents related to the documents produced in response to Request No. 1 to the extent that they exist and can be located after a reasonable search.

## REQUEST NO. 4

All Printed Databases from the Relevant Period that include any information concerning UNC-CH early action applications, early action admissions, other freshman applications, other freshman admissions, transfer applications, transfer admissions, freshman enrollment, and total undergraduate enrollment.

## RESPONSE TO REQUEST NO. 4

Defendants object to Request No. 4 as overbroad and unduly burdensome. Subject to and without waiving the foregoing objections and the General Objections, to Defendants' knowledge, they are not in possession of any documents responsive to this Request as no Printed Databases exist for the Relevant Period.

## REQUEST NO. 5

For any Printed Database responsive to Request No. 4, provide any guide to data entry, codebook, key, manual, or data dictionary containing explanations or other information on the content or makeup of the data, variables, and observations in such Printed Databases.

7

**RESPONSE TO REQUEST NO. 5**

Defendants object to Request No. 5 as overbroad and unduly burdensome. Subject to and without waiving the foregoing objections and the General Objections, to Defendants' knowledge, they are not in possession of any documents responsive to this Request as no Printed Databases exist for the Relevant Period.

**REQUEST NO. 6**

Documents sufficient to show the fields or variables included within the Printed Databases responsive to Request No. 4.

**RESPONSE TO REQUEST NO. 6**

Defendants object to Request No. 6 as overbroad and unduly burdensome. Subject to and without waiving the foregoing objections and the General Objections, to Defendants' knowledge, they are not in possession of any documents responsive to this Request as no Printed Databases exist for the Relevant Period.

**REQUEST NO. 7**

Any guide to data entry, codebook, key, manual, sorting capabilities, or data dictionary containing explanations or other information on the content or makeup of the data, variables, and observations in any Electronic Database that includes information from any time concerning the academic performance of any enrolled student at UNC-CH.

**RESPONSE TO REQUEST NO. 7**

In addition to the General Objections, Defendants object to Request No. 7 as overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the

discovery of admissible evidence.  Defendants will not produce documents in response to this Request.

## REQUEST NO. 8

Documents sufficient to show the fields or variables included within the Electronic Databases responsive to Request No. 7.

## RESPONSE TO REQUEST NO. 8

In addition to the General Objections, Defendants incorporate the objections made to Request No. 7.  Defendants will not produce documents in response to this Request.

## REQUEST NO. 9

Any guide to data entry, codebook, key, manual, or data dictionary containing explanations or other information on the content or makeup of the data, variables, and observations in any Printed Database that includes information from any time concerning the academic performance of any enrolled student at UNC-CH.

## RESPONSE TO REQUEST NO. 9

Defendants object to Request No. 9 as overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing objections and the General Objections, to Defendants' knowledge, they are not in possession of any documents responsive to this Request as no Printed Databases exist.

## REQUEST NO. 10

Documents sufficient to show the fields or variables included within the Electronic Databases responsive to Request No. 9.

**RESPONSE TO REQUEST NO. 10**

In addition to the General Objections, Defendants object to Request No. 10 as being duplicative of Request No. 8. Defendants will not produce documents in response to this Request.

**REQUEST NO. 11**

Any guide to data entry, codebook, key, manual, sorting capabilities, or data dictionary containing explanations or other information on the content or makeup of the data, variables, and observations in any Electronic Database that includes information from any time specifically concerning the academic performance of any enrolled Underrepresented Minority student at UNC-CH.

**RESPONSE TO REQUEST NO. 11**

In addition to the General Objections, Defendants object to Request No. 11 as overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendants will not produce documents in response to this Request.

**REQUEST NO. 12**

Documents sufficient to show the fields or variables included within the Electronic Databases responsive to Request No. 11.

**RESPONSE TO REQUEST NO. 12**

In addition to the General Objections, Defendants incorporate the objections made to Request No. 11. Defendants will not produce documents in response to this Request.

