# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
### CASE NO. 1:14-CV-954

**STUDENTS FOR FAIR ADMISSIONS, INC.,**

                    **Plaintiff,**

                    **v.**

**UNIVERSITY OF NORTH CAROLINA et al.,**

                    **Defendants.**

## PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Federal Rule of Civil Procedure 34 and the Local Rules of the Middle District of North Carolina, Plaintiff Students for Fair Admissions, Inc. ("SFFA") requests that Defendants ("UNC") respond in writing and produce the documents described below within 30 days of service for inspection and copying at the offices of Consovoy McCarthy PLLC, 3033 Wilson Boulevard, Suite 700, Arlington, VA 22201, or at such other location to which the parties mutually agree.

### INSTRUCTIONS

1.      In responding to these document requests, You shall produce separately all documents in Your possession, custody or control, including documents in the possession, custody or control of Your agents and representatives.

**EXHIBIT E**

2.     Any request concerning a partnership, limited liability company, or corporate entity includes its subsidiaries, affiliates, employees, members, agents, representatives, or attorneys.

3.     Unless stated otherwise, requests concerning applicants, admitted students, and enrolled students are limited to the application, admission, and enrollment of freshman and transfer undergraduate students at UNC.

4.     The term "or" is to be read in both the conjunctive and disjunctive and shall serve as a request for documents that would be responsive under a conjunctive reading in addition to all documents that would be responsive to a disjunctive reading.

5.     If You claim any form of privilege or any other objection, whether based on statute, common law, or otherwise as a ground for not producing any requested document, please furnish a list identifying each document for which the privilege or other objection is claimed together with the following information: date, sender, recipient, persons to whom copies were provided together with their job titles, subject matter, basis on which a privilege or other objection is claimed, and the paragraph(s) of this request to which such document responds. If You claim privilege or any other objection with regard to only part of a document, produce the part as to which there is no objection.

6.     If any document or copy was, but is no longer in Your possession, custody, or subject to Your control, please state and specify in detail for each such document: date, sender, recipient, persons to whom copies were provided together with their job titles, the information contained therein, the date upon which it ceased to exist, the disposition that was made of it, and the identity of all persons having knowledge of the contents thereof.

2

7. Produce all documents in complete form, as kept in the normal course of business, and identify the file from which each document was taken.

8. SFFA requests that UNC run an industry-standard de-duplication check to ensure that the same document is not produced multiple times. For example, the same email should not be produced twice simply because the sender and recipients are custodians.

9. These requests shall be deemed to be continuing so as to require supplemental answers from time to time until the date of trial.

## TIME PERIOD

9. This Request for Production principally seeks documents and information prepared, sent, provided, received, in possession during, or relating to, the time period beginning with September 1, 2011, and continuing throughout the pendency of this litigation, or relating to this time period whenever prepared. Any request seeking documents from this time period refer to the "Relevant Period." Any request seeking documents beyond the Relevant Period refer to documents "from any time." Any request that does not specify a time period should be construed as requesting documents during the Relevant Period.

## DEFINITIONS

1. "Answer" means the Answer filed by UNC in response to the Complaint filed by SFFA in this action on March 24, 2015.

2. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

3

3. "Complaint" means the Complaint SFFA filed in this action on November 17, 2014.

4. "Concerning" means referring to, describing, evidencing, or constituting. Requests for "documents concerning" any subject matter include documents concerning communications regarding that subject matter.

5. "Diversity" is defined to be synonymous in meaning and equal in scope to how UNC has used or does presently use that term in any printed or electronic documents.

6. "Document" or "documents" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

7. "Electronic databases" is defined to include, but is not limited to, all files maintained in any database, spreadsheet, or statistical programs, containing information on the race, geographic residence, qualifications, financial aid awards, and academic performance, of individuals who have or are seeking admission to UNC, including applicants, admitted students, and enrolled students.

8. "Including" means including but not limited to.

9. "UNC" means Defendants, their predecessors, successors, divisions, subsidiaries, and affiliates, and all present and former directors, officers, employees, agents, consultants, representatives, attorneys, and any other persons acting for or on behalf of any of these entities or individuals.

