# EXHIBIT 3

September 7, 2016 Order

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| STUDENTS FOR FAIR ADMISSIONS, INC. | * * * | |
| Plaintiff, | * * | |
| v. | * * | 1:14-cv-14176-ADB |
| PRESIDENT AND FELLOWS OF HARVARD COLLEGE (HARVARD CORPORATION) | * * * * | |
| Defendant. | * | |

# ORDER

BURROUGHS, D.J.

On September 6, 2016, counsel for the parties appeared before the Court to discuss various discovery disputes that the parties had raised in letter submissions. See [ECF Nos. 154, 162, 163, 171, 172]. The following is a summary of the Court's rulings, the reasons for which are more fully set forth on the record of today's proceedings.

1. Harvard's Motion for Reconsideration on discovery issues related to Plaintiff's organizational standing [ECF No. 154] is under advisement, and the Court will issue a ruling shortly.

2. Harvard shall produce comprehensive data from its admissions database for six full admissions cycles, beginning with the 2009-2010 admissions cycle, and ending with the 2014-2015 admissions cycle. Further, Harvard shall produce more limited admissions data for the 2007-2008 and 2008-2009 admissions cycle, as discussed at today's conference.

3. The parties and the Court also discussed whether Harvard should be required to produce certain fields of data from its admissions database. The Court's rulings on specific fields are set forth in more detail in the record of today's proceedings, which shall remain under seal due to concerns for confidentiality and privacy.

4. Harvard shall not be required to produce data relating to the academic performance of matriculated students at this time, as Plaintiff has not shown that such data is likely to lead to the discovery of admissible evidence. The Court reserves the right to reconsider this ruling after further discovery. Harvard shall, however, produce aggregate data on graduation rates for each class admitted from the 2007-2008 admissions cycle, through the 2014-2015 admissions cycle. If such data is not yet available, Harvard shall produce it on a rolling basis.

5. Harvard shall produce Electronically Stored Information ("ESI") from the eleven (11) custodians identified in its July 27, 2016 letter to the Court [ECF No. 171]. In addition, Harvard shall produce ESI from thirteen (13) additional custodians, to be selected by Plaintiff, for a total of twenty-four (24) Harvard custodians. If Harvard has strong objections to any of the additional custodians requested by Plaintiff, it may raise those objections in a letter to the Court.

6. Harvard shall not be required to produce any discovery on the history of discrimination against Jewish applicants to Harvard, as Plaintiff has not shown that such information is likely to lead to the discovery of admissible evidence. It is not clear how prior instances of discrimination against Jewish applicants in the 1920s, 30s, 40s, and 50s is relevant to the invidious discrimination claims in this case, which allege that Harvard is presently discriminating against Asian-American applicants. Further, even assuming that such

information might potentially be relevant to Plaintiff's claims, the burden or expense of the proposed discovery would likely outweigh its likely benefit, which the Court deems to be marginal at best.

7. Harvard shall, however, produce discovery relating to any prior investigations, reports, or official responses regarding alleged discrimination against Asian-American applicants. Such discovery shall include, but is not necessarily limited to, (1) information relating to investigations conducted by the Office of Civil Rights for the U.S. Department of Education, (2) the result of any internal investigations, and (3) any official, institutional responses from the Dean or Director of Admissions to allegations of discrimination against Asian-Americans in the undergraduate admissions process at Harvard. The relevant time period shall be from 1988 through the present. Harvard shall not be required to search or produce email files relating to this request.

8. Plaintiff may take up to twenty (20) depositions in this matter without seeking leave of Court. Fifteen (15) of those depositions shall be allocated to witnesses from Harvard, and five (5) shall be reserved for third-party depositions.

9. With respect to confidentiality designations under the Protective Order, the parties are encouraged to confer and jointly submit to the Court a binder of documents containing a representative sample of documents in dispute. Each party may also submit a brief explanation of why it believes each document should or should not be designated as confidential. The Court will issue rulings on the representative documents, which may assist the parties in resolving future disputes without Court involvement.

**SO ORDERED.**

Dated: September 6, 2016

/s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE
