IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CASE NO. 1:14-CV-954

| | |
|---|---|
| STUDENTS FOR FAIR ADMISSIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNIVERSITY OF NORTH CAROLINA et al., <br><br> Defendants. | **SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF APPLICANT DATA** |

## I. PRELIMINARY STATEMENT

Through its pending motion, Students for Fair Admissions, Inc. ("SFFA") seeks applicant data from UNC's electronic databases for the 2011-12 and 2012-13 admissions cycles and aggregate data from the 2009-2010 and 2010-2011 admissions cycles. SFFA explained in its prior briefs that these data are highly relevant and minimally burdensome to produce. *See* Doc Nos. 84, 89. SFFA submits this supplemental memorandum because it learned in the past week that UNC's Committee on Race-Neutral Strategies has obtained the very same two years of applicant data from UNC's Admissions Office databases for use in assessing the workability of race-neutral alternatives. It also has requested other data from the same years for use by its experts in defending this case. Given UNC's use and reliance on these data in defending its admissions policies, it cannot mount a serious

1

opposition to producing the same to SFFA. Basic fairness now requires that UNC produce the data to SFFA.

## II. NEWLY DISCOVERED EVIDENCE

On June 16, 2017, UNC produced to SFFA a document that includes email communications among Professor Patrick Curran, Professor Michael Kosorok, Ms. Jennifer Kretchmar, and Dr. Abigail Panter. *See* Exhibit D. Dr. Panter is the chair of UNC's Committee on Race-Neutral Strategies. Professors Curran and Kosorok are co-chairs of that Committee's Data Analytics Subcommittee, which is tasked with analyzing admissions data to help evaluate race-neutral alternatives. The just-produced email communications reveal that Professors Curran and Kosorok months ago requested "data from the admissions office relating to all undergraduate applicants in the prior five years," including "[a]ll available data fields." *See* Exhibit D (UNC0349547). Their request made clear that "[t]hese data will be used to empirically examine criteria associated with admissions decisions over a five year period." *Id.* At a deposition on June 19, 2017, Dr. Panter clarified that Professors Curran and Kosorok have since obtained these data—including the very same applicant data from the 2011-12 and 2012-13 admissions cycles that SFFA's motion seeks.[1]

---

[1] Separately, UNC clarified this week that it has received data for these same years through third-party subpoenas from the North Carolina Education Research Data Center, for use in defending this litigation—further undermining UNC's prior position that production of its own admissions data for these years was not proportional to the needs of this case.

2

The next day (June 20, 2017), counsel for SFFA conferred with counsel for UNC to see whether UNC would agree to produce the applicant data from the 2011-12 and 2012-13 admissions cycles to SFFA, in light of the fact that UNC itself was relying on the very same data to conduct analyses. SFFA emphasized that UNC's opposition to producing such data was completely undermined by its own use of the same data. In addition, SFFA explained that these data were covered by a pending discovery request. *See* Exhibit E, at 7 (seeking "[a]ll documents and communications regarding the Committee on Race-Neutral Strategies, referenced in UNC0079680, including, but not limited to, all documents concerning the committee's work, schedules, minutes, reports, or summaries of all committee and sub-committee meetings, the committee's final and draft reports, any communications regarding the decision to start the committee, and any communications between the committee members concerning the committee's work.").

On June 22, 2017, UNC informed SFFA that it would continue to oppose producing the two years of applicant data. It offered no explanation as to why it would maintain this position in the face of the recent disclosures that UNC's Committee on Race-Neutral Strategies had obtained and was using these same data. But UNC made clear to SFFA that it would not produce the two years of data to SFFA unless ordered by the Court.

### III.  ARGUMENT

Even before these recent developments, UNC's opposition to producing applicant data from the 2011-12 and 2012-13 admissions cycles was weak,

3

especially given its reliance on the essentially the same data from two subsequent years. But now that it is clear UNC's Committee on Race-Neutral Strategies is analyzing and relying on the very data that are the subject of this motion, it is hard to see how UNC has *any* basis left to oppose the production thereof.

