# EXHIBIT 1

## Excerpts of Plaintiff's Objections and Responses to Defendants' First Combined Discovery Requests

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
### CASE NO. 1:14-CV-954

STUDENTS FOR FAIR ADMISSIONS,
INC.,

                    **Plaintiff,**

              **v.**

UNIVERSITY OF NORTH CAROLINA
et al.,

                    **Defendants.**

## PLAINTIFF'S OBJECTIONS AND RESPONSES TO
## DEFENDANTS' FIRST COMBINED DISCOVERY REQUESTS TO PLAINTIFF

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, and Local Rule 26.1, Plaintiff Students for Fair Admissions, Inc. ("SFFA") submits the following objections and responses to the Defendants' (collectively "UNC-Chapel Hill") First Combined Discovery Requests to Plaintiff, dated June 11, 2015.

## GENERAL OBJECTIONS

SFFA makes the following general objections to UNC-Chapel Hill's First Combined Discovery Requests to Plaintiff, which apply to each request regardless of whether the general objections are specifically incorporated into the specific objections below.

1. SFFA objects to each request to the extent it calls for information that is protected from discovery by the attorney-client privilege or the work product doctrine, or that are otherwise protected from disclosure under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the relevant statutory or case law. Inadvertent

production of such information or document(s) shall not be deemed a waiver of any privilege or immunity.

2.      SFFA objects to UNC-Chapel Hill's definitions and instructions to the extent they seek to impose any requirements or obligations in addition to or different from those set forth in the Federal Rules of Civil Procedure, the Local Rules of this Court, any applicable orders of this Court, or any stipulation or agreement of the parties.

3.      SFFA objects to each request to the extent it requests SFFA to produce or otherwise analyze documents or other information that is not within the possession, custody, or control of SFFA, or to prepare any document or other information that does not already exist.

4.      SFFA objects to UNC-Chapel Hill's definitions of "You" and "Your" to the extent that these definitions purport to include persons or entities other than SFFA, which are not parties to this action.

5.      SFFA objects to each request to the extent it calls for production of confidential and/or proprietary information of SFFA prior to entry of a suitable protective order by the Court.

6.      SFFA objects to each request to the extent it calls for confidential and/or proprietary information of any individual or entity other than SFFA.

7.      SFFA objects to each request to the extent it calls for information or documents that are in the public domain, and therefore of no greater burden for UNC-Chapel Hill than SFFA to obtain.

8.      SFFA objects to each request as overbroad, unduly burdensome, calling for information that is neither relevant to any issue in this action nor reasonably

2

calculated to lead to the discovery of admissible evidence, and as an infringement of the First Amendment rights of SFFA and its members to associational privacy, to the extent each request seeks information about its general membership, financial contributors, and other information unrelated to the standing of specific members that SFFA relies upon for its associational standing.

9. SFFA objects to each request to the extent it calls for legal conclusions, presents questions of pure law, calls for expert opinion, or exceeds the permissible number of interrogatories, including subparts.

10. SFFA objects to each request as premature, overbroad, unduly burdensome, and improper, to the extent it seeks identification of "all" facts, documents, persons, evidence, or bases, or purports to require SFFA to marshal all evidence concerning any issue in dispute.

11. SFFA objects to UNC-Chapel Hill's selection of a general time period for these requests beginning January 1, 2013 through the present. As SFFA came into existence on July 28, 2014, it will produce non-privileged documents beginning on that date, running through the present.

12. SFFA's discovery and investigation in connection with this case are continuing. As a result, SFFA's objections and responses are limited to information obtained and reviewed to date and are given without prejudice to SFFA's right to amend or supplement his objections and responses after considering information obtained or reviewed through further discovery.

**SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES**

**Interrogatory No. 1:**