IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CASE NO. 1:14-CV-954

STUDENTS FOR FAIR
ADMISSIONS, INC.,

    Plaintiff,

v.

UNIVERSITY OF NORTH
CAROLINA et al.,

    Defendants.

**MEMORANDUM IN SUPPORT OF
SFFA'S MOTION FOR LEAVE TO FILE SURREPLY**

Pursuant to Fed. R. Civ. P. 7(b) and the Local Rules of this Court, Plaintiff Students for Fair Admissions, Inc. ("SFFA") requests that the Court grant it leave to file a short surreply. Counsel for SFFA consulted with counsel for UNC about the relief requested in this motion, and UNC takes no position on this motion.

### I. Preliminary Statement

On October 25, 2017, 2017, UNC filed a motion to dismiss challenging SFFA's associational standing (Dkt. 106), along with an accompanying memorandum arguing that the Court should adjudge SFFA's associational standing under the *Hunt* "indicia-of-membership" test and that SFFA cannot meet this test (Dkt. 107).

On November 15, 2017, SFFA filed an opposition to that motion (Dkt. 113) ("SFFA Opp."). In its opposition brief, SFFA explained that "it is settled law that 'the

'indicia of membership' requirement in *Hunt* applies only to situations in which an organization is attempting to bring suit on behalf of individuals who are not members.'" SFFA Opp. at 8 (quoting *Calif. Sportfishing Prot. All. v. Diablo Grande, Inc.*, 209 F. Supp. 2d 1059, 1066 (E.D. Cal. 2002) (collecting cases)). SFFA further explained that it would easily satisfy the "indicia of membership" test in any event. SFFA Opp. at 13-23. Although governing law requires that SFFA need only one member with standing and Standing Member #1 clearly fills that bill, *see id.* at 3-4, 8, 13-14, 20, SFFA noted that it has several other members with standing. *Id.* at 5, 14-15.

As made clear in SFFA's filings, two of its standing members were rejected for admission into the 2017 freshman class at UNC and recently decided to join SFFA and become standing members ("Standing Members 5 & 6"). Exs. M-N. SFFA's other standing members all maintain their individual standing, so the presence of Standing Members 5 & 6 is unnecessary here; SFFA went above and beyond the call of duty in identifying these additional standing members.[1] Yet UNC claims in its reply brief (Doc. 115 ("UNC Reply")) that it is somehow prejudiced by being made aware of Standing Members 5 & 6 and requests that it should be permitted to depose them. UNC Reply at 11-12.

---

[1] As future applicants who are rejected by UNC join SFFA and express their interest in being standing members, SFFA will continue to apprise the Court and the parties of such developments. Though UNC suggests otherwise, there is nothing unusual about this. *See Parents Involved in Cmty. Schs. v. Seattle Schs. Dist. No. 1*, 551 U.S. 701, 718 (2007) (affidavits lodged with the Court on behalf of organization's members with standing).

## II. A Short Surreply Is Warranted To Explain Why UNC's Request To Depose Standing Members 5 & 6 Is Meritless.

Although surreplies are not expressly provided for under the federal or local rules, courts (including this one) allow a party to file a surreply "'when fairness dictates based on new arguments raised in the previous reply.'" *Starnes v. Veeder-Root*, No. 15-cv-1002, 2017 WL 913633, at *1 (M.D.N.C. Mar. 7, 2017) (quoting *DiPaulo v. Potter*, 733 F. Supp. 2d 666, 670 (M.D.N.C. 2010)). Here, UNC requests to take the depositions of Standing Members 5 & 6. Fairness dictates that SFFA be permitted to file a short surreply in order to respond to this request.

Fairness dictates that SFFA be permitted to explain in detail the following points:

- During the fact discovery period, UNC deposed only Standing Member #1. It made no request to depose the other three standing members that SFFA presently relies upon—notwithstanding the fact that those three standing members were disclosed to UNC at least five months and as many as two years before the close of fact discovery. *See* Exs. J-L.
- UNC's decision to depose only one of SFFA's standing members thus was its choice. UNC clearly had no interest in additional depositions and cannot be heard to claim prejudice at this time.
- Standing Members 5 & 6 are unnecessary to the adjudication of this motion in any event.

## III. Conclusion

For the foregoing reasons, the motion should be granted and SFFA should be permitted to file a surreply of no more than 4 pages.

**Respectfully submitted this 5th day of December, 2017.**

/s/ Thomas R. McCarthy
Thomas R. McCarthy
Consovoy McCarthy Park PLLC
3033 Wilson Boulevard, Suite 700
Arlington, Virginia 22201
(703) 243-9423
E: tom@consovoymccarthy.com

/s/ William S. Consovoy
William S. Consovoy
Consovoy McCarthy Park PLLC
3033 Wilson Boulevard, Suite 700
Arlington, Virginia 22201
(703) 243-9423
E: will@consovoymccarthy.com

/s/ J. Michael Connolly
J. Michael Connolly
Consovoy McCarthy Park PLLC
3033 Wilson Boulevard, Suite 700
Arlington, Virginia 22201
(703) 243-9423
E: mike@consovoymccarthy.com

/s/ Alan M. Ruley
N.C. State Bar No. 1647
Bell, Davis & Pitt, P.A.
P.O. Box 21029
Winston Salem, NC 27120-1029
(336) 714-4147
E: aruley@belldavispitt.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2017, I filed a true and correct copy of the foregoing Memorandum in Support of SFFA's Motion for Leave to File Surreply with the Clerk of Court using the CM/ECF system, which will be served on all registered users.

This 5th day of December, 2017.

/s/ Thomas R. McCarthy