**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CASE NO. 1:14-CV-954**

| |
|---|
| **STUDENTS FOR FAIR ADMISSIONS, INC.,** |
| **Plaintiff,** |
| **v.** |
| **UNIVERSITY OF NORTH CAROLINA et al.,** |
| **Defendants.** |

**SURREPLY IN RESPONSE TO
DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS**

Pursuant to the Court's Order of December 8, 2017 (Dkt. 122), Plaintiff Students for Fair Admissions, Inc. ("SFFA") respectfully files this surreply in order to respond to points Defendants ("UNC") raised for the first time in a reply brief in support of their motion to dismiss.

## I.    PRELIMINARY STATEMENT

On July 13, 2015, SFFA disclosed to UNC the names of several members it was relying upon for standing, including Standing Member 1 and Standing Member 2, as well as Standing Member 4 as a future applicant to UNC. SFFA supplemented this list with additional standing members on January 20, 2017, including Standing Member 3 and Standing Member 4 after being rejected from UNC. All of these standing members were disclosed to UNC well before the close of the fact discovery period—June 30, 2017.

UNC did not seek to depose any of SFFA's standing members until March 28, 2017. And UNC ultimately deposed only one of them—Standing Member 1. Although not requested by UNC, SFFA on its own offered several available deposition dates for Standing Member 4, but UNC responded that it was not interested in taking that deposition. The fact discovery period closed on June 30, 2017, with UNC having foregone any right it may have had to depose Standing Members 2-4.

On October 25, 2017, nearly four months after the close of fact discovery, UNC filed a motion to dismiss for lack of jurisdiction, challenging SFFA's associational standing (Dkt. 106). UNC filed an accompanying memorandum arguing that the Court should adjudge SFFA's associational standing under the *Hunt* "indicia-of-membership" test and that SFFA cannot meet this test (Dkt. 107, at 2-15).

On November 15, 2017, SFFA filed an opposition to that motion (Dkt. 113) ("SFFA Opp."). In its opposition brief, SFFA explained that "it is settled law that 'the 'indicia of membership' requirement in *Hunt* applies only to situations in which an organization is attempting to bring suit on behalf of individuals who are not members.'" SFFA Opp. at 8 (quoting *Calif. Sportfishing Prot. All. v. Diablo Grande, Inc.*, 209 F. Supp. 2d 1059, 1066 (E.D. Cal. 2002) (collecting cases)). SFFA further explained that it would easily satisfy the "indicia of membership" test in any event. SFFA Opp. at 13-23. Although governing law requires that SFFA needs only one member with standing and Standing Member 1 clearly fills that bill, *see id.* at 20, SFFA noted that it has several other members with standing, *id.* at 5.

As made clear in SFFA's filings, two of its standing members were rejected for admission into the 2017 freshman class at UNC and recently decided to join SFFA and become standing members ("Standing Members 5 & 6"). Exs. M-N. SFFA's other standing members all maintain their individual standing, so the presence of Standing Members 5 & 6 is unnecessary here; SFFA went above and beyond any requirement in identifying these additional standing members. UNC claims in its reply brief that it is somehow prejudiced by being made aware of Standing Members 5 & 6 and requests that it should be permitted to depose them (Dkt. 115, at 11-12).

## II. ARGUMENT

UNC's request to depose Standing Members 5 & 6 is meritless. It serves only to highlight UNC's misapprehension of the fundamental principles of standing.

To begin with, UNC made a voluntary and strategic decision to depose only Standing Member 1. It made no request to depose Standing Members 2-4—notwithstanding the fact that those three standing members were disclosed to UNC at least five months and as many as two years before the close of fact discovery. *See* Exs. J-L. UNC's decision to depose only Standing Member 1 thus was its choice. As UNC disclaimed any interest in additional depositions during the discovery period, it cannot now claim prejudice and seek to re-open discovery to depose Standing Members 5 & 6.

Moreover, deposing Standing Members 5 & 6 would be a waste of time. Even assuming that Standing Members 5 & 6 were to recant their declarations in deposition testimony, it would have no effect on this motion. Longstanding and unchallenged Supreme Court precedent on associational standing requires that one—and only one—

3

member of SFFA needs to have individual standing. As SFFA explained previously, Standing Member 1 fulfills this requirement easily. *See* SFFA Opp. at 20. And so do each of Standing Members 2-4, as UNC has chosen not to respond to their declarations in support of their standing. *See* Ex. J-L. But because Standing Member 1 suffices, SFFA does not need to rely on Standing Members 2-4 (much less Standing Members 5 & 6) to defeat UNC's motion to dismiss.

Standing Members 5 & 6 relate to something quite different. SFFA has a duty to maintain its standing throughout the duration of this litigation (including on appeal). Because this litigation will ultimately take several years until its conclusion, some of SFFA's Standing Members are likely to graduate from UNC or otherwise cease maintaining their individual standing. Accordingly, as future applicants who are rejected by UNC join SFFA and express their interest in being standing members, SFFA will continue to apprise the Court and the parties of such developments. Though UNC suggests otherwise, there is nothing unusual about this. *See Parents Involved in Cmty. Schs. v. Seattle Schs. Dist. No. 1*, 551 U.S. 701, 718 (2007) (affidavits lodged with the Court on behalf of organization's members with standing). This is all that happened here.[1]

## III.    CONCLUSION

For the foregoing reasons, the Court should reject UNC's request to depose Standing Members 5 & 6.

---

[1] Because Standing Members 5 & 6 are irrelevant to this motion, the Court is free to disregard their declarations for the purposes of resolving the motion.

**Respectfully submitted this 12th day of December, 2017.**

/s/ Thomas R. McCarthy
Thomas R. McCarthy
Consovoy McCarthy Park PLLC
3033 Wilson Boulevard, Suite 700
Arlington, Virginia 22201
(703) 243-9423
E: tom@consovoymccarthy.com

/s/ William S. Consovoy
William S. Consovoy
Consovoy McCarthy Park PLLC
3033 Wilson Boulevard, Suite 700
Arlington, Virginia 22201
(703) 243-9423
E: will@consovoymccarthy.com

/s/ J. Michael Connolly
J. Michael Connolly
Consovoy McCarthy Park PLLC
3033 Wilson Boulevard, Suite 700
Arlington, Virginia 22201
(703) 243-9423
E: mike@consovoymccarthy.com

/s/ Alan M. Ruley
N.C. State Bar No. 1647
Bell, Davis & Pitt, P.A.
P.O. Box 21029
Winston Salem, NC 27120-1029
(336) 714-4147
E: aruley@belldavispitt.com

*Attorneys for Plaintiff*

5

## CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2017, I filed a true and correct copy of the foregoing surreply with the Clerk of Court using the CM/ECF system, which will be served on all registered users.

This 12th day of December, 2017.

/s/ Thomas R. McCarthy
Thomas R. McCarthy

Case 1:14-cv-00954-LCB-JLW   Document 123   Filed 12/12/17   Page 6 of 6