# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| STUDENTS FOR FAIR ADMISSIONS, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 1:14CV954 |
| UNIVERSITY OF NORTH CAROLINA, et al., | ) ) ) | |
| Defendants. | ) ) | |

## ORDER

This matter is before the Court upon Plaintiff Student For Fair Admissions, Inc.'s ("Plaintiff") Motion to Exclude Late-Designated Witnesses and Late-Produced Documents. (Docket Entry 136.) Defendant University of North Carolina at Chapel Hill ("UNC") and all other named Defendants (collectively "Defendants") have filed a response in opposition to Plaintiff's motion. (Docket Entry 144.) For the following reasons, the Court will deny Plaintiff's motion and permit additional time for limited discovery in this matter.

I.  BACKGROUND

This case challenges the constitutionality of UNC's use of race in its undergraduate admissions process. (*See generally* Compl., Docket Entry 1.) More specifically, Plaintiff claims that UNC's admissions policy and procedures violates the Equal Protection Clause of the Fourteenth Amendment because its use of race, color, and ethnicity is not narrowly tailored since applied as more than just a "plus factor," and UNC has improperly employed racial preferences when there are available race-neutral alternatives capable of achieving student body diversity. (*See id.* ¶¶ 197-213.)

1

Defendants filed an Answer to the Complaint on March 24, 2015. (Docket Entry 30.) Discovery commenced in this matter in May 2015, and fact discovery ended on June 30, 2017; however, expert discovery continued until July 2018 after several extension requests.[1] (*See* Docket Entries 69, 72, 129.)

In August 2018, Plaintiff filed the pending motion to exclude Defendants' Late-Designated Witnesses and Late-Produced Documents. (Docket Entry 136.) More specifically, the documents Plaintiff seeks to exclude consists of: (1) a 137-page report dated May 2018 that was produced by UNC's Race-Neutral Strategies Committee entitled "Examining Potential Race-Neutral Strategies in Undergraduate Admissions at University of North Carolina at Chapel Hill" (the "May 2018 Race-Neutral Strategies Report"); (2) an 83-page June 2018 report produced by UNC's Educational Benefits of Diversity & Inclusion Working Group (an entity formed in December of 2017); (3) a July 3, 2018 email (a portion of the document is redacted and marked "privileged") from Senior Associate Dean Abigail Panter to multiple UNC addressees attaching the May 2018 Race-Neutral Strategies Report; (4) minutes from an April 9, 2018 meeting of the Data Analytics Subcommittee of the Race-Neutral Strategies Task Force; and (5) an undated page of what appear to be typed notes regarding "Race Neutral Alternative Strategies – Impact of Diversity on the Student Experience". (Docket Entry 139 at 9-10.) Additionally, Plaintiff seeks to limit the testimony of Robert Blouin, who succeeded James Dean as Provost and Executive Vice Chancellor in September of 2017. (*Id.* at 8.) Defendants object to Plaintiff's motion. (Docket Entry 144.) A telephone hearing was held in this matter on September 18, 2018. The parties maintained their positions regarding this dispute.

---

[1] Discovery was partially stayed in this action pending a decision by the Supreme Court in *Fisher v. Univ. of Texas at Austin*, --- U.S. ----, 136 S. Ct. 2198, 195 L. Ed. 2d 511 (2016) ("*Fisher II*"). (*See* Docket Entry 65.)

## II. DISCUSSION

As a general rule, Federal Rule 26(b) provides general provisions regarding the scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). The federal rules also require parties early on in litigation to disclose witnesses and information that they "may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i). "The purpose of Rule 26(a) is to allow the parties to adequately prepare their cases for trial and to avoid unfair surprise." *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 396 (4th Cir. 2014). Additionally, Rule 26(a) disclosures must be timely supplemented "if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A).

