# Exhibit 1

**UNANIMOUS WRITTEN CONSENT**
**IN LIEU OF A MEETING**
*of*
**THE BOARD OF DIRECTORS**
*of*
**STUDENTS FOR FAIR ADMISSIONS, INC.**

The undersigned, being and constituting all of the members of the Board of Directors of Students for Fair Admissions, Inc. (the "Corporation"), a Virginia nonstock corporation, for purposes of taking action in lieu of an organizational meeting of the Board of Directors of the Corporation, pursuant to Section 13.1-841 of the Virginia Nonstock Corporation Act, hereby adopt the following resolutions and waive all requirements of notice:

**Amendment of Bylaws**

WHEREAS, Section 7.05 of the Corporation's Bylaws provides that the Board of Directors may amend the Bylaws in whole or in part by a majority vote of the directors then in office;

WHEREAS, Article III of the Corporation's Bylaws provides that the Corporation shall have "Members" with rights, privileges, and obligations established by the Board of Directors, but shall not have voting rights and shall not be considered "members" within the meaning of the Act;

WHEREAS, the Corporation's Members presently number more than 20,000, and the Members have expressed a desire to participate directly in the leadership of the Corporation;

WHEREAS, the Board of Directors believes that Members should have a direct voice in the Corporation's decision-making, including the management and direction of ongoing litigation;

WHEREAS, the Board of Directors believes it is in the best interests of the Corporation to amend the Bylaws to permit Members to directly elect a member of the Board of Directors;

WHEREAS, the Board of Directors has waived membership dues for Members since the Corporation's inception because it believed that doing so would encourage participation, aid membership recruitment, and ensure the success of the Corporation in its early stages;

WHEREAS, the Board of Directors believes it is in the best interests of the Corporation to amend the Bylaws to clarify the dues requirements of Members;

WHEREAS, the Board of Directors has reviewed and considered the Amended Bylaws (Exhibit A) to effect such changes;

BE IT RESOLVED, that said Amended Bylaws are adopted in their entirety and a copy is ordered placed in the minute book of the Corporation.

**Establishment of Dues Policy for General Members**

WHEREAS, Section 3.02 of the Corporation's Bylaws provided that Members shall have the "rights, privileges, and obligations established by the Board of Directors;"

WHEREAS, Section 3.02 of the Amended Bylaws clarifies that General Members shall pay membership dues as may be prescribed by the Board of Directors;

WHEREAS, the Board of Directors has waived membership dues for General Members since the Corporation's inception because it believed that doing so would encourage participation, aid membership recruitment, and ensure the success of the Corporation in its early stages;

WHEREAS, the Corporation has been in existence for nearly one year and has experienced extraordinary membership growth;

WHEREAS, the Board of Directors believes it is in the best interests of the Corporation to begin assessing membership dues upon the one-year anniversary of the Corporation's formation;

BE IT RESOLVED, that the Corporation shall continue to waive membership dues for individuals who become General Members prior to July 30, 2015; and

FURTHER RESOLVED, that the Corporation shall require individuals who become General Members on or after July 30, 2015 to pay a one-time assessment of $10 as membership dues.

**Adoption of Member-Elected Director Election Procedures**

WHEREAS, Article IV of the Amended Bylaws created a new directorship to be elected by the Corporation's General Members (the "Member-Elected Director");

WHEREAS, Section 4.04(b) of the Amended Bylaws provides that the Member-Elected Director shall be elected in conjunction with the annual meeting of the Board of Directors by an affirmative vote of a majority of the General Members;

WHEREAS, Section 4.04(b) of the Amended Bylaws further provides that the Board of Directors shall determine the time, method, manner, and eligibility of voting for the Member-Elected Director;

WHEREAS, the Board of Directors has determined that it is in the best interests of the Corporation to hold an election for the Member-Elected Director in conjunction with the Board of Directors' upcoming 2015 annual meeting;

WHEREAS, the Board of Directors has further determined that it is in the best interests of the Corporation to conduct the election in accordance with the attached "Procedures for Electing Member-Elected Directors" (Exhibit B);

BE IT RESOLVED, that the "Procedures for Electing Member-Elected Directors" are adopted in their entirety, and the first election for the Member-Elected Director shall be held in accordance with these procedures.

