# Exhibit 7

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# CASE NO. 1:14-CV-954

| | |
|---|---|
| **STUDENTS FOR FAIR ADMISSIONS, INC.,** | |
| Plaintiff, | |
| v. | |
| **UNIVERSITY OF NORTH CAROLINA, et al.,** | |
| Defendants. | |

## DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS

Pursuant to Federal Rules of Civil Procedure 26 and 36, and the Local Rules of the Middle District of North Carolina, Defendants object and otherwise respond to Plaintiff Students for Fair Admissions, Inc.'s First Requests for Admissions (the "Requests") as follows:

Defendants object to the Requests to the extent that they, or the related definitions and instructions, purport to impose any obligation on Defendants in excess of the requirements set forth in the Federal Rules of Civil Procedure, the Local Rules of the Middle District of North Carolina, or any other statute, rule, or order applicable to this action.

Defendants object to the Requests to the extent that the Requests, or the related definitions and instructions, purport to require Defendants to produce information that is protected from disclosure by the attorney-client privilege, the joint defense privilege, the attorney work product doctrine, or any other applicable privilege or immunity under federal or state statutory, constitutional, or common law (collectively "privilege"). Nothing contained in these responses is intended to be, or should be construed as, a waiver of any privilege.

Defendants object to the Requests to the extent that they are not limited by an appropriate time period on grounds that such Requests are overbroad, unduly burdensome, and irrelevant. Subject to and without waiving that objection, and unless otherwise specified in these responses, Defendants will provide information in response to Plaintiff's Requests from 2013 on.

Defendants reserve the right to supplement or amend any of their responses to Plaintiff's Requests, and object to the admissibility of any responses to the Requests. Defendants submit these responses without conceding the relevancy, materiality, or admissibility of the subject matter of any information produced in response to the Requests. Defendants reserve the right to assert additional objections to the Requests, if such objections become known or apparent in the future.

## RESPONSES AND OBJECTIONS

**Request for Admission No. 1:**

Admit that UNC-CH receives federal financial assistance and is covered by Title VI of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000d *et seq*.

**Response to Request for Admission No. 1:**

Admitted.

**Request for Admission No. 2:**

Admit that the statements made in UNC-CH's amicus briefs in *Fisher v. University of Texas at Austin*, 136 S. Ct. 2198 (2016), and *Fisher v. University of Texas at Austin*, 133 S. Ct. 2411 (2013), represent the views of UNC-CH.

**Response to Request for Admission No. 2:**

Defendants object to the phrase "views of UNC-CH" as overbroad, vague and ambiguous. Without waiving the foregoing objection, Defendants admit that, with exception of the statement on page 34 that the initial assessment of a Top Ten Percent plan drew upon external "data on all high school seniors across the State," the factual representations and legal

2

arguments represented the position of the University at the time the University filed the amicus brief in August 2012. The University denies SFFA's contention, as reflected in deposition questions and case filings, that the amicus brief reflects any endorsement or acknowledgement of, or agreement with, any theory of "mismatch." To the extent not expressly admitted, this request for admission is denied.

**Request for Admission No. 3:**

Admit that the documents produced by UNC-CH in this case are true and accurate copies of documents prepared by UNC-CH and kept in the regular course of its business.

**Response to Request for Admission No. 3:**

Admitted.

**Request for Admission No. 4:**

Admit that the data produced to SFFA by UNC-CH from its databases are true and accurate data maintained by UNC-CH and kept in the regular course of its business.

**Response to Request for Admission No. 4:**

Admitted.

**Request for Admission No. 5:**

Admit that UNC-CH's use of race in its admissions process is not limited to filling the last few places in an entering class.

**Response to Request for Admission No. 5:**

Defendants object to the phrase "filling the last few places" as vague and ambiguous because it does not provide sufficient clarity as to what Plaintiff means by "last" or "few" in the context of UNC-CH. Without waiving the foregoing objection, Defendants state that UNC-CH considers race as one factor among many in its individualized, holistic review of applicants for

admission without regard to when an applicant applies or is evaluated for admission. To the extent not expressly admitted, this request for admission is denied.

**Request for Admission No. 6:**

Admit that UNC-CH did not "conduct a review of its use of race and national origin in admissions" between November 27, 2012 and September 20, 2013 following the conclusion of the Department of Education's closing of its investigation into UNC-CH's admissions practices. *See* UNC0324860; UNC0080083.

**Response to Request for Admission No. 6:**

Defendants state that the University's Office of Undergraduate Admissions reviews its consideration of race and ethnicity as part of its annual review of admissions policies and procedures conducted in its regular course of business. The University did not conduct a special review of its admissions practices between November 27, 2012 and September 20, 2013 following or in response to the conclusion of the Department of Education's investigation. In 2013, however, the University formed a Working Group to evaluate race-neutral alternatives. To the extent not expressly admitted, this request for admission is denied.

**Request for Admission No. 7:**

Admit that UNC-CH's admissions office does not consider Asian Americans, as a group, to be underrepresented minorities.

**Response to Request for Admission No. 7:**

Defendants admit that Asian Americans are not considered underrepresented minorities in the context of its admissions practices but state that Asian American applicants are evaluated for admission using the individualized, holistic review that every applicant receives, which may include consideration of the unique life experience or cultural background of the applicant. The University further state that Asian Americans add important diversity to the UNC-CH community. To the extent not expressly admitted, this request for admission is denied.

4

**Request for Admission No. 8:**

Admit that in the past three years UNC-CH has given an admissions advantage to certain applicants because their relatives donated to UNC-CH.

