# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# CASE NO. 1:14-CV-954

| | |
|---|---|
| STUDENTS FOR FAIR ADMISSIONS, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) **DEFENDANTS' BRIEF IN** ) **SUPPORT OF PLAINTIFF'S** ) **MOTION TO FILE UNDER SEAL** |
| THE UNIVERSITY OF NORTH CAROLINA AT CHAPEL HILL, et al., | ) **PURSUANT TO LOCAL RULE** ) **5.4(c)** ) |
| Defendants. | ) ) ) |

The UNC-Defendants respectfully file this brief in support of Plaintiff Students for Fair Admissions, Inc.'s motion to seal.

## NATURE OF THE MATTER BEFORE THE COURT

On January 18, 2019, SFFA moved for summary judgment on the grounds that the University of North Carolina at Chapel Hill's use of race in undergraduate admissions was unconstitutional. (Dkt. 158.) On the same day, in support of this motion and its supporting memorandum of law, SFFA provisionally filed under seal three documents produced by the UNC-Defendants during the course of discovery. (Dkt. 170.)

Pursuant to Local Rule 5.4 of the Rules of Practice and Procedure of the United States District Court for the Middle District of North Carolina, the UNC-Defendants submit this brief demonstrating why these documents (or portions of these documents) should be properly maintained under seal.

# ARGUMENT

I. **The UNC-Defendants Seek to Maintain Two Exhibits Containing Personally Identifiable Applicant Information Under Seal.**

   A. **Compelling Privacy Interests Warrant Sealing Applicant Personally Identifying Information.**

Two of the three documents at issue (portions of Exhibits 31 and 33 (Dkt. 170-2 and 170-3)) should be permanently sealed because, if filed publicly, they would reveal information about University applicants that is protected as confidential under federal and/or North Carolina law. As described in SFFA's motion to seal (Dkt. 170), the University seeks to maintain under seal an applicant's high school transcript (Exhibit 31) and a document created during the course of the University's admissions process that contains information about a small set of applicants from a specific high school along with several annotations (Exhibit 33).

These documents should be maintained under seal despite the First Amendment presumption of access. *See Doe v. Pub. Citizen*, 749 F.3d 246, 267 (4th Cir. 2014) ("We have squarely held that the First Amendment right of access attaches to materials filed in connection with a summary judgment motion.") (citing *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 252–53 (4th Cir. 1988)); *Qayumi v. Duke Univ.*, No. 1:16-CV-1038, 2018 WL 2025664, at *1 (M.D.N.C. May 1, 2018). First Amendment access is not an unfettered right and may be overcome if sealing the documents serves an important, or compelling, governmental interest and there is no less restrictive way to

2

serve that interest. *Rushford*, 846 F.2d at 253; *Lynch v. Private Diagnostic Clinic, PLLC*, No. 1:16CV526, 2018 WL 1384486, at *6 (M.D.N.C. Mar. 16, 2018).

Here, the public's presumptive right of access is outweighed by countervailing interests—specifically, the University's interest in maintaining applicant confidentiality as required by federal and state law. Applicants turn over information that is sensitive, highly personal, *and* individually identifying. They do so with the expectation that higher education institutions will use the information to make careful, informed admissions decisions, and for no other purpose. This expectation of confidentiality is recognized in federal law through the Family Educational Rights and Privacy Act ("FERPA") (20 U.S.C. § 1232g) and North Carolina law, including N.C. Gen. Stat. § 132-1 et seq.

This compelling interest protected by FERPA strongly weighs in favor of granting the motion to seal with respect to Exhibit 31 (the high school transcript of an applicant who matriculated at the University). *See Rosenfeld v. Montgomery Cty. Pub. Sch.*, 25 F. App'x 123, 132 (4th Cir. 2001) ("There is no doubt that the district court should consider FERPA in making its determination whether sealing of the documents in question is appropriate under the applicable First Amendment standard"); *Painter v. Doe*, No. 3:15-CV-369-MOC-DCK, 2016 WL 3766466, at *4 (W.D.N.C. July 13, 2016) (finding that the defendant "ha[d] a compelling interest in having her private educational records protected, as provided by FERPA"); *see also Qayumi*, No. 1:16-CV-1038, 2018 WL

2025664, at *4 (ordering sealing of certain documents in part because they were "clearly covered by FERPA").

North Carolina law similarly recognizes and protects applicants' privacy interests in their admissions files, regardless of whether they enroll, and thus applies to both exhibits. N.C. Gen. Stat. Ann. § 132-1.1(f) mandates that state colleges and universities keep personally identifying information of applicants confidential and tellingly exempts such information from disclosure under public records laws. Thus, the University has shown a compelling privacy interest in the educational records and personally identifying information contained in Exhibits 31 and 33 that overrides the general public need for access. *See Wittenberg ex rel. J.W. v. Winston-Salem/Forsyth Cty. Bd. of Educ.*, No. 1:05CV00818, 2009 WL 1684585, at *2 (M.D.N.C. June 16, 2009) (granting motion to seal settlement agreement, in part because it contained personally identifying information that, if made public, would identify a student in violation of FERPA and North Carolina law).

### B. No Adequate Alternative Exists to Sealing These Portions of These Exhibits.

Because of the nature and volume of personal information revealed by these specific documents, filing redacted versions is not practicable. The portions of these documents that should be maintained under seal, however, are as limited as possible. Indeed, the UNC-Defendants did not object to the majority of these Exhibits being filed publicly but only requested that portions of these Exhibits be maintained under seal.

