# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# CASE NO. 1:14-CV-954

STUDENTS FOR FAIR
ADMISSIONS, INC.,

                Plaintiff,

            v.

UNIVERSITY OF NORTH
CAROLINA et al.,

                Defendants.

## JOINT STATUS REPORT

Plaintiff Students for Fair Admissions, Inc., the UNC-defendants, and student-intervenors jointly submit this status report in response to the Court's request that the parties provide their position with respect to the anticipated number of trial days that this matter will require and any conflicts they wish the Court to consider.

**Anticipated Number of Trial Days**

SFFA and the UNC-defendants have agreed in principle on the submission of certain witness testimony through declarations and depositions. The parties will continue to work towards agreement on those details ahead of the final pre-trial conference and will be happy to update the Court should it wish at any point prior to that conference. Assuming the parties reach agreement (and if the Court is agreeable to the parties' recommendation that such evidence be received without being read aloud into the record), SFFA and the UNC-defendants believe they can reduce the number of witnesses

offering live testimony such that a bench trial in this matter would last no more than 10 days. This estimate includes testimony from the student-intervenors' proposed witnesses. Other than maintaining their position that, subject to the Court's instructions, they intend to present and examine witnesses and present opening and closing statements if such statements are presented by the other parties, the student-intervenors have represented that they take no position as to the overall length of the proposed trial.

**<u>Timing of Trial</u>**

<u>SFFA's position</u>

SFFA respectfully requests a trial date in January 2020 in order to (a) facilitate resolution of this case by October 2020, before UNC's next admissions cycle begins; and (b) to avoid trial counsel conflicts in February and March.

On September 30, 2019, the Court denied the parties' cross-motions for summary judgment. In doing so, the Court concluded that "there exists a genuine dispute of material fact regarding whether UNC considers race as more than a 'plus' factor in its admissions decisions," Slip Op. at 19, "whether UNC has engaged in a 'serious, good faith consideration of workable race-neutral alternatives,'" and whether "such alternatives 'do not suffice'" to serve any compelling governmental interest UNC might have in using race in admissions decisions. Slip Op. at 24. And by denying UNC's motion for summary judgment, the Court necessarily concluded that "there is sufficient evidence favoring [SFFA]," such that the Court could "return a verdict for [SFFA]" on its claims that UNC's use of race violates the Equal Protection Clause. Slip Op. at 11 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)); *see also Liberty Lobby*, 477 U.S. at 252

("[A] fair-minded [factfinder] could return a verdict for the plaintiff on the evidence presented.").

It is worth emphasizing that SFFA and its members have suffered injuries of constitutional magnitude. *See Grutter v. Bollinger*, 539 U.S. 306, 323 (2003) ("[W]henever the government treats any person unequally because of his or her race, that person has suffered an injury that falls squarely within the language and spirit of the Constitution's guarantee of equal protection." (quotation omitted)). Indeed, the Court acknowledged these constitutional injuries in holding that SFFA has standing to maintain this action. Slip Op. at 10 n.9 (citing ECF 150 at 12).

These constitutional harms will only grow in magnitude if this case is not resolved before the next admissions cycle begins in October 2020. Indeed, if not resolved before then, UNC will label another 30,000 high-school students by their race, imposing constitutional harm on them in the process—a process that this Court has acknowledged may violate the Equal Protection Clause. SFFA thus requests a trial in January 2020 in order to facilitate resolution of this case by October 2020, before UNC's next admissions cycle begins.

SFFA also requests a trial in January 2020 in order to avoid trial counsel conflicts in February and March. Counsel for SFFA Bryan Weir (who will have a significant role on behalf of SFFA at trial) and his wife are expecting the birth of their second child in the second half of February 2020. Mr. Weir is thus unlikely to be available for trial or preparation for trial in February and the first half of March 2020.

3

SFFA proposes holding trial in any two full weeks of January (the weeks of January 6 & 13; the weeks of January 13 & 20; or the weeks of January 20 & 27). Like counsel for the UNC defendants, counsel for SFFA have numerous important matters scheduled over the next several months in courts across the country. If SFFA can conduct this trial in January 2020, surely the UNC defendants, which are represented by a 1,700-lawyer firm and the North Carolina Attorney General's Office, can do so as well.

