# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# CASE NO. 1:14-CV-954

| | |
|---|---|
| **STUDENTS FOR FAIR ADMISSIONS, INC.,**<br><br>**Plaintiff,**<br><br>v.<br><br>**UNIVERSITY OF NORTH CAROLINA et al.,**<br><br>**Defendants.** | **JOINT STATUS REPORT REGARDING FEASIBILITY OF MAY 2020 TRIAL DATE** |

All parties (plaintiff Students for Fair Admissions, Inc, the UNC-defendants, and Student-intervenors) respectfully submit this joint status report in response to the Court's April 1, 2020 order requesting information as to whether the May trial date is feasible in light of the COVID-19 public health crisis and the recent Standing Orders implemented by the Chief Judge. (ECF No. 202.)

Even before receiving the Order, the parties had been considering and discussing this very same question and, in fact, were on the brink of filing a status report when the Court issued the Order. As detailed below, all parties agree that the current trial date is not feasible and respectfully request an early ruling that the trial date be adjourned even though the parties disagree on the best path forward with respect to a new trial date or process.

I.      **Feasibility of a May Trial Date**

**SFFA's Position:**

Although the trial in this case is currently scheduled to begin on May 11, *see* Amended Standing Order 13 (M.D.N.C. Mar. 30, 2020), it appears that a trial will not be able to proceed then given current conditions across the country. For example, SFFA's expert witnesses and trial counsel are subject to COVID-19 "stay at home" orders that prevent them from traveling until up to mid-June, *see, e.g.*, Commonwealth of Virginia, Office of the Governor, Executive Order Number Fifty-Five (2020), *available at* https://bit.ly/2R3iZek ("This Executive Order … shall remain in full force and in effect until June 10, 2020."). Defendants and their counsel are under similar restrictions.

These restrictions materially inhibit the parties' ability to prepare for and participate in a May trial. And they could be extended for months, which would significantly delay resolution of this case. *See* MSN News, "New York's governor just warned that the coronavirus' spread could last as long as 9 months, with up to 80% of the population getting the virus," *available at* https://bit.ly/39BRDlW.

Caution is definitely in order. However, delaying resolution of this case would cause substantial harm to SFFA and its members. Both SFFA and its members have already suffered injuries of constitutional magnitude. *See Grutter v. Bollinger*, 539 U.S. 306, 323 (2003) ("[W]henever the government treats any person unequally because of his or her race, that person has suffered an injury that falls squarely within the language and spirit of the Constitution's guarantee of equal protection." (quotation omitted)). Indeed, it is the mere fact of being subject to an admissions process in which race is a factor that amounts

to constitutional harm. *See Parents Involved in Cmty. Schs. v. Seattle Sch. Dist. No. 1*, 551 U.S. 701, 719 (2007) ("[O]ne form of injury within the Equal Protection Clause is being forced to compete in a race-based system."); *Grutter v. Bollinger*, 539 U.S. 306, 327 (2003) ("'[W]henever the government treats any person unequally because of his or her race, that person has suffered an injury that falls squarely within the language and spirit of the Constitution's guarantee of equal protection.'" (quoting *Adarand Constructors, Inc. v. Peña,* 515 U.S. 200, 229-30 (1995)). Thus, as SFFA first emphasized nearly five years ago, each time UNC begins another admissions cycle, UNC "inflict[s] an equal-protection injury upon tens of thousands of more applicants." Doc. 52, at 7. SFFA reiterated the point when it advocated for a January 2020 trial date following the Court's denial of cross-motions for summary judgment:

> These constitutional harms will only grow in magnitude if this case is not resolved before the next admissions cycle begins in October 2020. Indeed, if not resolved before then, UNC will label another 30,000 high-school students by their race, imposing constitutional harm on them in the process—a process that this Court has acknowledged may violate the Equal Protection Clause. SFFA thus requests a trial in January 2020 to facilitate resolution of this case by October 2020, before UNC's next admissions cycle begins.

