IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

STUDENTS FOR FAIR ADMISSIONS, INC., )
)
        Plaintiff, )
)
        v. )   1:14CV954
)
UNIVERSITY OF NORTH CAROLINA, *et al.,* )
)
        Defendants. )

**PRE-TRIAL ORDER**

LORETTA C. BIGGS, District Judge.

On April 14, 2020, the Court engaged in a telephone conference with counsel for each of the parties as well counsel for student-intervenors to discuss and resolve certain pre-trial matters, to include the feasibility of proceeding to trial on our currently scheduled trial date of May 11, 2020 in light of the global health emergency caused by the COVID-19 pandemic. The parties and student-intervenors filed with this Court on April 3, 2020 a Joint Status Report ("JSR") providing to the Court their respective positions with respect to how they would like to see this case proceed, (ECF No. 203), among other things. After considering the parties thoughts outlined in the JSR and their representations during the conference call the Court enters the following findings, conclusions, and Order:

    I.    <u>Trial Date</u>

All parties agree, that it is not feasible to proceed to trial on May 11, 2020, as originally scheduled, (ECF No. 203 at 2, 7, 11.) The Court agrees with this assessment recognizing that the various travel restrictions and "stay at home" orders in place across the country would make it impossible for the parties to safely prepare for and conduct the trial on the May 11

date. The Court having considered, various conflicts of the parties and intervenors over the next several months as well as the Court's availability concludes that November 9, 2020 provides the earliest possible date for the rescheduling of the trial. Further, if it does not appear to the parties and the Court that the trial can be held safely live on the new trial date, the Court will revisit a request by SFFA to hold the trial remotely via video provided the Court has the capacity to do so, and can do so without prejudice to the parties or intervenors.

II. <u>SAFFA's request for bench trial based on summary judgment record</u>

In the SJR SFFA made a request that "the Court conduct a bench trial on the summary judgment record." (*See* ECF No. 203 at 4.) UNC and the Student-Intervenors oppose this request. (*See* ECF Nos. 203 at 9–12). After having considered the parties respective positions and legal authority on this issue as outlined in the SJR, this Court informed the parties prior to the teleconference that the Court would only consider SFFA's request if all parties agree to a bench trial on the record and are prepared to waive their respective right to a full trial. Each of the parties confirmed their original positions outlined in the SJR during the teleconference. The Court asked SFFA during the call if they would like for the Court to construe their request as a motion, which the Court agreed to do. The Court will deny SFFA's motion since the parties do not agree on the request and UNC and Student-Intervenors have not expressed a willingness to waive their right to a full trial. *See Acuff-Rose Music, Inc. v. Jostens, Inc.*, 155 F.3d 140, 142–43 (2nd Cir. 1998) (A district court can only decide a case by summary bench trial if the "parties have willingly foregone their right to a full trial.")

III. <u>Preservation of Issue for Appellate Review</u>

In the parties Joint Motion Regarding Certain Pre-trial Issues filed on March 23, (ECF No. 201), they requested "the Court's guidance on the most expeditious manner to effectuate a judgment on Count III [of the Complaint] that preserves SFFA's right of appellate review."

2

(*Id.* at 2.) The Court in preparation for the teleconference, and prior to it occurring, provided to the parties via email correspondence its view on the options open to parties on how to resolve this issue and encouraged the parties to resolve how they wished to handle this issue. The parties informed the Court during the teleconference that they had agreed that this issue can most effectively be resolved through a joint motion for partial judgment on the pleadings filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure that would recognize that binding Supreme Court precedent which prevents the Court from ruling for SFFA and preserves SFFA's right of appellate review. The Court therefore will adopt the parties' agreement and will order that such motion must be expeditiously filed.

Based on the findings and conclusions outlined herein, the Court enters the following:

**ORDER**

IT IS THEREFORE ORDERED that the previous Order of the Court setting trial in this matter for May 11, 2020, (ECF No. 194), is hereby modified and trial is rescheduled to November 9, 2020. A Trial Notice will be filed simultaneously with this Order.

IT IS FURTHER ORDERED that SFFA's request for a bench trial on the summary judgment record, (ECF No. 203 at 4–6), which this Court has considered as a motion, is DENIED.

IT IS FURTHER ORDERED that the parties shall expeditiously file the joint motion for partial judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure which was agreed upon by the parties for the purpose of preserving SFFA's right to appellate review on Count Three of the Complaint.

This, the 17th day of April 2020.

/s/ Loretta C. Biggs
United States District Judge