```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

STUDENTS FOR FAIR ADMISSIONS,  *
INC.,                          *
                               *
            Plaintiff,         *  Case No. 1:14CV954
                               *
vs.                            *
                               *  April 14, 2020
UNIVERSITY OF NORTH CAROLINA,  *  11 a.m.
 et al.,                       *
                               *
            Defendants.        *
*******************************
```

**EXPEDITED TRANSCRIPT OF TELEPHONE CONFERENCE**
BEFORE THE HONORABLE LORETTA C. BIGGS
UNITED STATES DISTRICT JUDGE


APPEARANCES BY TELEPHONE:

| | |
|---|---|
| For Plaintiff: | LAW FIRM OF CONSOVOY MCCARTHY, PLLC<br>   Thomas R. McCarthy, Esquire<br>   Patrick Strawbridge, Esquire |
| For UNC-Defendants: | SKADDEN ARPS SLATE MEAGHER & FLOM, LLP<br>   Patrick J. Fitzgerald, Esquire<br>   Lara A. Flath, Esquire<br><br>NORTH CAROLINA DEPARTMENT OF JUSTICE<br>   Stephanie A. Brennan, Esquire |
| For Intervenors: | LAWYERS' COMMITTEE CIVIL RIGHTS UNDER LAW<br>   David G. Hinojosa, Esquire<br>   Genevieve Bondies Torres, Esquire<br><br>NORTH CAROLINA JUSTICE CENTER<br>   Jack Holtzman, Esquire |
| Court Reporter: | Lori Russell, RMR, CRR |

Proceedings recorded by stenotype reporter.
Transcript produced by Computer-Aided Transcription.

**P R O C E E D I N G S**

**THE COURT:** I'm pleased that we were able to work this out so that we could resolve some of the issues that we have related to the scheduling of a trial and the other matters that you may bring to my attention that we need to address today.

I shared with you kind of my notes related to what I wanted to accomplish on the call, but I am certainly open to any additional matters that you would like to address.

But having said that, why don't we begin -- I will ask as each of you begin to discuss any of these issues if you would say your name, as well as say who you represent; and that will help our court reporter to ensure that she gets all of the information.

All right. The first was Plaintiff's request for a bench trial based on the summary judgment record. I thought it was important for me to let you know where I was related to that, but I am certainly open to hear from either of the parties further if you care to be heard on this issue. As I stated in my notes, I don't want you to regurgitate. I did read what you provided to me and I looked at those cases. But I would like -- if you care to be heard further on this issue, I will hear from you.

Now, at the time you did your joint status report, the indication was that Defendants, as well as Intervenors, opposed that and I'm assuming that that is still the case. Can I get a

confirmation of that?

**MR. FITZGERALD:** Yes, Your Honor. This is Pat Fitzgerald representing UNC and that remains the position of the defendant UNC. Thank you.

**THE COURT:** All right. And what about the Intervenors?

**MR. HINOJOSA:** The same, Your Honor. This is David Hinojosa for Student-Intervenors.

**THE COURT:** And is your position the same, sir?

**MR. HINOJOSA:** Yes. Yes, Your Honor. We still are opposed.

**THE COURT:** All right. To the Plaintiff, since this ruling, if I put this in the form of a ruling, will be against you, I am happy to hear from you further at this time, if you care to be heard.

**MR. MCCARTHY:** Your Honor, this is Thomas McCarthy for SFFA. Thank you.

   SFFA understands your position with respect to our request for a paper bench trial. Given that UNC and the Intervenors oppose, we understand the Court's position that it will deny our request and so we will not address that issue any further today.

**THE COURT:** All right. Does anybody request that we do a formal -- I'm happy to consider this as a motion and handle it that way or if -- does anyone feel that there's a

1  need for a formal ruling in that way?  Let me hear from
2  Plaintiff first.
3       **MR. MCCARTHY:**  Your Honor, we would prefer that that
4  be a formal ruling denying our motion, if Your Honor would be
5  willing to do so.
6       **THE COURT:**  All right.  I appreciate that.
7     And, Defendants, do you care to be heard on that at all?
8       **MR. FITZGERALD:**  Not from UNC, Your Honor.  And this
9  is Pat Fitzgerald.
10      **THE COURT:**  And not from the Intervenors as well?
11      **MR. HINOJOSA:**  That is correct.  This is David
12 Hinojosa.
13      **THE COURT:**  All right.  Thank you.
14    So the next issue we will address is when this trial can
15 occur.  In your joint status report, you outlined a number of
16 conflicts; and we attempted to look at each of those conflicts,
17 as well as the Court's conflicts, and come up with the soonest
18 possible time that we could hold this trial.
19    Now, none of us can predict what is going to happen in the
20 future; and so I think it's important, however, that we do set
21 a trial date and operate based on that trial date in light of
22 the fact that -- but also recognize that there may be
23 additional issues related to our public health issues that
24 could potentially interfere.
25    So I -- in doing that, the only month that I felt that I