Case 1:14-cv-00954-LCB-JLW   Document 88-4   Filed 06/09/17   Page 10 of 27

**REQUEST NO. 13**

Any guide to data entry, codebook, key, manual, or data dictionary containing explanations or other information on the content or makeup of the data, variables, and observations in any Printed Database that includes information from any time specifically concerning the academic performance of any enrolled Underrepresented Minority student at UNC-CH.

**RESPONSE TO REQUEST NO. 13**

Defendants object to Request No. 13 as overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections and the General Objections, to Defendants' knowledge, they are not in possession of any documents responsive to this Request as no Printed Databases exist for the Relevant Period.

**REQUEST NO. 14**

Documents sufficient to show the fields or variables included within the Electronic Databases responsive to Request No. 13.

**RESPONSE TO REQUEST NO. 14**

In addition to the General Objections, Defendants object to Request No. 14 as duplicative of Request No. 11. To the extent Plaintiff seeks documents related to the Printed Databases referenced in Request No. 13, subject to and without waiving the foregoing objections and the General Objections, to Defendants' knowledge, they are not in possession of any documents responsive to this Request as no Printed Databases exist for the Relevant Period.

Case 1:14-cv-00954-LCB-JLW   Document 88-4   Filed 06/09/17   Page 11 of 27

**REQUEST NO. 15**

All documents from the Relevant Period prepared by You concerning the racial composition of the pool of applicants, admitted persons, or enrollees to UNC-CH.

**RESPONSE TO REQUEST NO. 15**

Defendants object to Request No. 15 as overbroad and unduly burdensome.

Subject to and without waiving the foregoing objections and the General Objections,

Defendants will produce non-privileged, responsive documents relating to the 2013-2014

and 2014-2015 admissions cycles to the extent that they exist and can be located after a

reasonable search.

**REQUEST NO. 16**

Documents sufficient to show all of Your employees (current and former) within the Office of Undergraduate Admissions and any other UNC-CH office that plays a role in formulating or implementing policies relating to undergraduate admissions during the Relevant Period, including each employee's title, responsibilities within the admissions office, race, and, if applicable, the number of admissions files each employee reviews annually, any geographic area of responsibility, and any other basis for assigning responsibility for review of any application.

**RESPONSE TO REQUEST NO. 16**

Defendants object to Request No. 16 as overly broad, unduly burdensome,

irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections and the General Objections,

Defendants will produce Admissions Office organizational charts relating to the 2013-

2014 and 2014-2015 admissions cycles.

**REQUEST NO. 17**

      All training manuals or other formal instructional materials from any time used to train or guide UNC-CH personnel on how to perform admissions tasks, including the evaluation of admissions files, the preparation of admissions reports, outreach activities, and recruitment activities.

**RESPONSE TO REQUEST NO. 17**

      Defendants object to Request No. 17 as vague, overbroad, and unduly burdensome. Subject to and without waiving the foregoing objections and the General Objections, Defendants will produce responsive training manuals and other formal instructional materials used to train or guide UNC-CH personnel on how to evaluate first-year undergraduate admissions files for the 2013-2014 and 2014-2015 admissions cycles to the extent they exist and can be located after a reasonable search.

**REQUEST NO. 18**

      Documents sufficient to show the names of any alumni or other individuals outside of UNC-CH who assist with Admissions process in any manner.

**RESPONSE TO REQUEST NO. 18**

      In addition to the General Objections, Defendants object to Request No. 18 as overbroad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections and the General Objections, to Defendants' knowledge they are not in possession of any documents responsive to this Request.

Case 1:14-cv-00954-LCB-JLW   Document 88-4   Filed 06/09/17   Page 13 of 27

**REQUEST NO. 19**

All guidelines, manuals, policies, regulations, descriptions of actual practices, codes, or notes kept by an individual employee of practices used by Your Office of Undergraduate Admissions during the Relevant Period.

**RESPONSE TO REQUEST NO. 19**

Defendants object to Request No. 19 as overbroad and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections and the General Objections, Defendants will produce responsive guidelines, manuals, policies, regulations, and descriptions of actual practices related to the evaluation of applications for first-year undergraduate admissions during the 2013-2014 and 2014-2015 admissions cycles to the extent they exist and can be located after a reasonable search.