4

10.    The terms "the present" or "present time" mean the date on which Your answers to these interrogatories are filed.

11.    "Printed Database" is defined to include, but is not limited to, any hard-copy collection of data containing information on the race, geographic residence, qualifications, financial aid awards, and academic performance, of individuals who have or are seeking admission to UNC, including applicants, admitted students, and enrolled students, except to the extent that such hard-copy collections merely replicate information found in Electronic Databases.

12.    The term "race" means race, ethnicity, or national origin.

13.    "Relate" means consisting of, referring to, reflecting, evidencing, or being in any way legally, logically, or factually connecting with the matter referred to or having a tendency to prove or disprove the matter referred to.

14.    "Representative" means any and all agents, servants, and employees.

15.    "Underrepresented Minority" and "URM" are defined to be synonymous in meaning and equal in scope to how UNC has used or does presently use that term in any printed or electronic documents.

16.    "You" and "Your" mean UNC.

## DOCUMENT REQUESTS

41. All documents and communications from Your admissions office or financial aid office during the Relevant Period that form the basis of any portion of a report by the Office of Diversity and Multi-Cultural Affairs assessing Your progress toward its diversity goals. This request includes, but is not limited to, any final reports by the Office of Diversity and Multicultural Affairs similar to the report starting at UNC0124154, all

drafts of those final reports, all data and analysis thereof, any analysis of "critical mass," and communications about the reports.

42. All documents and communications concerning student climate surveys conducted by You. *See, e.g.*, UNC0133391, UNC0190713.

43. All documents and communications concerning any survey of admitted students about why those students chose to or chose not to enroll at UNC. *See, e.g.*, Deposition of Jennifer Kretchmar at 16:23-17:3.

44. All documents and communications concerning any evaluations of the Carolina Covenant program. This request includes any analysis of student performance, course of study, and graduation rates whether or not they are related to Carolina Covenant.

45. All communications between You and Harvard University or their representatives concerning this lawsuit or the lawsuit SFFA filed against Harvard University on November 17, 2015. *See Students for Fair Admissions, Inc. v. President and Fellows of Harvard College (Harvard Corporation)*, 1:14-cv-14176 (D. Mass.). This request includes any communications between the attorneys representing UNC and Harvard University.

46. Documents sufficient to show any formula or measurement that UNC has used to predict the probability of admission for particular applicants, including, but not limited to, the model discussed in UNC0090652.

47. All prior and subsequent drafts or versions of the report "Exploring Race-Neutral Alternatives in Undergraduate Admissions" produced at UNC0097418.

Case 1:14-cv-00954-LCB-JLW   Document 88-5   Filed 06/09/17   Page 6 of 11

48. All documents and communications regarding the Committee on Race-Neutral Strategies, referenced in UNC0079680, including, but not limited to, all documents concerning the committee's work, schedules, minutes, reports, or summaries of all committee and sub-committee meetings, the committee's final and draft reports, any communications regarding the decision to start the committee, and any communications between the committee members concerning the committee's work.

49. All drafts and the final version of the study by Abigail Panter and Charles Daye quantifying the educational benefits of diversity.

50. Final versions of any papers, studies, or formulas that You drafted or commissioned concerning "grit" (*e.g.*, UNC0108171), whether a two-reader system is necessary (*e.g.*, UNC0101747), the factors that lead to two readers disagreeing on the same application (*e.g.*, UNC0080095), how Advanced Placement courses or International Baccalaureate courses predict grade point averages at UNC (*e.g.*, UNC0083052), and the effect of legacy status on a student's chances of admission (*e.g.*, UNC0096777). If You already produced final versions of these papers or studies, please provide the Bates number for each final version.

51. All documents posted to the "Sakai" site for the Race Neutral Alternatives Working Group and the Committee on Race-Neutral Strategies or otherwise considered by those groups (*e.g.*, UNC0096592).

52. All drafts and final versions of the reading documents You use to train readers, such as those documents attached to the email located at UNC0099453.

53. All applicant, admission, and enrollment reports of the kind referenced by Jennifer Kretchmar at 148:18-149:7 of her deposition.