UNC certainly cannot object on relevance grounds. Its Committee on Race-Neutral Strategies was created for the express purpose of defending its use of race in admissions and ensuring "adherence to standards of strict scrutiny and narrow tailoring." *See* Committee on Race-Neutral Strategies, UNC-Chapel Hill, *available at* goo.gl/3MrFS1. The Supreme Court has emphasized that universities must give "'serious, good faith consideration of workable race-neutral alternatives.'" *Fisher v. University of Texas at Austin*, 133 S. Ct. 2411, 2420 (2013) (quoting *Grutter v. Bollinger*, 539 U.S. 306, 339-40 (2003)), and the Committee's work is undoubtedly essential to determining whether UNC has complied with that obligation. Indeed, UNC has made clear through its disclosures that it will rely on the work that has been done by the Committee as an important part of its defense in this case, and SFFA is certainly entitled to test the rigor of the Committee's analysis and the basis for any conclusions it has drawn. The applicant data SFFA seeks are directly related to those efforts.

As SFFA previously noted, its request for six total years of applicant data is consistent with the express warning by the Supreme Court that three years of admissions data "might yield little insight," while data covering the preceding "*eight years …* may be of significant value in determining the constitutionality of the

4

University's *current* admissions policy." *Fisher v. Univ. of Tex. at Austin*, 136 S. Ct. 2198, 2209 (2016) (emphasis added). SFFA's request already was consistent with the scope of discovery ordered in related litigation SFFA is pursuing against Harvard, as well as numerous similar civil-rights actions testing alleged patterns of discrimination *See, e.g.* Doc No. 89, at 4-6. UNC's own present reliance on this data as part of the Committee's work further underscores the relevance of this information. And, as SFFA noted, the burden on UNC remains relatively minimal—and is certainly now heavily outweighed by the need for this data to analyze and test the Committee's work and assess whether UNC can satisfy the burdens of strict scrutiny.

**CONCLUSION**

For the foregoing reasons, as well as those set out in SFFA's prior briefing, the Court should grant SFFA's motion to compel and order UNC to produce applicant data from UNC's Electronic databases for the 2011-12 and 2012-13 admissions cycles, and aggregate data from the 2009-2010 and 20010-2011 admissions cycles.

Respectfully submitted,

/s/ *Thomas R. McCarthy*
Thomas R. McCarthy
Consovoy McCarthy Park PLLC
3033 Wilson Boulevard, Suite 700
Arlington, Virginia 22201
(703) 243-9423
E: tom@consovoymccarthy.com

/s/ *William S. Consovoy*
William S. Consovoy
Consovoy McCarthy Park PLLC
3033 Wilson Boulevard, Suite 700

/s/ *Alan M. Ruley*
Alan M. Ruley
N.C. State Bar No. 16407
Bell, Davis & Pitt, P.A.
P.O. Box 21029
Winston Salem, NC 27120-1029
(336) 714-4147
E: aruley@belldavispitt.com

5

Arlington, Virginia 22201
(703) 243-9423
E: will@consovoymccarthy.com

*/s/ J. Michael Connolly*
J. Michael Connolly
Consovoy McCarthy Park PLLC
3033 Wilson Boulevard, Suite 700
Arlington, Virginia 22201
(703) 243-9423
E: mike@consovoymccarthy.com

*Attorneys for Plaintiffs*

Dated: June 23, 2017

## **CERTIFICATE OF WORD COUNT**

I hereby certify that this brief complies with L.R. 7.3(d)(1) because the body of this brief, including headings and footnotes, is 1,074 words.

This the 23rd day of June, 2017.

*/s/ Thomas R. McCarthy*
Thomas R. McCarthy

**CERTIFICATE OF SERVICE**

I hereby certify that I served the foregoing pleading via the Court's electronic filing system, pursuant to the Electronic Filing Procedures, on all attorneys of record who have entered an appearance by ECF in this matter.

This the 23rd day of June, 2017.

>  /s/ *Thomas R. McCarthy*
>  Thomas R. McCarthy

8

Case 1:14-cv-00954-LCB-JLW   Document 94-1   Filed 06/23/17   Page 8 of 8