If any party fails to "identify a witness as required by Rule 26(a) or (e)," then they are prevented from using that "witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Whether a failure to disclose is substantially justified or harmless depends upon a five-factor test:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

3

*Bresler v. Wilmington Tr. Co.*, 855 F.3d 178, 190 (4th Cir.) (citation omitted), *cert. denied*, 138 S. Ct. 470, 199 L. Ed. 2d 357 (2017). The first four factors "relate primarily to the harmlessness exception, while the last factor, addressing the party's explanation for its nondisclosure, relates mainly to the substantial justification exception." *Id.* The nondisclosing party bears the burden of establishing these factors. *Wilkins v. Montgomery*, 751 F.3d 214, 222 (4th Cir. 2014). "The determination of whether a Rule 26(a) or (e) violation is justified or harmless is entrusted to the broad discretion of the district court." *Reed v. Washington Area Metro. Transit Auth.*, No. 1:14CV65, 2014 WL 2967920, at *2 (E.D. Va. July 1, 2014) (unpublished).

**A. Defendants did not timely disclose the witness and documents.**

Here, a review of the evidence demonstrates that Defendants did not disclose the late-produced documents and Provost Blouin as a witness prior to the close of fact discovery. Fact discovery ended in July 2017, and Defendants disclosed the information about the witness and the documents on July 13, 2018. Thus, it was untimely. Defendants argue that the holding in *Fisher II* requires the "continual reassessment" of two focal points in the instant matter— "race neutral alternatives" in the admissions process and the "educational benefits of diversity." (Docket Entry 144 at 11.) Defendants further assert that UNC's obligation does not end at the close of discovery. *Id.* The Court does not find Defendants' argument persuasive on this point. The Supreme Court in *Fisher II* did in fact hold that the University of Texas at Austin has an "ongoing obligation to engage in constant deliberation and continued reflection regarding its admissions policies." 136 S. Ct. at 2215. This holding may be critical to the instant case; however, the Court notes that the finding in *Fisher II* was not in the context of a

4

discovery dispute and does not suggest that its holding stands for the position that discovery should be infinite.

Defendants also rely on the fact that Plaintiff seeks injunctive relief that would impact UNC's admission's policies moving forward. (Docket Entry 144 at 12.) Defendants correctly note that "[a] prospective injunction is entered only on the basis of current, ongoing conduct that threatens future harm." *Lyons P'ship, L.P. v. Morris Costumes, Inc.*, 243 F.3d 789, 799 (4th Cir. 2001). There are some instances where evidence produced after discovery is not excluded where injunctive relieve is sought. A district court within the Fourth Circuit wrote:

> The current facts [in this matter] are so vital to the court's decision when such form of relief is sought as the court is not only charged with determining the equitable relief appropriate on the date of the court's order, but is also expected to fashion relief that appears appropriate for extension into the future; such task can hardly be faithfully completed in reliance on a record that is nearly three and half years old and established prior to a significant factual development.

*Mercexchange, L.L.C. v. eBay, Inc.*, 467 F. Supp. 2d 608, 611 (E.D. Va. 2006). However, there are also some instances where late-produced evidence was excluded in injunctive relief matters. *See e.g., Syngenta Crop Prot., LLC v. Willowood, LLC*, No. 1:15-CV-274, 2017 WL 3309699 (M.D.N.C. Aug. 2, 2017); *Hoyle v. Freightliner, LLC*, 650 F.3d 321 (4th Cir. 2011). In any event, neither Defendants nor the Court has found mandatory or persuasive authority for allowing unfettered discovery in cases involving perspective relief that is coupled with an ongoing duty to maintain compliance with the federal Constitution.

As such, unless Defendants can carry their burden of demonstrating that the disclosure violation was justified or harmless, the information and witness must be excluded or other sanctions may be authorized. *Syngenta Crop Prot., LLC v. Willowood, LLC*, No. 1:15-CV-274,

2017 WL 3309699, at *5 (M.D.N.C. Aug. 2, 2017) (unpublished) (citing Fed. R. Civ. P. 37(c)) ("While exclusion is the presumed sanction, the Court has discretion to determine what sanction is appropriate."). As further explained below, the Court finds that Defendants' late disclosures are harmless and Plaintiff is not prejudiced as a result of the late disclosures. Plaintiff's motion will therefore be denied.