**Authorization and Ratification**

BE IT RESOLVED, that the officers of the Corporation are hereby authorized to do all things, take all actions, and to execute, deliver, and file all documents, in the name and on behalf of the Corporation, as may be determined by the officers to be necessary or appropriate to give effect to the foregoing resolutions and the matters contemplated thereby (the appropriateness of which shall be conclusively determined by the taking of such action); and

FURTHER RESOLVED, that any and all actions taken and documents executed by the officers of the Corporation in furtherance of the foregoing resolutions or the matters contemplated thereby are hereby ratified, confirmed, and approved in all respects.

* * *

This action by unanimous written consent may be signed in any number of counterparts, all of which when taken together will constitute one and the same document.

Dated: June 19, 2015

[SIGNATURE PAGE FOLLOWS]

SIGNATURE PAGE TO
UNANIMOUS WRITTEN CONSENT
IN LIEU OF A MEETING
of
THE BOARD OF DIRECTORS
of
STUDENTS FOR FAIR ADMISSIONS, INC.

IN WITNESS WHEREOF, the undersigned have executed this Written Consent as of the date set forth above.

Edward Blum
Director

Abigail Fisher
Director

Richard Fisher
Director

**SIGNATURE PAGE TO**
**UNANIMOUS WRITTEN CONSENT**
**IN LIEU OF A MEETING**
*of*
**THE BOARD OF DIRECTORS**
*of*
**STUDENTS FOR FAIR ADMISSIONS, INC.**

IN WITNESS WHEREOF, the undersigned have executed this Written Consent as of the date set forth above.

______________________________
Edward Blum
Director

______________________________
Abigail Fisher
Director

______________________________
Richard Fisher
Director

**SIGNATURE PAGE TO**
**UNANIMOUS WRITTEN CONSENT**
**IN LIEU OF A MEETING**
*of*
**THE BOARD OF DIRECTORS**
*of*
**STUDENTS FOR FAIR ADMISSIONS, INC.**

IN WITNESS WHEREOF, the undersigned have executed this Written Consent as of the date set forth above.

______________________________
Edward Blum
Director

______________________________
Abigail Fisher
Director

______________________________
Richard Fisher
Director

**EXHIBIT A**

Amended Bylaws
(see attached)

CONFIDENTIAL SFFA-UNC 0000058

# BYLAWS

*of*

# STUDENTS FOR FAIR ADMISSIONS, INC.

(Formed under the Virginia Nonstock Corporation Act)

(Adopted August 6, 2014; Amended June 19, 2015)

## ARTICLE I
*Name and Location*

Section 1.01 Name. The name of the corporation is Students for Fair Admissions, Inc. (the "Corporation").

Section 1.02 Location. The principal office of the Corporation shall be located at 2200 Wilson Blvd., Suite 102-13, Arlington, VA 22201, or at any other place approved by the Board of Directors.

Section 1.03 Registered Office and Agent. The Corporation shall continuously maintain a registered office and agent within the Commonwealth of Virginia at such place as may be designated by the Board of Directors. The Corporation's initial registered office and agent are set forth in the Articles of Incorporation.

## ARTICLE II
*Purposes*

The Corporation is organized and shall be operated exclusively for charitable, religious, scientific, literary, educational and other purposes within the meaning of Section 501(c)(3) of the Internal Revenue Code of 1986, as now in effect or as hereafter may be amended (the "Code"). The purposes for which the Corporation is formed are to defend human and civil rights secured by law, including the right of individuals to equal protection under the law, through litigation and any other lawful means, and to engage in any lawful act or activity for which corporations may be organized under the Virginia Nonstock Corporation Act (the "Act"). In furtherance thereof, the Corporation shall have all the general powers enumerated in Sections 13.1-826 and 13.1-827 of the Act.

## ARTICLE III
*Membership*

Section 3.01 Members. The Corporation shall have one class of members, referred to as General Members, which shall not be "members" within the meaning of the Act and shall have only the rights specifically set forth in these Bylaws.

Section 3.02 General Members. Any individual who seeks to support the purposes and mission of the Corporation, pays membership dues as may be prescribed by the Board of

Directors, and meets any additional standards and procedures that may be prescribed from time to time by the Board of Directors shall be eligible to become a General Member. General Members shall have the right to vote for one (1) Member-Elected Director pursuant to Section 4.04.