**Response to Request for Admission No. 8:**

Defendants state that whether an applicant's relative has donated to the University may be information that is available to the Admissions Office but deny that a relative's donation to UNC-CH provides any admissions advantage. To the extent not expressly admitted, this request for admission is denied.

**Request for Admission No. 9:**

Admit that UNC-CH's Office of Institutional Research & Assessment is regularly relied upon by UNC-CH to collect, synthesize, and analyze institutional data to support UNC-CH's decision-making.

**Response to Request for Admission No. 9:**

Defendants object to the term "decision-making" as vague and overly broad. Without waiving the foregoing objection, Defendants admit that the Office of Institutional Research & Assessment serves to "advance the University of North Carolina at Chapel Hill's goal of becoming the nation's leading public university by providing comprehensive information to support institutional planning, policy formation, decision-making, [and] evaluation of effectiveness." *Mission Statement*, The University of North Carolina at Chapel Hill Office of Institutional Research & Assessment, http://oira.unc.edu/about-us/oira-mission-statement/. To the extent not expressly admitted, this request for admission is denied.

**Request for Admission No. 10:**

Admit that UNC-CH did not change the way it uses race in the admissions process after April 4, 2014.

5

**Response to Request for Admission No. 10:**

Defendants state that, as a general matter, UNC-CH has considered race as one factor of many in its holistic review of applicants both before and after 2014. The University's Office of Undergraduate Admissions reviews its consideration of race and ethnicity as part of its ongoing review of admissions policies and procedures. To the extent not expressly admitted, this request for admission is denied.

**Request for Admission No. 11:**

Admit that a version of Jennifer Kretchmar's draft report on race-neutral alternatives (UNC0099540) was presented to the Advisory Committee on Undergraduate Admissions on February 25, 2016 (UNC0283495).

**Response to Request for Admission No. 11:**

Admitted.

**Request for Admission No. 12:**

Admit that no material changes were made to Jennifer Kretchmar's draft report on race-neutral alternatives (UNC0099540) between October 31, 2014 and February 25, 2016.

**Response to Request for Admission No. 12:**

Defendants object to "material" as vague and ambiguous as it is undefined. Subject to the foregoing objection, Defendants state that no changes were made to the substance of Jennifer Kretchmar's draft report between October 31, 2014 and February 25, 2016. To the extent not expressly admitted, this request for admission is denied.

**Request for Admission No. 14:**

Admit that the Committee on Race-Neutral Strategies has not yet issued a report on the viability of race-neutral alternatives at UNC-CH.

**Response to Request for Admission No. 14:**

       Defendants state that, as of June 30, 2017, the Committee on Race-Neutral Strategies has not issued a report on the viability of race-neutral alternatives at UNC-CH but remains actively engaged in advancing its objectives and responsibilities and plans to issue a report in due course.

Dated: June 30, 2017                              Respectfully submitted,

                                                         Defendants University of North Carolina, *et al*.

|  | JOSH STEIN<br>Attorney General |
|---|---|
| /s/ Michael Scudder<br>Michael Scudder<br>Lara Flath<br>Marianne Combs<br>Skadden, Arps, Slate, Meagher & Flom, LLP<br>155 North Wacker Drive<br>Chicago, IL 60606-1720<br>(312) 407-0877<br>E: michael.scudder@skadden.com<br>E: lara.flath@skadden.com<br>E: marianne.combs@skadden.com | /s/ Stephanie Brennan<br>Stephanie Brennan<br>Special Deputy Attorney General<br>NC State Bar No. 35955<br>E: sbrennan@ncdoj.gov |
| /s/ Lisa Gilford<br>Lisa Gilford<br>Skadden, Arps, Slate, Meagher & Flom, LLP<br>300 South Grand Ave.<br>Suite 3400<br>Los Angeles, CA 90071<br>(213) 687-5130<br>E: lisa.gilford@skadden.com | /s/ Matthew Tulchin<br>Matthew Tulchin<br>Special Deputy Attorney General<br>NC State Bar No. 43921<br>E: mtulchin@ncdoj.gov<br><br>NC Department of Justice<br>Post Office Box 629<br>Raleigh, NC 27602-0629<br>T: (919) 716-6920<br>F: (919) 716-6764<br><br>*Attorneys for Defendants* |

**CERTIFICATE OF SERVICE**

I hereby certify that on June 30, 2017, a copy of the foregoing Responses and Objections to Plaintiff's First Requests for Admissions was served via electronic mail on the following attorneys:

| | |
|---|---|
| Thomas R. McCarthy<br>William S. Consovoy<br>J. Michael Connolly<br>Consovoy McCarthy PLLC<br>E: tom@consovoymccarthy.com<br>E: will@consovoymccarthy.com<br>E: mike@consovoymccarthy.com | Reed Colfax<br>Laura Gaztambide-Arandes<br>Relman, Dane & Colfax PLLC<br>E: larandes@relmanlaw.com<br>E: rcolfax@relmanlaw.com |
| Alan M. Ruley<br>Bell, Davis & Pitt, P.A.<br>E: aruley@belldavispitt.com | Jack Holtzman<br>North Carolina Justice Center<br>e: jack@ncjustice.org |
| *Attorneys for Plaintiff* | *Attorneys for Intervenor-Defendants* |

/s/ Michael Scudder
Michael Scudder
Skadden, Arps, Slate, Meagher & Flom, LLP
155 North Wacker Drive
Chicago, IL 60606-1720
(312) 407-0877
E: michael.scudder@skadden.com
*Attorney for Defendants*