4

Case 1:14-cv-00954-LCB-JLW   Document 173   Filed 02/01/19   Page 4 of 10

## II. The UNC-Defendants Seek To Maintain The Names of Certain University Employees as Redacted.

### A. As Recognized by this Court, There is a Compelling Interest In Protecting Employee Personal Privacy.

The UNC-Defendants also request that the Court order the sealing of a limited part of Exhibit 16 (Dkt 170-1) to protect the University's employees' compelling interest in privacy. Exhibit 16 is an instant message exchange between three members of the University's admissions staff. Recognizing the public's general right to access to materials filed in support of summary judgment motions, the UNC-Defendants provided to SFFA for filing a version of Exhibit 16 that redacted the employees' names and contact information but did *not* redact any of the substance of the conversation.[1]

This type of targeted, tailored approach is exactly how this Court has previously resolved the tension between the compelling interest in protecting the personal privacy of employees and First Amendment access. In *Corl v. Burlington Coat Factory*, the court concluded that "the interest in protecting the personal privacy of Defendant's employees and former employees represents a compelling interest sufficient to overcome both the common-law and the First Amendment right of access" to the personally identifying information in the summary judgment exhibits. *Corl v. Burlington Coat Factory of N.C., LLC,* No. 1:10CV406, 2011 WL 2607942, at *3 (M.D.N.C. June 30, 2011). Accordingly, the court ordered that the exhibits be filed with redactions of employees' personally

---

[1] Certain portions of Exhibit 16 also redact applicant and enrolled student information that could identify the individuals. The UNC-Defendants maintain that these redactions should be maintained for the reasons set forth in Section I. The UNC-Defendants do not understand SFFA to challenge these applicant-level redactions but only the redaction of employee names.

5

identifying information, including their names, rather than filing the entire document under seal. *Id*.; *cf.* N.C. Gen. Stat. § 126-22 (protecting employee information from disclosure, including personal information). That is precisely what the UNC-Defendants proactively and intentionally did here.

### B. The UNC-Defendants' Request to File Only Employee Names Under Seal Should be Granted Because it is Narrow and Limited, And Because No Alternative Adequately Protects the Privacy Interests At Stake.

Not only has the University shown a compelling interest in protecting employee privacy, but it has also applied redactions as narrowly as possible—redacting only the employees' names and email addresses. Critically, the employees' identities are not relevant to the substance of the issues presented by SFFA's motion for summary judgment. Maintaining these redactions would not interfere with the public's ability to understand and examine the issues at stake in this litigation—or even within this Exhibit. Tellingly, SFFA does not seek to refer to these individual employees by name or even job title in a proposed unredacted brief, but simply refers to these employees as application "readers." Thus, the UNC-Defendants' narrow redactions are justified. *See Adjabeng v. GlaxoSmithKline, LLC*, No. 1:12-CV-568, 2014 WL 459851, at *2 (M.D.N.C. Feb. 5, 2014) (granting motion to seal several non-party employees' name and noting: "Given that Mr. M.'s name is not important to the disposition of the case, it is appropriate to seal his personnel information and keep his name out of the public record in order to protect his privacy interests. The Court sees no less drastic action than sealing only his name.");

6

*Qayumi*, No. 1:16-CV-1038, 2018 WL 2025664, at *4 (sealing contact information of non-parties because it was "not relevant substantively" and because the non-parties' conduct was not at issue in the case).

**III.     SFFA Does Not Challenge That Two of the Three Documents Should Be Maintained Under Seal.**

As set forth in SFFA's motion to seal, SFFA does not challenge the UNC-Defendants' designation of any applicant-level information in Exhibits 31 or 33 as appropriate to file under seal. (Dkt. 170.) SFFA only challenges the portions of Exhibit 16 that relate to the employee name redactions. But, for all of the reasons set forth above, the UNC-Defendants maintain that these redactions are necessary to protect the compelling interest of employee privacy, are narrowly tailored, and do not interfere with the public's access to the substance of the documents relevant to the issues in this litigation. Consequently, all of the proposed redactions in all three Exhibits should be maintained under seal.

## **CONCLUSION**

For these reasons, the UNC-Defendants respectfully request that this Court grant the motion to file under seal.

Respectfully submitted this 1st day of February, 2019.

                                                      Joshua H. Stein
                                                     Attorney General

| /s/ Patrick Fitzgerald | /s/ Stephanie Brennan |
|---|---|
| Patrick Fitzgerald | Stephanie Brennan |
| Amy Van Gelder | Special Deputy Attorney General |
| Lara Flath | NC State Bar No. 35955 |
| Marianne Combs | E: sbrennan@ncdoj.gov |
| Skadden, Arps, Slate, Meagher & Flom, LLP | |
| 155 North Wacker Drive | /s/ Nora Sullivan |
| Chicago, IL 60606-1720 | Nora Sullivan |
| (312) 407-0700 | Assistant Attorney General |
| E: patrick.fitzgerald@skadden.com | NC State Bar No. 43284 |
| E: amy.vangelder@skadden.com | E: nsullivan@ncdoj.gov |
| E: lara.flath@skadden.com | |
| E: marianne.combs@skadden.com | |
| | *Attorneys for the UNC-Defendants* |

## CERTIFICATE OF WORD COUNT

Pursuant to Local Rule 7.3(d)(1), I hereby certify that the body of this brief, including headings and footnotes, does not exceed 6,250 words.

This 1st day of February 2019.

/s/ Lara Flath
Lara Flath

**CERTIFICATE OF SERVICE**

I hereby certify that I served the foregoing Defendants' Brief In Support Of Plaintiff's Motion To File Under Seal Pursuant To Local Rule 5.4(c) via the Court's electronic filing systems, pursuant to the Electronic Filing Procedures, on all attorneys of record who have entered an appearance by ECF in this matter.

This 1st day of February, 2019.

/s/ Lara Flath
Lara Flath