If the Court decides to hold trial in March or later, SFFA respectfully requests that the Court identify available dates for trial so that the parties can promptly meet and confer and agree on a particular two-week schedule.

<u>UNC-defendants' position</u>

The UNC-defendants share SFFA's desire to bring this case to a resolution. Nonetheless, pre-existing conflicts and commitments of the trial team and key fact witnesses preclude a trial date in January and lead to the respectful request that the Court set a trial date no earlier than March 16, 2020.[1]

In part, the UNC-defendants make this request because of the schedule and related unavoidable commitments of Stephen Farmer during the 2020 university admissions cycle. Mr. Farmer is named as a defendant in this case (in his official capacity as Vice Provost for Enrollment and Undergraduate Admissions at UNC-Chapel Hill) and anticipates attending much, if not all, of the trial, including as the corporate representative

---

[1] Trial counsel for the UNC-defendants have sought to identify the earliest possible date for trial, but have no immovable conflicts for a trial in April if that allows the Court to accommodate the conflicts of SFFA's trial counsel in February and March.

4

of the University.  As the Vice Provost for Enrollment and Undergraduate Admissions, Mr. Farmer is responsible for undergraduate admissions, scholarships and student aid, and student records at the University.  Regular decision applications to UNC-Chapel Hill are due January 15 of each year, and applications are reviewed in a multi-step process that extends until April.  Mr. Farmer's role within and supervision of the admissions process will require his critical presence, focus, and involvement in Chapel Hill from January to March 15, 2020.  Other admissions officers are also expected to testify at trial.  A trial in January as requested by SFFA would disrupt one of the most busy and important phases of the admissions cycle.[2]

Lead trial counsel for the UNC-defendants also have significant pre-existing commitments between now and March 2020 that they respectfully ask the Court to consider.  The University is jointly represented by the North Carolina Department of Justice and Skadden, Arps, Slate, Meagher & Flom LLP.

Special Deputy Attorney General Stephanie Brennan (co-lead trial counsel) serves as counsel for the State Board of Elections in *Harper v. Lewis*, 19-cvs-12667 (Wake Superior Ct.), in which expedited scheduling is expected.  Ms. Brennan represents the North Carolina General Assembly in an administrative proceeding (*Chism v. NC General Assembly*, 170EEOC-0002) with post-trial briefing due in November and December 2019.  Ms. Brennan also serves as counsel for numerous state defendants in recently filed

---

[2] The University disagrees with SFFA's assertion that holding a trial in January (rather than March) is likely to make a meaningful difference with respect to the University's 2020-2021 admissions cycle, particularly in light of the high likelihood of a subsequent appeal by the non-prevailing party.

5

state and federal litigation concerning the Pasquotank Prison break murders (*Howe v. Correction Enterprises, et al.*, 19 cvs 738 (Pasquotank Superior Ct.); *Darden v. Cooper, et al.*, 19 CV 014178 (Wake Superior Ct.); *Darden v. Cooper, et al.*, 1:19-cv-1050 (M.D.N.C)) and anticipates that responsive pleadings will be due during this time frame. Ms. Brennan's commitments as counsel in *Leinweber v. Leinweber*, 17 CVS 2320 (Pitt Superior Ct.) include depositions from November 2019 through January 2020 with trial expected in 2020 (the date of which will be set at a November 18, 2019 status conference). Finally, Ms. Brennan has a New Brief due in early December 2019 in a criminal matter pending before the Supreme Court of North Carolina.

Patrick Fitzgerald (co-lead trial counsel) is lead counsel in three current time-sensitive investigations being conducted by the United States Department of Justice and co-counsel on a fourth. One of the DOJ matters he leads involves multiple components of the Department of Justice as well as multiple United States Attorney's Offices and is expected to occupy a substantial amount of time through early January 2020. Two of the other matters involving DOJ also involve the Securities and Exchange Commission that will require significant travel and time commitments through the end of 2019. His commitments for the next three months will not allow him to be adequately prepared to try this case in January.