Doc. 191, at 2.

Moreover, UNC's admissions process may well be unconstitutional. By denying summary judgment to UNC, the Court necessarily concluded that "there is sufficient evidence favoring [SFFA]," such that the Court could rule for SFFA on its claims that UNC's use of race violates the Equal Protection Clause. Doc. 190, at 11 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)); *see also id.* at 252 ("[A] fair-minded [factfinder] could return a verdict for the plaintiff on the evidence presented."). Further

3

delay in resolving this case—which has been pending in this Court for nearly six years—would only exacerbate the constitutional harm here.

SFFA thus proposes that the Court conduct a bench trial on the summary judgment record. District courts maintain the authority to conduct paper bench trials consistent with Rules 52 and 56. *See APB Realty, Inc. v. Georgia-Pacific, LLC*, 948 F.3d 37, 40 (1st Cir. 2020) (noting that the district court "convert[ed] the motions [for summary judgment] into a bench trial on the paper record"); *Muller v. First Unum Life Ins. Co.*, 341 F.3d 119, 124 (2d Cir. 2003) (treating the district court decision as a "bench trial 'on the papers'" without an express waiver by the parties); *Dugan v. R.J. Corman R. Co.*, 344 F.3d 662, 665 (7th Cir. 2003) ("[A] trial on a stipulated paper record is equivalent to a conventional trial."); *Pinario v. Prudential Ins. Co. of Am.*, 2009 WL 10705395, at *3 (E.D.N.C. July 23, 2009) (acknowledging that district courts have the authority to conduct "a bench trial on the paper"); *United States v. $49,790 in United States Currency*, 763 F. Supp. 2d 1160 (N.D. Cal. 2010); (converting motions for summary judgment into "a bench trial on the papers"); *Neumann v. Prudential Ins. Co. of Am.*, 367 F. Supp. 2d 969, 979-80 (E.D. Va. 2005) (explaining that Rule 52 allows a court to make explicit findings of fact and conclusions of law via bench trial on a paper record); *Koswenda v. Flossmoor Sch. Dist. No. 161*, 227 F. Supp. 2d 979, 984 (N.D. Ill. 2002) ("Although originally presented as a motion for summary judgment, the parties have agreed to proceed with a trial on the papers.").

Indeed, a Federal Judicial Center monograph on summary judgment emphasizes that district courts may conduct bench trials on the summary judgment record: "[W]hen the question for decision concerns drawing inferences from undisputed evidence, or

4

interpreting and evaluating evidence to derive legal conclusions, a trial may not add to the judge's ability to decide." In such cases, "[a] court may determine that a full trial would add nothing to the paper record and, after proper notice, decide a case on that record, making a decision on a 'trial without witnesses' rather than on summary judgment." William W. Schwarzer et al., *The Analysis and Decision of Summary Judgment Motions* 39-40 (1991).

Notably, a district court's authority to conduct a paper bench trial includes the authority to "make any credibility determinations or weigh the evidence as necessary to issue a final adjudication of the matter on the merits." *Hinderstein v. Advanced Call Ctr. Techs.*, 2017 WL 751420, at *1 (C.D. Cal. Feb. 27, 2017). As at any other bench trial, the judge "sits as finder of fact and is empowered to evaluate the evidence, determine the credibility of witnesses, and draw whatever reasonable inferences the judge deems appropriate given his factual findings." *Weisner v. Liberty Life Assurance Co. of Bos.*, 192 F. Supp. 3d 601, 608 (D. Md. 2016). This authority to make credibility determinations on the paper record applies equally to both fact and expert witnesses. *See, e.g.*, *$49,790 in United States Currency*, 763 F. Supp. 2d at 1162 (finding two experts "credible" and one "not credible" and concluding that a fact witness was "not believable"); *Princeton Vanguard, LLC v. Frito-Lay N. Am., Inc.*, 414 F. Supp. 3d 822, 825 (W.D.N.C. 2019) (conducting a "trial on the papers" that included an "extensive record of documents, declarations, expert witness testimony").