1  could be flexible to do a two-week trial is November.  No
2  person -- none of the parties indicated conflicts in November.
3  I did ask that you -- the two of -- the parties consider
4  those -- that date and be prepared to discuss it with me.
5      Have you had an opportunity to do so?
6          **MR. MCCARTHY:**  Yes.  This is Tom McCarthy.  Yes, we
7  have.
8          **THE COURT:**  All right.  And who -- I'll hear from
9  them.  Go ahead, Tom.  So what have the parties come up with?
10         **MR. MCCARTHY:**  Thank you, Your Honor.
11    The parties -- I'll represent that I believe that everybody
12 is available to do a two-week trial beginning November 9.
13         **THE COURT:**  Uh-huh.
14         **MR. MCCARTHY:**  And I'll certainly let UNC and the
15 Intervenors confirm that for you on the record here --
16         **THE COURT:**  All right.  I would ask them --
17         **MR. MCCARTHY:**  -- but we --
18         **THE COURT:**  I'm sorry.  Go ahead.
19         **MR. MCCARTHY:**  Go ahead, Your Honor.
20         **THE COURT:**  No, no.  You go ahead.
21         **MR. MCCARTHY:**  I said we would like to be heard on an
22 issue regarding that timing that we are available for.
23         **THE COURT:**  All right.  Why don't we get UNC and the
24 Intervenors to confirm that they too are available during that
25 time the Court is available and ready to do that.

1    UNC, let me hear from you.
2         **MR. FITZGERALD:** Yes, Your Honor. This is Pat
3    Fitzgerald for UNC, and we are available, the trial team, on
4    November 9th for a two-week trial.
5         **THE COURT:** Thank you.
6         **MR. FITZGERALD:** Thank you.
7         **THE COURT:** And let me hear from the
8    Student-Intervenors.
9         **MR. HINOJOSA:** This is David Hinojosa, Your Honor, for
10   Student-Intervenors, and our trial team will be ready and
11   available in the two weeks beginning November 9th.
12        **THE COURT:** All right. Sounds wonderful.
13      All right. Let me hear from you, Tom, on -- for the
14   Plaintiff.
15        **MR. MCCARTHY:** Thank you, Your Honor. This is Tom
16   McCarthy.
17      We -- as I said, we are available for a two-week trial
18   beginning November 9, but we believe that the present
19   circumstances suggest that we all explore the possibility of
20   conducting the trial via video. The case has been pending now
21   for nearly six years and, as Your Honor suggested, public
22   health issues call into question how -- whether and when the
23   thing will proceed even if we do put it on the schedule for
24   November.
25      The federal courts have been encouraged to be flexible and

1  to find ways to move cases along, and some have already begun
2  holding trials via video.  In fact, my colleague, Patrick
3  Strawbridge, who is on the phone right now, did one last week
4  in federal court.  The key advantages of proceeding by video
5  is, obviously, that it ensures the cases move along forward
6  reasonably quickly.  A trial by video could more easily fit
7  around conflicts because they can be broken up in chunks, if
8  necessary, to accommodate the Court's schedule or witness
9  schedules or counsel conflicts; and we believe that a trial by
10 video could be scheduled sooner than November and would be
11 willing to try to work that out if the Court would permit us to
12 do so.
13         **THE COURT:**  No, I won't.  That date -- in considering
14 all of the conflicts, unless some of those conflicts in October
15 disappear, I am committed to doing this trial in November.  So
16 I would think that we would schedule it for November 9th
17 through -- for the weeks of November 9th and the 16th.
18    And I certainly -- if the Court develops the capability to
19 do that, I will consider doing this by video.  We are in the
20 initial stages of doing some criminal matters in that way and
21 none of us -- this is new for all of us, so none of us have
22 worked through all of those issues.  However, by November I
23 feel confident that we probably would have worked through those
24 issues and I certainly -- if the Court has the capacity to do
25 that, I certainly will consider it.