**REQUEST NO. 20**

All communications from the Relevant Period by or among Your representatives regarding the use of race in the admissions process at UNC-CH, including (but not limited to): the importance of diversity; any goals or targets for the racial composition of a particular admissions cycle or subset of applicants, admitted students or enrolled students; Your efforts to achieve a critical mass of Underrepresented Minority students; and Your efforts to increase or decrease the number of applicants, admitted students, or enrollees at UNC-CH by race.

**RESPONSE TO REQUEST NO. 20**

Defendants object to Request No. 20 as overbroad and unduly burdensome. Subject to and without waiving the foregoing objections or the General Objections, Defendants will produce non-privileged, responsive documents from agreed-upon custodians to the extent that they exist and can be located after a reasonable search.

14

## REQUEST NO. 21

All communications from any time to or from officials or employees of the North Carolina General Assembly or the State's Executive Branch regarding UNC-CH admissions practices and policies or about specific applicants or groups of applicants.

## RESPONSE TO REQUEST NO. 21

In addition to the General Objections, Defendants object to Document Request No. 21 as overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendants will produce non-privileged, responsive documents from agreed-upon custodians to the extent that they exist and can be located after a reasonable search.

## REQUEST NO. 22

All communications from any time by or among Your employees or agents regarding: UNC-CH's use of race as a tiebreaker in the admissions process; any adjustments made to the criteria of admissions for particular racial groups or subsets; and any changes or evaluations of UNC-CH's admissions policies in light of U.S. Supreme Court decisions.

## RESPONSE TO REQUEST NO. 22

Defendants object to Request No. 22 as vague, overbroad, and unduly burdensome. Subject to and without waiving the foregoing objections or the General Objections, Defendants will produce non-privileged, responsive documents from agreed-upon custodians to the extent that they exist and can be located after a reasonable search.

## REQUEST NO. 23

A preliminary sample, stratified by race and whether the applicant is admitted, of the complete application files (including summary sheets,

15

notes and other documents You prepared to supplement the application as received) for undergraduate admission to UNC-CH You received and evaluated during the Relevant Period, to be used by the parties to determine the number of complete application files needed to form a statistically significant sample of complete application files from the Relevant Period. This preliminary sample shall include 400 complete application files from each of the four major racial categories (Asian, Black or African-American, Hispanic or Latino, and White) from each admissions cycle during the Relevant Period. These complete application files will be randomly selected in a manner mutually agreed upon by the parties.

**RESPONSE TO REQUEST NO. 23**

Defendants object to Request No. 23 as overbroad, unduly burdensome, premature, and to the extent information requested is protected from disclosure by law. Subject to and without waiving the foregoing objections or the General Objections, Defendants will produce a sample of complete and appropriately redacted application files for first-year undergraduate admissions from the 2013-2014 and 2014-2015 admissions cycles subject to the parties completing the ongoing meet and confer process and arriving at an agreed-upon sample. If the parties are unable to reach agreement, Defendants will produce a sample of application files as ordered by the Court.

**REQUEST NO. 24**

Any documents from the Relevant Period describing efforts of UNC-CH's admissions office to identify or recruit students based upon their or their household's income, wealth, or other socioeconomic factor.

**RESPONSE TO REQUEST NO. 24**

Defendants object to Request No. 24 as overbroad. Subject to and without waiving the foregoing objections or the General Objections, Defendants will produce

Case 1:14-cv-00954-LCB-JLW   Document 88-4   Filed 06/09/17   Page 16 of 27

non-privileged, responsive documents to the extent that they exist and can be located

after a reasonable search.

**REQUEST NO. 25**

Any documents from the Relevant Period describing efforts of UNC-CH's admissions office to identify or recruit students from geographic regions underrepresented at UNC-CH.

**RESPONSE TO REQUEST NO. 25**

Defendants object to Request No. 25 as overbroad.  Subject to and without

waiving the foregoing objections or the General Objections, Defendants will produce

non-privileged, responsive documents to the extent that they exist and can be located

after a reasonable search.