54. Documents and communications concerning Your decision to remove race and ethnicity from Your admissions and enrollment reports. *See, e.g.*, Deposition of Jennifer Kretchmar at 148:18-149:24.

55. All documents and communications concerning the Thrive at Carolina Retention Working Group referenced by Christopher Faison at page 49 of his deposition, including, but not limited to, documents and communications regarding the graduation goals referenced by Jennifer Kretchmar at page 47 of her deposition.

56. Documents sufficient to show every student whose initial admissions status was changed during the School Group Review process for the 2013-2014 and 2014-2015 review seasons and the manner in which that status changed. For example if a student's initial admissions status was changed from "admit" to "defer," then the documents should identify the student's initial status and the student's changed status. To the extent feasible, provide this information in a manner that can be easily integrated into the spreadsheets UNC0014633 and UNC0014634.

57. Documents and communications concerning Your decision to remove race and ethnicity from the school group report used during the School Group Review process. *See, e.g.*, Deposition of Jennifer Kretchmar at 188:25-189:20.

58. All documents concerning reliability studies or reports that determine whether the factors that UNC considers in the admissions process are reliable predictors of student performance at UNC. *See, e.g.*, Deposition of Jennifer Kretchmar at 17:9-13, 99:15-18, 104:6-106:9.

59. All documents showing the academic performance of students while at UNC and their majors broken down by race.

60. The reports, analyses, and studies of race-neutral alternatives that are discussed on pages 5-6 of Exhibit 12 to the deposition of Jennifer Kretchmar. If UNC has already produced these documents, please provide the documents' Bates numbers.

61. All reports, analyses, and studies of race-neutral alternatives to Your admissions process between 2002 and November 27, 2012 not otherwise included in Request 19 above.

62. All documents and communications by Your admissions officers concerning the implementation of race-neutral alternatives for university admissions in other States, including but not limited to universities in Florida, Texas, and California.

63. All documents upon which UNC is currently relying to satisfy its "burden of demonstrating, before turning to racial classifications, that available, workable race-neutral alternatives do not suffice." *Fisher v. Univ. of Texas at Austin*, 133 S. Ct. 2411, 2420 (2013). If UNC has already produced these documents, please provide the documents' Bates numbers.

Respectfully submitted this 20th day of March, 2017.

/s/
Thomas R. McCarthy
Consovoy McCarthy PLLC
3033 Wilson Boulevard, Suite 700
Arlington, Virginia 22201
(703) 243-9423
E: tom@consovoymccarthy.com

/s/
William S. Consovoy
Consovoy McCarthy PLLC
3033 Wilson Boulevard, Suite 700
Arlington, Virginia 22201
(703) 243-9423
E: will@consovoymccarthy.com

/s/
Alan Ruley
100 N. Cherry Street
Suite 600
Winston-Salem, NC 27101
(336) 722-3700
E: aruley@belldavispitt.com

/s/
J. Michael Connolly
Consovoy McCarthy PLLC
3033 Wilson Boulevard, Suite 700
Arlington, Virginia 22201
(703) 243-9423
E: mike@consovoymccarthy.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on March 20, 2017, a copy of the foregoing was served via electronic mail on:

Michael Scudder Skadden, Arps, Slate, Meagher & Flom, LLP
155 North Wacker Drive
Chicago, IL 60606-1720
(312) 407-0877
michael.scudder@skadden.com

Lisa Gilford
Skadden, Arps, Slate, Meagher & Flom, LLP
300 South Grand Ave.
Suite 3400
Los Angeles, CA 90071
(213) 687-5130
lisa.gilford@skadden.com

Attorneys for Defendants

Laura Arandes
Relman, Dane & Colfax PLLC
1225 19th Street NW
Suite 600
Washington, DC 20036-2456
(202) 728-1888
larandes@relmanlaw.com

Attorney for Defendant-Intervenors

Stephanie Brennan
Special Deputy Attorney General
NC State Bar No. 35955 E:
sbrennan@ncdoj.gov

Matthew Tulchin
Assistant Attorney General
NC State Bar No. 43921
mtulchin@ncdoj.gov
NC Department of Justice
Post Office Box 629
Raleigh, NC 27602-0629
(919) 716-6920

Attorneys for Defendants

11