**B. The late disclosures are harmless.**

The Court concludes here that the untimely disclosures are harmless. The circumstances here demonstrate that the factors weigh in Defendants' favor. First, Plaintiff was not completely surprised by the late-produced evidence. An exchange of emails in or about June 2017 and August 2017 demonstrate that Plaintiff was aware of on-going work of UNC. (*See* Emails, Exs. 7, 8, Docket Entries 144-7, 144-8.)[2] Additionally, Plaintiff received evidence in December 2017 regarding UNC's assessment activities. (*See* Emails, Exs. 12, 13, Docket Entries 144-12, 144-13.) Thus, this factor weighs in Defendants' favor.

The next three factors also weigh in Defendants' favor. A trial date has not been set in this matter. With no date impending, any surprise may be cured by permitting limited discovery as to the late-produced documents so that Plaintiff may have the ability to process and fairly consider the additional evidence. Summary judgment deadlines may also be extended. Additionally, neither party really disputes the significance of the information. Having found that the late-produced evidence is harmless, the Court will deny Plaintiff's motion and reopen discovery for a limited purpose.[3] *Edwards v. McElliotts Trucking, LLC*, 268

---

[2] In its letter, Plaintiff did object to any future work by UNC's Committee on Race-Neutral Strategies. (Docket Entry 144-7 at 2.)
[3] As Plaintiff points out, the Undersigned previously ordered that there would be no further discovery

6

F. Supp. 3d 867, 884 (S.D.W. Va. 2017) (unpublished) (finding that even if there was a surprise, "the surprise can be easily cured through agreement with [Plaintiff] to reopen discovery for the limited purpose of deposing the witness. At this stage in the case, it would have no effect on the trial."); *E. Bridge Lofts Prop. Owners Ass'n, Inc. v. Crum & Forster Specialty Ins. Co.*, No. 2:14-CV-2567-RMG, 2015 WL 12831677, at *3 (D.S.C. July 9, 2015) (unpublished) ("Because the Court can and will cure any surprise and/or prejudice, the Court finds the late disclosure harmless[.]"); *Bodden v. Cole*, No. 3:11-CV-127-J-20MCR, 2012 WL 33051, at *2 (M.D. Fla. Jan. 6, 2012) (unpublished) ("Plaintiff's alleged untimely disclosures are harmless because Defendant will not suffer any prejudice as trial is not [imminent], and the Court will reopen discovery for this limited purpose.").

**C. The testimony of Provost Blouin shall not be limited.**

Having concluded that the Court will reopen discovery for a limited purpose in this matter, the Court finds no reason to limit the testimony of Provost Blouin. Thus, Plaintiff's motion as to this issue is also denied.

---

extensions in this matter. (*See* Docket Entry 129 at 2.) However, given the nature of the circumstances now pending before the Court, discovery will be reopened for a limited purpose.

The Court further notes that it is possible that UNC is continuing to engage in on-going work with its various Committees. The limited discovery will be solely related to the information produced in July 2018. Defendants should continue to meet the standards in *Fisher II*; however, discovery in this matter is not unfettered and the "[t]he management of the Court's docket is of the utmost importance to the carrying out of justice." *Tilyard v. O'Reilly Auto Parts, Inc.*, No. 1:11CV236, 2012 WL 5250534, at *6 (M.D.N.C. Oct. 24, 2012) (unpublished) (internal citations omitted).

7

## III. CONCLUSION

For the reasons stated herein, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Exclude Late-Designated Witnesses and Late-Produced Documents (Docket Entry 136) is **DENIED**.

**IT IS FURTHER ORDERED** that discovery shall be reopened for the limited purpose of allowing Plaintiff an opportunity to make appropriate discovery requests, depose the UNC officials who authored or created the late-disclosed documents, and submit supplemental expert reports addressing them. As such, the limited discovery shall be completed no later than **Wednesday, December 19, 2018**, and summary judgment motions shall be filed no later than **Friday, January 18, 2019**.

/s/ Joe L. Webster
Joe L. Webster
United States Magistrate Judge

September 19, 2018
Durham, North Carolina