Section 3.03 Revocation; Resignation. The Board of Directors may revoke the membership of any General Member on the grounds that the General Member has engaged or is engaging in activities which are, in the sole discretion of the Board of Directors, contrary to the purposes of the Corporation. A General Member may resign at any time upon written notice to the Corporation.

## ARTICLE IV
*Board of Directors*

Section 4.01 Power of Board of Directors. The business and affairs of the Corporation shall be managed by the Board of Directors.

Section 4.02 Number of Directors. The number of directors of the Corporation shall be five (5) and shall consist of four (4) Board-Elected Directors and one (1) Member-Elected Director.

Section 4.03 Qualifications. All directors must be General Members of the Corporation.

Section 4.04 Election and Term of Directors.

(a) Board-Elected Directors. There shall be four (4) Board-Elected Directors. Board-Elected Directors shall be elected at the applicable annual meeting of the Board of Directors by an affirmative vote of a majority of the directors then in office, to serve for terms of two (2) years from the date of their election, and each shall continue in office until his or her successor is elected or qualified, or until his or her prior death, resignation, or removal.

(b) Member-Elected Director. There shall be one (1) Member-Elected Director. The Member-Elected Director shall be elected in conjunction with the applicable annual meeting of the Board of Directors by an affirmative vote of a majority of the General Members, to serve for a term of two (2) years from the date of such director's election, and such director shall continue in office until his or her successor is elected or qualified, or until his or her prior death, resignation, or removal. The time, method, manner, and eligibility of voting for the Member-Elected Director shall be determined by the Board of Directors. Neither cumulative nor proxy voting shall be allowed in such elections. The candidate receiving the highest number of votes shall be elected.

Section 4.05 Vacancies. A vacancy of a Board-Elected Directorship may be filled by a majority vote of the directors then in office although less than a quorum, or by a sole remaining director. A vacancy of a Member-Elected Directorship shall be filled by an affirmative majority vote of the General Members. Such election shall be held within sixty (60) days of the Member-Elected Directorship becoming vacant; provided that an election to fill a vacancy resulting from

the creation of a new Member-Elected Directorship shall be held within ninety (90) days of such creation. A director elected to fill a vacancy shall be elected for the unexpired term of his or predecessor in office and until his or her successor is elected and qualified.

Section 4.06 Removal. Any director may be removed with or without cause at any time by action of the Board. A director may be removed only at a meeting called for that purpose (together with other purposes, if any).

Section 4.07 Resignations. Any director may resign at any time upon written notice to the Corporation. Unless otherwise specified in the written notice, the resignation shall be effective upon delivery to the Corporation.

Section 4.08 Quorum of the Board of Directors and Action of the Board of Directors. Unless a greater proportion is required by law or by these Bylaws for adoption of a particular action, a majority of the directors shall constitute a quorum for the transaction of business and, except as otherwise provided by law or by the Articles of Incorporation or these Bylaws, the vote of a majority of the directors present at the meeting at which a quorum is present shall be the act of the Board of Directors.

Section 4.09 Meetings of the Board of Directors. An annual meeting of the Board of Directors shall be held each year at such time and place as shall be fixed by the Board of Directors, for the election of officers and directors and for the transaction of such other business as may properly come before the meeting. Regular meetings of the Board of Directors shall be held at such times as may be fixed by the Board of Directors. Special meetings of the Board of Directors may be held at any time whenever called by a majority of the directors then in office. Notice of all special meetings shall be delivered in writing to all directors and shall specify the matters to be addressed at such meeting. Meetings of the Board of Directors may be held at such places within or without the Commonwealth of Virginia as may be fixed by the Board of Directors for annual and regular meetings and in the notice of meeting for special meetings.

Section 4.10 Informal Action by the Board of Directors. Unless otherwise restricted by the Articles of Incorporation or these Bylaws, any action required or permitted to be taken by the Board of Directors may be taken without a meeting if all directors consent in writing to the adoption of a resolution authorizing the action. The resolution and the written consents thereto by the directors shall be filed with the minutes of proceedings of the Board of Directors. A written consent and the signing thereof may be accomplished by one or more electronic transmissions, including a signed email message from the applicable director.