In short, a January 2020 trial date is not feasible for the University's trial team, which is a small group of attorneys, who have significant experience with and knowledge of this case and record and cannot simply be substituted with other attorneys from

Skadden or the North Carolina Department of Justice. The trial team can, however, be prepared for a trial date beginning March 16 or after.

Student-intervenors' position

Counsel for the student-intervenors agree with the UNC-defendants that trial should not occur before March 16, 2020 and have no conflicts in Spring 2020 that they wish the Court to consider.

*   *   *

The parties are available to provide any additional information or to answer any questions that the Court might have.

Respectfully submitted this 1st day of November, 2019.

JOSHUA H. STEIN
Attorney General

/s/ Patrick Fitzgerald
Patrick Fitzgerald
Amy Van Gelder
Marianne Combs
Skadden, Arps, Slate, Meagher & Flom LLP
155 North Wacker Drive
Chicago, IL 60606-1720
(312) 407-0700
E: patrick.fitzgerald@skadden.com
E: amy.vangelder@skadden.com
E: marianne.combs@skadden.com

/s/ Lara Flath
Skadden, Arps, Slate, Meagher & Flom LLP
4 Times Square
New York, NY 10036
(212) 735-3000
E: lara.flath@skadden.com

/s/ Stephanie Brennan
Stephanie Brennan
Special Deputy Attorney General
NC State Bar No. 35955
E: sbrennan@ncdoj.gov

/s/ Tamika Henderson
Tamika Henderson
Special Deputy Attorney General
NC State Bar No. 42398
E: tlhenderson@ncdoj.gov

*Attorneys for Defendants*

Respectfully submitted this 1st day of November, 2019.

| | |
|---|---|
| /s/ Thomas R. McCarthy<br>Thomas R. McCarthy<br>Consovoy McCarthy PLLC<br>3033 Wilson Boulevard, Suite 700<br>Arlington, Virginia 22201<br>(703) 243-4923<br>E: tom@consovoymccarthy.com | /s/ Alan M. Ruley<br>Alan M. Ruley<br>N.C. State Bar No. 16407<br>Bell, Davis & Pitt, P.A.<br>P.O. Box 21029<br>Winston Salem, NC 270120-1029<br>(336) 704-4147<br>E: aruley@belldavispitt.com |
| /s/ William S. Consovoy<br>William S. Consovoy<br>Consovoy McCarthy PLLC<br>3033 Wilson Boulevard, Suite 700<br>Arlington, Virginia 22201<br>(703) 243-4923<br>E: will@consovoymccarthy.com | |
| /s/ J. Michael Connolly<br>J. Michael Connolly<br>Consovoy McCarthy PLLC<br>3033 Wilson Boulevard, Suite 700<br>Arlington, Virginia 22201<br>(703) 243-4923<br>E: mike@consovoymccarthy.com | |

*Attorneys for Plaintiff*

Respectfully submitted this 1st day of November, 2019.

/s/ Reed N. Colfax
Reed N. Colfax*
Relman, Dane & Colfax PLLC
1225 19th Street NW, Suite 600
Washington, DC 20036
rcolfax@relmanlaw.com
Tel: (202) 728-1888

/s/ Jack Holtzman
Jack Holtzman, N.C. Bar No. 13548
Emily P. Turner, N.C. Bar No. 49578
North Carolina Justice Center
224 South Dawson Street
Raleigh, NC 27601
jack@ncjustice.org
emilyt@ncjustice.org
Tel: (919) 856-2165

/s/ Jon M. Greenbaum
Jon M. Greenbaum*
Genevieve B. Torres*
Lawyers' Committee for Civil Rights Under Law
1401 New York Avenue NW, Suite 400
Washington, DC 20005
jgreenbaum@lawyerscommittee.org
gbonadies@lawyerscommittee.org
Tel: (202) 662-8600

*Attorneys for Defendant-Intervenors*

* *Special Appearance*

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing Joint Status Report via the Court's electronic filing systems, pursuant to the Electronic Filing Procedures, on all attorneys of record who have entered an appearance by ECF in this matter.

This 1st day of November, 2019.

/s/ Patrick Fitzgerald<br>
Patrick Fitzgerald