5

The exercise of this authority is warranted in light of the current conditions—especially given that the parties believe there is little (if any) factual dispute here[1] and have expressed their intent to put witness testimony into the record via deposition transcripts. Doc. 191, at 1. To be sure, this is not how the parties initially envisioned the resolution of this case. But these are extraordinary circumstances—to say the least. Just days ago, the Judicial Conference of the United States found that "emergency conditions due to the national emergency declared by the President with respect to COVID-19 will materially affect the functioning of the federal courts generally," United States Courts, https://bit.ly/2R1b69a, and the federal courts have been encouraged to find alternative means of resolving cases that do not require in-person hearings (much less two-week trials), *see, e.g.*, U.S. Court of Appeals for the Fourth Circuit, Public Advisory Regarding Operating Procedures in Response to COVID-19 (March 17, 2020) (directing that appeals may be "heard by teleconference or video-conference, or submitted on the briefs"). Federal courts must be flexible to ensure that the wheels of justice move forward during these uncertain times. Conducting a paper bench trial is not only within the Court's authority but the most practical way of ensuring resolution of this case in advance of the next admissions cycle while "protect[ing] public health, … reduc[ing] the size of public gatherings and avoid[ing] unnecessary travel." Amended Standing Order 13 (M.D.N.C. Mar. 30, 2020).

---

[1] Doc 153, at 31 (UNC: "[T]here are no disputes of *material* fact."); Doc 183, at 9 (UNC: "[T]he material facts are not in dispute"); Doc. 177 at 1 (SFFA: "[I]t is clear that to the extent there any factual disputes in this case, none of them are material.").

**The UNC-Defendants' Position:**

The University continues to wish to bring this case to a resolution as quickly as possible and has been diligently preparing for the May 2020 trial, but the on-going public health crisis presents insurmountable obstacles to preparing for and conducting this long-awaited and critically important trial. Consequently, the University respectfully asks that the Court continue the trial date to a date no earlier than September 8, 2020.

The University makes this request as a direct result of the public health restrictions imposed during these unprecedented times. The University is jointly represented by the North Carolina Department of Justice and Skadden, Arps, Slate, Meagher & Flom LLP. In addition to the federal guidelines on social distancing in effect through the end of April 2020, the University's entire attorney trial team is subject to "stay at home" orders issued by North Carolina, Illinois, and New York, most of which currently extend through at least April 30, 2020. Likewise, the witnesses who will testify live at trial, including the University's expert witnesses, reside in North Carolina, California, and Massachusetts and are thus subject to similar restrictions. Certain of these witnesses may be at "high risk" of severe illness from COVID-19 or may live with someone at high risk pursuant to the guidance of the N.C. Department of Health and Human Services. Finally, pursuant to Standing Order 12 (Amended), some of the University's witnesses and counsel traveling from New York and California could not enter the courthouse for trial without express permission from the Chief Judge.

These restrictions make it impossible for the University's counsel to travel or meet with any witness in-person more than 10 days ahead of the current May trial date <u>in the</u>

7

<u>best case scenario</u>.  Similarly, University counsel cannot currently meet in-person with one another or their client to prepare for trial.  Whether these restrictions—that also affect trial counsel for both SFFA and the student-intervenors—will even be lifted by May is very much an open question.  North Carolina schools have been canceled through May 15, which poses substantial challenges for the University's lead counsel from the North Carolina Department of Justice, who has lost her child care due to the situation and whose spouse is an essential health care worker.  Virginia's stay-at-home order continues through June 10, and, just yesterday, Chief Justice Beasley of the Supreme Court of North Carolina issued an emergency directive in response to the "catastrophic conditions resulting from the COVID-19 outbreak" postponing nearly all in-person superior and district court proceedings until June 1.