1  But I do believe we need to go ahead and set this trial,
2 and now that I know all of the parties are available for that
3 two weeks beginning on November 9th and the Court is available
4 and prepared to move forward in that way, we will set the trial
5 for November 9th.
6  Are there any -- does anyone care to be heard further on
7 that issue?
8      **MR. FITZGERALD:**  Your Honor, it's Pat Fitzgerald for
9 UNC.
10  We're happy to proceed forward on November 9th; and I hope
11 that, for lots of reasons even beyond this case, we've returned
12 to something approaching what used to be normal and that we can
13 do the trial the old-fashioned way in the courtroom live.  We
14 think that would be important for -- both for our own
15 presentation to present and cross-examine witnesses live, and
16 to have Your Honor to have the benefit of seeing witnesses
17 live.
18  We recognize as we get closer to November we'll have a
19 better sense of how much the world has returned to normal and
20 also have a sense of how technology is working, and certainly
21 understand why the parties and the Court may revisit that, if
22 necessary.  But I know that my client has a very strong
23 preference, given the importance of the issues, to try to have
24 this trial, if at all possible, with live witnesses in the
25 courtroom, but recognize we can deal with this issue down the

1  road as the facts play out.  But we will be ready on November
2  9th.
3         **THE COURT:**  Thank you.
4         **MR. FITZGERALD:**  Thank you.
5         **THE COURT:**  To the Intervenors, is there anything you
6  care to say about the issue of having the trial by video, if
7  necessary?
8         **MR. HINOJOSA:**  David Hinojosa for the Intervenors.
9     We also appreciate, you know, the Court's consideration of,
10 you know, this ever-changing world that we're in and, you know,
11 its expectation to have this trial in person, which is what we
12 prefer.  Should, you know, the circumstances, you know, require
13 or dictate that this trial needs to be held by video, we'll
14 certainly be prepared to do so, but we also prefer -- strongly
15 prefer to have our witnesses there in the courtroom testifying
16 live.
17        **THE COURT:**  All right. We will certainly consider
18 that if it becomes clear that it is necessary to do so, but I
19 will say to each of you that we will again revisit this issue
20 if as we approach the trial it appears that that will be
21 necessary.  The Court would prefer to do it live in my
22 courtroom and so doing it trial-by-video would only be a resort
23 that we would consider if, in fact, we cannot do so.
24    All right.  Anything further on the issue of the trial
25 date?

1       **MR. MCCARTHY:** No, Your Honor.

2       **MR. FITZGERALD:** No, Your Honor.

3       **THE COURT:** All right. Thank you.

4   Moving on. On the issue of how we effectuate a judgment on
5   Count Three, I set forth what I saw as the options. I didn't
6   really understand what you parties meant by a stipulated
7   judgment and so I would be happy to give each of you the
8   opportunity to give me some clarification on what that is, how
9   it would occur.

10   Who would like to be heard on that?

11      **MR. MCCARTHY:** Your Honor, Tom McCarthy for SFFA.

12   Our position, of course, on Count Three is that the Equal
13   Protection Clause and Title VI bar the consideration of race in
14   admission decisions entirely. We understand that the Court is
15   bound by Supreme Court precedent and cannot rule for us on this
16   count, so we merely want to find an effective way to preserve
17   Count Three for appeal.

18   We proposed a stipulated judgment to this effect, the idea
19   being that we would -- that the Court would be ruling against
20   us but acknowledging that we preserve our right to take this
21   issue up on appeal to the Fourth Circuit, because we'd
22   ultimately like to get this up to the Supreme Court, the only
23   court that could actually decide this issue.

24   We would be happy to proceed via a 12(c) motion if the
25   Court prefers that means of doing it.

1 **THE COURT:** All right. Let me hear from Defendants.
2 **MR. FITZGERALD:** Yes, Your Honor. Patrick Fitzgerald
3 for UNC.
4 We've had a good working relationship with counsel for SFFA
5 and I think we all agree what the state of the law is and so I
6 think SFFA is not trying to waste anyone's time saying the law
7 is otherwise and we're not trying to waste their time by not
8 allowing them to preserve their right to appeal.
9 So I wonder whether one way we might be able to do it is to
10 see if the parties can come up with a joint motion for a
11 partial judgment on the pleadings pursuant to Rule 12(c), so
12 that Your Honor need not wade through briefs that are arguing
13 positions, when I think we can all agree what the state of the
14 law is -- that might be the most efficient use of resources
15 from the parties' perspective -- and present it to the Court.
16 I thought of the joint motion this morning, so I haven't
17 discussed that concept with Mr. McCarthy. But the idea that we
18 agree what the law is, it might save the Court some work. And
19 that was the idea since we agreed on the state of the law.
20 Your Honor would rule in our favor, but they would make clear
21 that they're preserving the issue for appeal.
22 **THE COURT:** Let me hear from Mr. McCarthy on that
23 issue.
24 **MR. MCCARTHY:** Your Honor, thank you. This is Tom
25 McCarthy.