**REQUEST NO. 26**

Your forms, policies, rules, guidelines or standards from the Relevant Period for classifying or describing the race of applicants for admission to UNC-CH, including (but not limited to):

      a.     descriptions of race on admissions forms

      b.     descriptions of race to the government of the United States, any state, or political subdivision thereof

      c.     descriptions of race on internal records;

      d.     descriptions of race to any other party.

**RESPONSE TO REQUEST NO. 26**

Subject to and without waiving the General Objections, Defendants will produce

non-privileged, responsive documents to the extent that they exist and can be located

after a reasonable search.

17

**REQUEST NO. 27**

All documents concerning any deviation, exceptions, or departures You made from UNC-CH's published admissions criteria during the Relevant Period.

**RESPONSE TO REQUEST NO. 27**

Defendants object to Request No. 27 as vague. Subject to and without waiving the

foregoing objections or the General Objections, to Defendants' knowledge, they are not

in possession of any documents responsive to this Request.

**REQUEST NO. 28**

All documents from the Relevant Period concerning the use in the admissions process of information regarding an applicant's relation to alumni of UNC-CH or donors of more than $100,000 to UNC.

**RESPONSE TO REQUEST NO. 28**

Defendants object to Request No. 28 as overbroad, irrelevant, and not reasonably

calculated to lead to the discovery of admissible evidence. Subject to and without

waiving the foregoing objections or the General Objections, Defendants will produce

non-privileged, responsive documents relating to the 2013-2014 and 2014-2015

admissions cycles to the extent that they exist and can be located after a reasonable

search.

**REQUEST NO. 29**

All documents reflecting School Group Review reports and/or any other comparison of any two or more individual applicants for admission to UNC-CH as part of the admission decision-making process during the Relevant Period.

**RESPONSE TO REQUEST NO. 29**

Defendants object to Request No. 29 as vague, overbroad, unduly burdensome,

and to the extent information requested is protected from disclosure by law.  Subject to

and without waiving the foregoing objections and the General Objections, Defendants

will produce non-privileged, responsive School Group Review reports (redacted to

protect applicant privacy) from the 2013-2014 and 2014-2015 admissions cycles to the

extent they exist and can be located after a reasonable search.

**REQUEST NO. 30**

All certifications or reports to the government of the United States or any
State or political subdivision concerning, in whole or in part, the use of race
in the admissions process at UNC-CH during the Relevant Period.

**RESPONSE TO REQUEST NO. 30**

Subject to and without waiving the General Objections, Defendants will produce

non-privileged, responsive documents to the extent that they exist and can be located

after a reasonable search..

**REQUEST NO. 31**

All communications with third parties (including, but not limited to, testing
services, college boards, accreditation bodies, educational associations,
ratings providers, and secondary schools, but excluding applicants and their
families) during the Relevant Period concerning the use of race in UNC-
CH's admissions process or the racial composition of UNC-CH applicants,
admitted students, and enrolled students.

19

## RESPONSE TO REQUEST NO. 31

In addition to the General Objections, Defendants object to Document Request No. 31 as overbroad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections and the General Objections, Defendants will produce non-privileged, responsive documents to the extent that they exist and can be located after a reasonable search.

## REQUEST NO. 32

All documents from the Relevant Period that seek to measure, estimate, or predict, using race or other demographic variables, the application rate of high school students to UNC-CH, the rate at which applicants are admitted, the rate at which admitted students enroll, the academic performance at UNC-CH of enrolled students, the major selection at UNC-CH of enrolled students, the dropout rate at UNC-CH of enrolled students, the graduation rate at UNC-CH of enrolled students, the academic performance at UNC-CH of enrolled students, or the debt levels accrued by enrolled students while at UNC-CH.

## RESPONSE TO REQUEST NO. 32

Defendants object to Document Request No. 32 as overbroad, unduly burdensome, vague, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections and the General Objections, Defendants will produce non-privileged, responsive documents relating to the application rate of high school students to UNC-CH, the rate at which applicants are admitted, and the rate at which admitted students enroll to the extent that they exist and can be located after a reasonable search.

20

**REQUEST NO. 33**

     All documents concerning any complaint You received about the use of race in UNC-CH's admissions process during the Relevant Period, including (but not limited to) documents concerning the investigation and resolution of any complaint.