Section 4.11 Meetings by Conference Telephone. Any one or more members of the Board of Directors may participate in a meeting of such Board of Directors by means of conference telephone or similar communications equipment by means of which all persons participating in the meeting can communicate with one another. Participation in a meeting by such means shall constitute presence in person at the meeting.

Section 4.12 Compensation of Directors. The Corporation may not pay any compensation to directors for services rendered, except that directors may be reimbursed for

expenses incurred in the performance of their duties to the Corporation, in reasonable amounts as approved by a majority of the entire Board of Directors.

## ARTICLE V
*Committees*

Section 5.01 General Provisions. A majority of the Board of Directors may create one or more committees and appoint members of the Board of Directors to serve on them. To the extent specified by the Board of Directors, each committee may exercise the authority of the Board of Directors, except that a committee may not exercise authority prohibited by law.

Section 5.02 Committee Rules. Requirements for the Board of Directors set forth herein or, if applicable, in Sections 13.1-864 through 13.1-868 of the Act as now in effect or as may hereafter be amended, or any other statutory provision, governing meetings, action without meetings, notice and waiver of notice, and quorum and voting requirements shall apply to committees and their members as well.

## ARTICLE VI
*Officers, Agents, and Employees*

Section 6.01 Officers. The Board of Directors shall elect or appoint a President, Secretary, and Treasurer, and it may, if it so determines, elect or appoint one or more Vice Presidents, Assistant Secretaries, Assistant Treasurers, and other officers and may give any of them such further designation or alternate titles as it considers desirable. The same individual may simultaneously hold more than one office in the Corporation.

Section 6.02 Term of Office, Vacancies and Removal. Each officer shall hold office for the term for which he or she is elected or appointed and until his or her successor is elected or appointed and qualified, or until his or her earlier death, resignation or removal. All officers shall be elected or appointed at the annual meeting of the Board of Directors, except in the case of initial officers and vacancies resulting from any resignation or removal, which may be filled by the Board of Directors as needed. An officer appointed or elected to fill a vacancy shall hold office for the unexpired term of his or her predecessor in office, and until his or her successor is elected and qualified. Any officer may be removed by the Board of Directors with or without cause at any time.

Section 6.03 Resignation. Any officer may resign at any time by giving written notice to the Corporation. Unless otherwise specified in the written notice, the resignation shall be effective upon delivery to the Corporation.

Section 6.04 Powers and Duties of Officers. Subject to the control of the Board of Directors, all officers as between themselves and the Corporation shall have such authority and perform such duties in the management of the Corporation as may be provided by the Board of Directors and, to the extent not so provided, as generally pertain to their respective offices.

*President.* The President shall serve as the chief executive officer of the Corporation and preside at all meetings of the Board of Directors. The President shall supervise and



CONFIDENTIAL SFFA-UNC 0000062

control all of the affairs of the Corporation and oversee the management of the Corporation in accordance with policies and directives approved by the Board of Directors, including appointing assistants and hiring employees as necessary to ensure orderly operations.

*Secretary*. The Secretary shall be responsible for the keeping of an accurate record of the proceedings of all meetings of the Board of Directors, shall give or cause to be given all notices in accordance with these Bylaws or as required by law, and shall perform all duties customary to the office of Secretary.

*Treasurer*. The Treasurer shall have the custody of, and be responsible for, all funds and securities of the Corporation. He or she shall keep or cause to be kept complete and accurate accounts of receipts and disbursements of the Corporation, and shall deposit all monies and other valuable property of the Corporation in the name and to the credit of the Corporation in such banks or depositories as the Board of Directors may designate. Whenever required by the Board of Directors, the Treasurer shall render a statement of accounts. He or she shall at all reasonable times exhibit the books and accounts to any officer or director of the Corporation, and shall perform all duties incident to the office of Treasurer, subject to the supervision of the Board of Directors, and such other duties as shall from time to time be assigned by the Board of Directors.