      The University respects the Court's expressed desire to continue operations to the greatest extent possible under the circumstances, but respectfully submits that these unprecedented circumstances constitute good cause to continue the May 2020 trial date in a complex, constitutional law case that could fundamentally affect the University's entire admission process.  Counsel is, of course, attempting to work around the challenges presented by COVID-19 by using telepresence and virtual meetings as much as possible, but in a case that presents disputes that must be decided by the factfinder, including with respect to witness credibility, in-person witness preparation, collective review of documents and exhibits, and close collaboration are paramount, and the University would be severely prejudiced without such preparation.

As mentioned, the University remains focused on moving this case to trial as expeditiously as possible. To further that goal and to ensure that trial counsel and witnesses may plan for and protect these dates, the UNC-defendants request that the Court set a trial date in the fall, not earlier than September 8, 2020.[2] A concrete date will provide the parties with sufficient time to prepare with witnesses once travel-related restrictions are lifted and to minimize the chances that this trial will need to be rescheduled again in the event that the social distancing guidelines and orders are extended through the summer.

The UNC-defendants oppose SFFA's proposal that the Court should hold a "paper trial" and rule as factfinder on the summary judgment record without the benefit of live witness testimony at trial. The UNC-defendants have worked in good faith to streamline the <u>number</u> of witnesses who must testify live at trial by agreeing to submit certain testimony through declaration or deposition designation but maintain the University has a right to defend itself against SFFA's serious allegations of constitutional violations in open court with the benefit of live witness testimony and will not waive this right. In addition, the University submits that live testimony is absolutely necessary in light of the Court's order on summary judgment, which repeatedly observed that the factfinder would be

---

[2] The University understands that a September trial date may not work for SFFA. The only potential scheduling conflict for the University's counsel in October is that co-lead trial counsel Patrick Fitzgerald has a federal jury trial scheduled to begin October 6, 2020 in the Southern District of New York before United States District Judge Vernon Broderick in *CFTC v. Byrne*. It is unclear whether that trial date is likely to hold given that the court calendar in the Southern District of New York has been upended by the current crisis. The only known witness-related conflict in September or October that the University respectfully notes is that expert witness Caroline Hoxby is unavailable the week of September 21 due to her teaching commitments at Stanford University.

presented with genuine issues of material fact that turn on competing expert evidence and witness credibility. (See, e.g., ECF No. 190 at 18-19 ("The Court's determination whether UNC considers race as a 'plus' factor, or a dominant factor, in its admissions decisions is critically dependent on competing expert evidence regarding UNC's admissions data, as well as the credibility of the testimony of UNC's admissions personnel regarding the manner in which an applicant's race is factored into admissions decisions."), 24 ("The Court's determination of this issue would require that the Court weigh the evidence in the record, including the conflicting expert evidence, and draw conclusions with respect to the credibility of witnesses.").)[3]

The case law that SFFA cites in support of its highly unusual proposal of a "paper trial" is inapposite, and, tellingly, SFFA points to no authority in which a court ordered such an outcome <u>over the objection</u> of multiple parties to the litigation. Rather, in each instance that SFFA cites, the parties had stipulated to this process and waived their right to a live trial.[4] Indeed, courts that have considered this issue are clear that the parties must

---

[3] SFFA itself acknowledged as much: "[b]ut if the Court disagrees [and does not grant SFFA summary judgment], then a trial is needed to resolve genuine factual disputes that are material to resolution of this issue." (ECF No. 177 at 3 (SFFA Opposition to UNC Motion for Summary Judgment).)