1 SFFA would be okay proceeding in that manner if the Court
2 is open to it.
3 **THE COURT:** Let me hear from the Student-Intervenors.
4 **MR. HINOJOSA:** David Hinojosa for Student-Intervenors.
5 We're agreeable to that approach as well, Your Honor.
6 **THE COURT:** All right. I do think that -- I like that
7 approach and so I would ask that you provide to the Court a
8 joint motion related to same and I will look forward to
9 receiving that motion.
10 **MR. MCCARTHY:** Thank you, Your Honor.
11 **MR. FITZGERALD:** Thank you, Your Honor.
12 **THE COURT:** All right. I put pretrial motions down
13 here. I noticed that Intervenors had already filed their
14 pretrial disclosures pursuant to Rule 26 anticipating that the
15 trial would occur. I just actually put it down there as a
16 cleanup for us to discuss any other matters that we would need
17 to discuss.
18 And so I ask each of you: Are there pretrial matters?
19 I've not heard of any other motions, other than the one that we
20 have just talked about, that we need to consider pretrial. Are
21 there any other motions that any of the parties are aware of
22 that you would ask the Court to consider pretrial?
23 Let's start with you, Mr. McCarthy.
24 **MR. MCCARTHY:** Thank you, Your Honor. This is Tom
25 McCarthy for SFFA.

1  At this time there are no other motions for the Court to
2 resolve.  I suppose it's possible something will come up as we
3 approach, but right now we don't contemplate anything other
4 than just we'll need a new scheduling order.
5      **THE COURT:** All right.  UNC?
6      **MR. FITZGERALD:** Yes, Your Honor, Pat Fitzgerald for
7 UNC.
8  We've been working with counsel for SFFA and counsel for
9 the Intervenors and have been exchanging what we think are
10 likely deposition designations and declarations that were
11 submitted for summary judgment purposes that we might rely
12 upon, and that's the reason I think we've been able to propose
13 a two-week trial date.  So we've been efficient.
14  I think one date we might -- I would suggest we move would
15 be for any possible motions in limine.  I think other than that
16 I don't know of anything outstanding and I don't know if there
17 will be any motions in limine.  We could discuss any of those
18 with opposing counsel to see if they could be agreed upon, but
19 there's nothing else outstanding that I'm aware of.
20      **THE COURT:** All right.  And let me hear from
21 Student-Intervenors.
22      **MR. HINOJOSA:** David Hinojosa for the
23 Student-Intervenors.
24  Aside from, you know, a possible motion in limine that we
25 have discussed briefly with the Plaintiffs, we don't anticipate

1  other pretrial motions outside of the ordinary, you know,
2  objections to exhibits and the like that will be covered
3  through the pretrial disclosures.
4      **THE COURT:** All right. That takes care of everything
5  that I have on my list and I'm happy to consider any other
6  issues.
7    Let me first of all say that I'm happy to hear that all
8  counsel are working together well on this. This is a
9  complicated matter and it makes my life a lot easier that
10 counsel are working well together. So I do certainly
11 appreciate that and I hope we can continue that through the
12 trial of this matter.
13   But I'm happy to hear from either party, including
14 Student-Intervenors, on any other matters that you think we
15 need to address at this time. Why don't we start --
16     **MR. MCCARTHY:** Thank you, Your Honor. Nothing further
17 from SFFA.
18     **THE COURT:** All right. UNC.
19     **MR. FITZGERALD:** Thank you, Your Honor. Nothing
20 further from UNC. This is Pat Fitzgerald again.
21     **THE COURT:** All right. And Student-Intervenors?
22     **MR. HINOJOSA:** Thank you, Your Honor. Nothing from
23 the Student-Intervenors. David Hinojosa.
24     **THE COURT:** All right. Well, I want to thank each of
25 you for being present for this. I want you to continue to work

1  together in the way that you are working together.
2     We will determine certainly well before the trial what it
3  looks like November will bring.  That is just seven months.  It
4  is a significant period of time and change is happening every
5  day.
6     So I will put in order form some of the matters that we
7  discussed here today and I would appreciate your bringing any
8  other matters to the attention of the Court that you deem
9  appropriate as you deem appropriate.
10    With that, we will be (indiscernible audio transmission) if
11 no one else wishes to be heard.  Thank you for your time and we
12 will be -- the Court will be in touch.
13          **MR. MCCARTHY:**  Thank you, Your Honor.
14          **MR. FITZGERALD:**  Thank you, Your Honor.
15          **MR. HINOJOSA:**  Thank you, Your Honor.
16          **THE COURT:**  Yes.
17       (Proceedings concluded at 11:24 a.m.)

1      C E R T I F I C A T E

2

3      I, LORI RUSSELL, RMR, CRR, United States District Court
Reporter for the Middle District of North Carolina, DO HEREBY
4   CERTIFY:

5      That the foregoing is a true and correct transcript of the
proceedings had in the within-entitled action; that I reported
6   the same in stenotype to the best of my ability and thereafter
reduced same to typewriting through the use of Computer-Aided
7   Transcription.

8

9   *[signature: Lori Russell]*

10  Lori Russell, RMR, CRR        Date: 4/24/2020
Official Court Reporter

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25