**RESPONSE TO REQUEST NO. 33**

     Defendants object to Request No. 33 as vague and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request to the extent "any complaint" includes Plaintiff's Complaint in this litigation and will not produce documents relating to Plaintiff's Complaint. Subject to the foregoing objections and the General Objections, Defendants will produce non-privileged, responsive documents related to complaints received by the Office of Undergraduate Admissions to the extent that they exist and can be located after a reasonable search.

**REQUEST NO. 34**

     All reports, analyses, surveys, or other reviews or assessments prepared by Your employees or agents during the Relevant Period concerning race-neutral alternatives at UNC-CH (regardless of whether those reports, analyses, surveys or other reviews or assessments were completed or finalized).

**RESPONSE TO REQUEST NO. 34**

     Defendants object to Request No. 34 as overbroad and unduly burdensome. Subject to and without waiving the foregoing objections of the General Objections, Defendants will produce non-privileged, responsive documents related to reports, analyses surveys, or other reviews or assessments concerning race-neutral alternatives at UNC-CH prepared by the Office of Undergraduate Admissions and the Race Neutral

21

Alternatives Working Group to the extent that they exist and can be located after a

reasonable search.


## REQUEST NO. 35

> All documents from each admissions cycle during the Relevant Period
> sufficient to show Your efforts to evaluate the feasibility and effects of
> race-neutral alternatives to racial preferences at UNC-CH, and how these
> alternatives compared to current admissions policies in achieving the
> educational benefits of diversity.

## RESPONSE TO REQUEST NO. 35

Defendants object to Request No. 35 as overbroad and unduly burdensome.

Subject to and without waiving the foregoing objections or the General Objections,

Defendants will produce non-privileged, responsive documents related to the Office of

Undergraduate Admissions' efforts to evaluate the feasibility and effects of race neutral

alternatives to the extent that they exist and can be located after a reasonable search.


## REQUEST NO. 36

> All documents concerning Your ranking, weighting, and evaluation of
> secondary schools during the Relevant Period and any documents sufficient
> to show how You arrived at such rankings, weighting, and evaluation of
> secondary schools.

## RESPONSE TO REQUEST NO. 36

Defendants object to Document Request No. 36 as overbroad, unduly burdensome,

vague, irrelevant, and not reasonably calculated to lead to the discovery of admissible

evidence.  Subject to and without waiving the foregoing objections or the General

Objections, Defendants will produce non-privileged, responsive documents to the extent

that such documents exist and can be located after a reasonable search.

**REQUEST NO. 37**

All documents that mention any of the following publications as the content
of these publications relate to admissions policy at UNC-CH:

a.    Arcidiacono, Peter, Aucejo, Esteban & Spenner, Ken, What Happens after Enrollment? An Analysis of the Time Path of Racial Differences in GPA and Major Choice (*June 2, 2011), available at http:// public.econ.duke.edu/-psarcidi/grades 4.0.pdf;

b.    Arcidiacono, Peter, Aucejo, Esteban M., Hamming, Fang, and Spenner, Kenneth, Does Affirmative Action Lead to Mismatch? A New Test and Evidence, Economic Research Initiatives at Duke, Working Paper No. 27 at 14, available at http://papers.ssrn.com/sol3/papers.cfm ?abstract id= 1384022;

c.    Elliott, Rogers, Strenta, A. Christopher, Adair, Russell, Matier, Michael & Scott, Jannah, The Role of Ethnicity in Choosing and Leaving Science in Highly Selective Institutions, 37 Res. Higher Ed. 681 (1996);

d.    Gail Heriot, The Sad Irony of Affirmative Action, 14 Nat'l Affairs 78 (2013);

e.    Marc Luppino and Richard Sander, College major peer effects and attrition from the sciences, IZA Journal of Labor Economics (2015);

f.    Richard Sander & Stuart Taylor, MISMATCH: HOW AFFIRMATIVE ACTION HARMS STUDENTS IT'S INTENDED TO HELP AND WHY UNIVERSITIES WON'T ADMIT IT;

g.    Richard Sander, A Systemic Analysis of Affirmative Action in Law Schools, 57 Stan. L. Rev. 367 (2004);

h.    U.S. Comm'n on Civil Rights, Affirmative Action in American Law Schools (2007);

i.    U.S., Comm'n on Civil Rights, Encouraging Minority Students to Pursue Science, Technology, Engineering and Math Careers (2010);