Section 6.05 Agents and Employees. The Board of Directors may appoint agents and employees who shall have such authority and perform such duties as may be prescribed by the Board of Directors. The Board of Directors may remove any agent or employee at any time with or without cause. Removal without cause shall be without prejudice to such person's contract rights, if any, and the appointment of such person shall not itself create contract rights.

Section 6.06 Compensation of Officers, Agents and Employees. The Corporation may pay compensation to officers for services rendered to the Corporation in their capacity as officers, and officers may be reimbursed for expenses incurred in the performance of their duties to the Corporation, in reasonable amounts as approved by a majority of the entire Board of Directors. The Corporation may pay compensation in reasonable amounts to agents and employees for services rendered, such amounts to be fixed by the Board of Directors or, if the Board of Directors delegates power to any officer or officers, then by such officer or officers. The Board of Directors may require officers, agents or employees to give security for the faithful performance of their duties.

## ARTICLE VII
*Miscellaneous*

Section 7.01 Fiscal Year. The fiscal year of the Corporation shall be the calendar year or such other period as may be fixed by the Board of Directors.

Section 7.02 Corporate Seal. The corporate seal, if any, shall be circular in form, shall have the name of the Corporation inscribed thereon and shall contain the words "Corporate Seal" and "Virginia" and the year the Corporation was formed in the center, or shall be in such form as may be approved from time to time by the Board of Directors.

Section 7.03 Checks, Notes, Contracts. The Board of Directors shall determine who shall be authorized from time to time on the Corporation's behalf to: (A) sign checks, drafts, or other orders for payment of money; (B) to sign acceptances, notes, or other evidences of indebtedness; (C) to enter into contracts; and (D) to execute and deliver other documents and instruments.

Section 7.04 Books and Records. The Corporation shall keep correct and complete books and records of account, the activities and transactions of the Corporation, minutes of the proceedings of the Board of Directors and any committee of the Corporation, a current list of the directors and officers of the Corporation, their business addresses and the Corporation's most recent annual report. Any of the books, minutes, and records of the Corporation may be in written form or in any other form capable of being converted into written form within a reasonable time.

Section 7.05 Amendment of Articles of Incorporation and Bylaws. The Articles of Incorporation or Bylaws of the Corporation may be amended in whole or in part by a majority vote of the directors then in office and upon the taking of any other actions required under the Act.

Section 7.06 Indemnification and Insurance. The Corporation shall indemnify any director, any former director, any person who while a director of the Corporation may have served at its request as a director, officer, partner, trustee, employee, or agent of another foreign or domestic corporation, partnership, joint venture, trust, employee benefit plan or other enterprise, and may, by resolution of the Board of Directors, indemnify any officer, employee, or agent against any and all expenses and liabilities actually and necessarily incurred by him or her or imposed on him or her in connection with any claim, action, suit, or proceeding (whether actual or threatened, civil, criminal, administrative, or investigative, including appeals) to which he or she may be or is made a party by reason of being or having been such director, officer, employee or agent; subject to the limitation, however, that there shall be no indemnification in relation to matters unless such person: (1) conducted himself or herself in good faith; (2) believed in the case of conduct in his or her official capacity with the Corporation that his or her conduct was in the best interest of the Corporation; and in all other cases that his or her conduct was at least not opposed to the best interests of the Corporation; or (3) in the case of any criminal proceeding, he or she had no reasonable cause to believe that his or her conduct was unlawful. Further, there shall be no indemnification in connection with a proceeding (A) by or in the right of the Corporation in which the director, officer, employee or agent was judged liable to the Corporation, or (B) in which improper personal benefit is charged.

The Corporation shall upon order of a court of competent jurisdiction indemnify a director who entirely prevails in the defense of any proceeding to which he or she was a party because he or she is or was a director of the Corporation, for reasonable expenses incurred by him or her in connection with the proceeding.

Amounts paid in indemnification of expenses and liabilities may include, but shall not be limited to, counsel fees and other fees; costs and disbursements; judgments, fines, and penalties against, and amounts paid in settlement by, such director, officer, employee or agent. The

Corporation may pay for or reimburse the reasonable expenses in advance of final disposition of the proceeding provided that the provisions of Section 13.1-878 of the Act are met.

The provisions of this Article shall be applicable to claims, actions, suits, or proceedings made or commenced after the adoption hereof, whether arising from acts or omissions to act occurring before or after adoption hereof.