[4] SFFA cites three cases involving district courts' review of a denial of benefits under an ERISA plan, which are inapplicable here. In each case, the court determined that its scope of review was limited to the evidence that the parties previously submitted to the ERISA plan administrator; thus, the court had no choice but to rule on the paper record. *See Neumann v. Prudential Ins. Co. of America*, 367 F. Supp. 2d 969, 980 (E.D. Va. 2005) (finding no "exceptional circumstances warranted the admission of additional evidence beyond that previously considered by the plan administrator); *Pinario v. Prudential Ins. Co. of America*, No. 5:08-cv-161-F, 2009 WL 10705395, at *3 (E.D.N.C. July 23, 2009) (same); *Muller v. First Unum Life Ins. Co.*, 341 F.3d 119, 124 (2d Cir. 2003) (noting that a decision on the motion for
*(cont'd)*

expressly waive their right to a trial before the court may resolve disputed issues of fact on a paper record. *See, e.g.*, *Acuff-Rose Music, Inc. v. Jostens, Inc.*, 155 F.3d 140, 142-143 (2d Cir. 1998) (adopting position that "district court may decide a case by summary bench trial upon stipulation of the parties as long as the parties have willingly forgone their right to a full trial"); *Mkt Street Assocs. Ltd. P'ship v. Frey*, 941 F.2d 588, (7th Cir. 1991) (distinguishing cross-motions from summary judgment from the parties' waiver of the right to trial and finding a summary trial is appropriate only in the latter circumstances). Absent such express waiver, a district court's decision to hold a "paper trial" constitutes reversible error. *See Midpoint Serv. Provider, Inc. v. CIGNA*, 256 F.3d 81, 86 (2d Cir. 2001) (reversing summary trial on paper record where the record did not clearly reflect that parties "willingly" waived "right to a full trial"). To be clear, the University does <u>not</u> waive its right to a full trial here.

**Student-Intervenors' Position:**

Like SFFA and the UNC-defendants, Student-Intervenors' counsel, experts and proposed witnesses all include persons residing out of state. Many are subject to the same travel restrictions, "stay at home" orders and Standing Order requirements noted by UNC, and consequently face the same impediments described by UNC to the occurrence of a trial in May 2020. For the same reasons described by UNC, Student-Intervenors respectfully request that this Court reschedule the trial to a date not earlier than September 8, 2020.

---

judgment on the administrative record can be "understood as essentially a bench trial," which is proper as there is no right to a jury trial under ERISA).

Finally, should the issue be raised by SFFA, Student-Intervenors oppose any request that this Court make any findings as the factfinder or rulings on the merits of the claims and defenses without the benefit of live witness testimony at trial. Rigorous cross-examination of the complex issues in this case, as well as the Court's opportunity to judge the credibility of witnesses and to ask witnesses questions, will greatly benefit the Court and provide the parties the full opportunity to present their case. Student-Intervenors reserve the right to provide briefing to the Court on that issue, as necessary.

## II. Additional Information Requested by the April 1 Order

As requested by the April 1 Order, the parties address (1) their updated estimate of duration of trial; (2) each parties' list of witnesses; (3) each parties' litigation team to be present for trial; and (4) any other person(s) that either party anticipates attending trial.

**(1) Estimate of Duration of Trial:**

The parties have diligently discussed whether certain witnesses' testimony may be submitted via declaration or deposition designation in order to streamline the presentation of live witness testimony to maximize efficiency for the parties and the Court. Following those discussions, the parties continue to estimate that trial (including openings, closings, and live witness testimony from all parties) will take no more than 10 days. As noted above, SFFA believes the Court should resolve this case via bench trial on the summary judgment record.

**(2) Anticipated Live Witness Lists:**

SFFA's Witnesses:

Peter Arcidiacono (Durham, North Carolina) and Richard Kahlenberg (Bethesda, Maryland), as well as 2-5 current or former UNC officials (whose business addresses are in Chapel Hill or Charlotte, North Carolina).