23

j.      William G. Bowen and Derek Bok, The Shape of the River;

k.      William G. Bowen and Matthew M. Chingos, Crossing the Finish Line: Completing College at America's Public Universities;

l.      William G. Bowen, Martin A. Kurzweil, Eugene M. Tobin, and Susanne C. Pichler, Equity and Excellence in American Higher Education.

## RESPONSE TO REQUEST NO. 37

Defendants object to Document Request No. 37 as overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections or the General Objections, Defendants will produce non-privileged, responsive documents to the extent that they exist and can be located after a reasonable search.

## REQUEST NO. 38

All documents that either mention academic "mismatch" (as that term is used in the publications listed in Request 37) as it relates to admissions or admissions policy at UNC-CH or that otherwise concern the academic performance of enrolled students who are or were academically underprepared for UNC-CH.

## RESPONSE TO REQUEST NO. 38

In addition to the General Objections, Defendants object to Document Request No. 38 as overbroad, unduly burdensome, vague, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections or the General Objections, Defendants will produce non-privileged, responsive documents that mention academic "mismatch" as it relates to admissions or

24

admissions policy at UNC-CH to the extent that they exist and can be located after a

reasonable search.

## REQUEST NO. 39

All communications during the Relevant Period concerning SFFA, the
Plaintiff and its representatives, the Complaint, or this action (before or
after it was filed).

## RESPONSE TO REQUEST NO. 39

Defendants object to Request No. 39 as vague, overly broad, irrelevant, and not

reasonably calculated to lead to the discovery of admissible evidence. Subject to and

without waiving their objections, Defendants will produce non-privileged, responsive

documents from agreed-upon custodians to the extent that such documents exist and can

be located after a reasonable search.

## REQUEST NO. 40

All documents from any time that UNC contends support any denial or
defense in the Answer to the Complaint.

## RESPONSE TO REQUEST NO. 40

Subject to and without waiving the General Objections, Defendants will produce

all documents that they plan to use in their defense as required by the Federal Rules of

Civil Procedure and the Local Rules of the Middle District of North Carolina.

Dated July 29, 2015.

/s/ Michael Scudder          ROY COOPER
Michael Scudder             Attorney General
Skadden, Arps, Slate,
   Meagher & Flom, LLP      /s/ Stephanie Brennan

25

155 North Wacker Drive
Chicago, IL 60606-1720
(312) 407-0877
E: michael.scudder@skadden.com

/s/ Lisa Gilford
Lisa Gilford
Skadden, Arps, Slate,
   Meagher & Flom, LLP
300 South Grand Ave.
Suite 3400
Los Angeles, CA 90071
(213) 687-5130
E: lisa.gilford@skadden.com
Attorneys for Defendants

Stephanie Brennan
Special Deputy Attorney General
NC State Bar No. 35955
E: sbrennan@ncdoj.gov

/s/ Matthew Tulchin
Matthew Tulchin
Assistant Attorney General
NC State Bar No. 43921
E: mtulchin@ncdoj.gov
NC Department of Justice
Post Office Box 629
Raleigh, NC 27602-0629
T: (919) 716-6920
F: (919) 716-6764
Attorneys for Defendants

26

## CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2015, I electronically mailed the foregoing

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST

DOCUMENT REQUESTS to the following:


Thomas R. McCarthy
William S. Consovoy
J. Michael Connolly
CONSOVOY MCCARTHY PLLC

Alan M. Ruley
BELL, DAVIS & PITT, P.A.

Attorneys for Plaintiff

/s/ Michael Scudder
Michael Scudder
Skadden, Arps, Slate,
   Meagher & Flom, LLP
155 North Wacker Drive
Chicago, IL 60606-1720
(312) 407-0877
E: michael.scudder@skadden.com
Attorney for Defendants

27