The indemnification provided by this Article shall not be deemed exclusive of any other rights to which such director, officer, or employee may be entitled under any statute, bylaw, agreement, vote of the Board of Directors, or otherwise and shall not restrict the power of the Corporation to make any indemnification permitted by law.

The Board of Directors may authorize the purchase of and maintain insurance on behalf of any director, officer, employee or agent of the Corporation against any liability asserted against or incurred by him or her which arises out of such person's status in such capacity or who is or was serving at the request of the Corporation as a director, officer, employee or agent of another foreign or domestic corporation, partnership, joint venture, trust, employee benefit plan or otherwise, or out of acts taken in such capacity, whether or not the Corporation would have the power to indemnify the person against that liability under law.

If any part of this Section shall be found in any action, suit or proceeding to be invalid or ineffective, the validity and the effectiveness of the remaining parts shall not be affected.

Section 7.07 Dissolution. The Corporation may be dissolved at any time by majority vote of the directors then in office and upon the taking of any other actions required under the Act. In the event of dissolution or final liquidation of the Corporation, all of the remaining assets of the Corporation shall, after paying or making provision for the payment of all of the liabilities and obligations of the Corporation and for necessary expenses thereof, be distributed as determined by the Board of Directors in accordance with the Articles of Incorporation and applicable law.

CONFIDENTIAL SFFA-UNC 0000065

**EXHIBIT B**

**Procedures for Electing Member-Elected Directors**

Students for Fair Admissions, Inc.'s ("SFFA") General Members are entitled to elect one (1) individual to serve on SFFA's Board of Directors (the "Member-Elected Director"). SFFA's Bylaws provide that the Board of Directors is responsible for determining the time, method, manner, and eligibility of voting for such elections. The following election procedures shall be followed when an election for a Member-Elected Director is required by the Bylaws.

1. Announcement of Election. The Board of Directors shall send an email to its General Members announcing that there will be an election for the Member-Elected Director. The date on which the announcement email is sent shall be the "Record Date," which shall be used to set the deadlines below and to determine eligibility to participate in the election. The announcement email shall call for self-nominations, clearly identify all deadlines, and include a copy of these election procedures.

2. Candidate Qualifications. A candidate for Member-Elected Director must be a General Member of SFFA as of the Record Date.

3. Nomination Process. Any individual who would like to be a candidate for Member-Elected Director must submit a self-nomination no later than fourteen (14) days after the Record Date at 11:59 P.M. E.D.T. The self-nomination must include the candidate's name, address, telephone number, email address, and a personal statement of 500 words or less describing the candidate's qualifications and explaining why the candidate would like to serve on SFFA's Board of Directors. The self-nomination must be submitted via email to the email address specified in the announcement email.

4. Selection of Nominees; Appearance on Ballot. No more than five (5) candidates shall appear on the ballot. In the event that more than five (5) individuals submit self-nominations, the Board of Directors shall select five (5) nominees to appear as candidates on the ballots.

5. Eligibility to Vote. Any individual who is an General Member of SFFA as of the Record Date is eligible to vote in the election for Member-Elected Director. Each eligible voter is entitled to cast one ballot in the election. Cumulative and proxy voting are prohibited.

6. Distribution of Personal Statements and Ballots. No later than twenty-one (21) days after the Record Date, the Board of Directors shall send an email to the General Members eligible to vote setting forth the name, city/state, and personal statement of each candidate as well as a link to the online ballot.

7. Voting Period. The time period for voting shall begin as soon as the ballots are distributed and shall end twenty-eight (28) days after the Record Date at 11:59 P.M. E.D.T.

8. Winner. The candidate receiving the highest number of votes shall be elected. In the event of a tie between candidates, the Board of Directors shall determine the tie by a coin

toss. The Board of Directors has the sole authority and discretion to resolve any disputes concerning the election.

9. Declaration of Winner. No later than thirty-one (31) days after the Record Date, the Board of Directors shall email the General Members declaring the winner of the election. The winner shall take office immediately upon this declaration.

10. Amendment of Procedures. The Board of Directors may amend these procedures at any time without notice, provided that such amendments do not take effect during the time period between the Record Date and the declaration of the winner.