UNC-Defendants' Witnesses:

1. Stephen Farmer (Chapel Hill, North Carolina)
2. Caroline Hoxby (Palo Alto, California)
3. Bridget Terry Long (Boston, Massachusetts)
4. Abigail Panter (Chapel Hill, North Carolina)
5. Jared Rosenberg (Chapel Hill, North Carolina)
6. Damon Toone (Durham, North Carolina)

Student-Intervenors' Witnesses:

1. Dr. Uma Jayakumar (Oakland, California)
2. Dr. David Cecelski (Durham, North Carolina)
3. Andrew Brennen (Washington, D.C.)
4. Star Wingate-Bey (New York, New York)
5. Laura Ornelas (Chapel Hill, North Carolina)
6. Luis Acosta (Chapel Hill, North Carolina)
7. Cecilia Polanco (Durham, North Carolina)
8. Hanna Watson (Wichita, Kansas)
9. Kenneth Ward (Washington, D.C.)
10. Rimel Mwamba (Durham, North Carolina)

**(3) Litigation Teams:**

For SFFA:

1. Alan Ruley (Winston-Salem, North Carolina)
2. Thomas McCarthy (Vienna, Virginia)
3. Patrick Strawbridge (North Yarmouth, Maine)
4. Bryan Weir (Alexandria, Virginia)
5. Alexa Baltes (Arlington, Virginia)
6. Tiffany Bates (Arlington, Virginia)
7. Andrea Arellano (Oakdale, California)
8&9. IT/Tech Support (Havelock, North Carolina and Santa Monica, California)

For the UNC-Defendants:

Trial counsel for the University includes Stephanie Brennan (Durham, North Carolina), Patrick Fitzgerald (Chicago, Illinois), and Lara Flath (New York, New York).

Other attorneys expected to play a role at trial include Tamika Henderson (Raleigh, North Carolina), Amy Van Gelder (Chicago, Illinois), and Marianne Combs (Chicago, Illinois). The University anticipates two trial support team members: Aaron Shorr (Houston, Texas) and Emma Keldsen (Chicago, Illinois).

For Student-Intervenors:

1. Reed Colfax (Relman Colfax, PLLC), Santa Fe, New Mexico
2. David Hinojosa (Lawyers' Committee for Civil Rights Under Law), Washington, D.C.
3. Genevieve B. Torres (Lawyers' Committee for Civil Rights Under Law), Washington, D.C.
4. Jack Holtzman (NC Justice Center), Durham, North Carolina
5. Emily Turner (NC Justice Center), Wake Forest, North Carolina

**(4) Additional Persons Who May Attend Trial:**

For SFFA:

1. Edward Blum (Tallahassee, Florida)

For the UNC-Defendants:

1. Charles Marshall (Cary, North Carolina) – General Counsel, UNC-Chapel Hill
2. Stephen Keadey (Chapel Hill, North Carolina) – Senior Counsel, UNC-Chapel Hill
3. Kara Simmons (Chapel Hill, North Carolina) – Senior Counsel, UNC-Chapel Hill
4. Ryan Park (Durham, North Carolina) – Solicitor General, NCDOJ
5. Nicholas Brod (Raleigh, North Carolina) – Assistant Solicitor General, NCDOJ

**(5) Any other information that the parties deem pertinent to the Court in its determination of the feasibility of conducting a trial of this matter in May 2020**.

For SFFA:

1. The individuals identified above by SFFA all reside in states subject to COVID-19 "stay at home" orders. Those orders remain in force until as late as June 10, if not indefinitely: California (indefinite); Florida (April 30); Maine (April 30); Maryland (indefinite); North Carolina (April 29); Virginia (June 10)

2. SFFA's counsel and experts have the following conflicts: SFFA's trial counsel currently have a seven-day trial scheduled to begin September 22 in San Francisco, a related proceeding in San Francisco that is to be scheduled during the week of October 19, as well as a Supreme Court argument that was scheduled for March 31 that is likely to be rescheduled sometime in October. SFFA's experts have scheduled conflicts September 1 through 8 (involving international travel) and September 17 and September 18.

Given these conflicts, a trial in September is not feasible.

Respectfully submitted this 3rd day of April, 2020.

                                                                    JOSHUA H. STEIN
                                                                    Attorney General

| | |
|---|---|
| /s/ Patrick Fitzgerald | /s/ Stephanie Brennan |
| Patrick Fitzgerald | Stephanie Brennan |
| Amy Van Gelder | Special Deputy Attorney General |
| Marianne Combs | NC State Bar No. 35955 |
| Skadden, Arps, Slate, Meagher & Flom LLP | E: sbrennan@ncdoj.gov |
| 155 North Wacker Drive | |
| Chicago, IL 60606-1720 | /s/ Tamika Henderson |
| (312) 407-0700 | Tamika Henderson |
| E: patrick.fitzgerald@skadden.com | Assistant Attorney General |
| E: amy.vangelder@skadden.com | NC State Bar No. 42398 |
| E: marianne.combs@skadden.com | E: tlhenderson@ncdoj.gov |
| | |
| /s/ Lara Flath | |
| Skadden, Arps, Slate, Meagher & Flom LLP | |
| One Manhattan West | |
| New York, NY 10001 | |
| (212) 735-3000 | |
| E: lara.flath@skadden.com | |
| | *Attorneys for UNC-Defendants* |
| /s/ Thomas R. McCarthy | /s/ Alan M. Ruley |
| Thomas R. McCarthy | Alan M. Ruley |
| Consovoy McCarthy PLLC | N.C. State Bar No. 16407 |
| 1600 Wilson Boulevard, Suite 700 | Bell, Davis & Pitt, P.A. |
| Arlington, Virginia 22209 | P.O. Box 21029 |
| (703) 243-4923 | Winston Salem, NC 27012 |
| E: tom@consovoymccarthy.com | (336) 704-4147 |
| | E: aruley@belldavispitt.com |
| /s/ William S. Consovoy | |
| William S. Consovoy | |
| Consovoy McCarthy PLLC | |
| 1600 Wilson Boulevard, Suite 700 | |
| Arlington, Virginia 22209 | |
| (703) 243-4923 | |
| E: will@consovoymccarthy.com | |

/s/ J. Michael Connolly
J. Michael Connolly
Consovoy McCarthy PLLC
1600 Wilson Boulevard, Suite 700
Arlington, Virginia 22209
(703) 243-4923
E: mike@consovoymccarthy.com

*Attorneys for Plaintiff*

/s/ Reed N. Colfax
Reed N. Colfax*
RELMAN & COLFAX PLLC
1225 19th Street NW, Suite 600
Washington, DC 20036
rcolfax@relmanlaw.com
Tel: (202) 728-1888

/s/ Jon M. Greenbaum
Jon M. Greenbaum*
David Hinojosa*
Genevieve B. Torres*
LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW
1401 New York Avenue NW, Suite 400
Washington, DC 20005
jgreenbaum@lawyerscommittee.org
gbonadies@lawyerscommittee.org
Tel: (202) 662-8600

*Special Appearance

/s/ Jack Holtzman
Jack Holtzman, N.C. Bar No. 13548
Emily P. Turner, N.C. Bar No. 49578
NORTH CAROLINA JUSTICE CENTER
224 South Dawson Street
Raleigh, NC 27601
jack@ncjustice.org
emilyt@ncjustice.org
Tel: (919) 856-2165

*Attorneys for Student-Intervenors*

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing Joint Status Report Regarding Feasibility of May 2020 Trial via the Court's electronic filing systems, pursuant to the Electronic Filing Procedures, on all attorneys of record who have entered an appearance by ECF in this matter.

This 3rd day of April, 2020.

/s/ Patrick Fitzgerald<br>
Patrick Fitzgerald

18

Case 1:14-cv-00954-LCB-JLW   Document 203   Filed 04/03/20   Page 18 of 18