IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CASE NO. 1:14-CV-954

| | |
|---|---|
| STUDENTS FOR FAIR ADMISSIONS, INC., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) **UNOPPOSED MOTION FOR**<br>) **PARTIAL JUDGMENT ON THE**<br>) **PLEADINGS** |
| THE UNIVERSITY OF NORTH CAROLINA AT CHAPEL HILL, et al., | )<br>)<br>) |
| Defendants. | )<br>)<br>) |

Defendants The University of North Carolina at Chapel Hill, et al. move for partial judgment on the pleadings on Count III pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. As set forth in the Joint Motion Regarding Certain Pre-Trial Issues and Request to Adjust Certain Briefing Deadlines, the parties previously sought the Court's guidance on the best way to effectuate a judgment on Count III that preserves SFFA's right of appellate review. (ECF No. 201 at 2.) In accordance with those representations as well as the Court's guidance from the April 14, 2020 conference, the UNC-Defendants submit this unopposed motion. Plaintiff Students for Fair Admissions, Inc. does not oppose this relief so long as it maintains full appellate rights with respect to Count III. Student-Intervenors do not oppose this relief.

## STATEMENT OF FACTS

Through Count III, SFFA seeks to establish that existing, controlling Supreme Court precedent was wrongly decided. As this Court recognized in its order on the parties' cross motions for summary judgment, SFFA "alleges that any use of race as a factor in UNC's admissions decisions violates federal law." (ECF No. 190 at 25.) Specifically, SFFA alleges that:

> The Supreme Court's decisions holding that there is a compelling government interest in using race as a factor in admissions decisions in pursuit of "diversity" should be overruled. Those decisions were wrongly decided at the time they were issued, and they remain wrong today. "Diversity" is not an interest that could ever justify the use of racial preferences under the Fourteenth Amendment and federal civil rights laws.

(ECF No. 1 ¶216.) The Complaint alleges (and the UNC-Defendants admit) that the UNC-Defendants "acted under color of law" in developing and implementing the University's admissions system, even if SFFA contends that any use of race in admissions allegedly denies its members equal protection of the laws in violation of the Fourteenth Amendment and 42 U.S.C. § 1983 and § 2000d et seq. (Id. ¶225.)[1]

## ARGUMENT

Here, because the UNC-Defendants seek a final judgment on Count III pursuant to Rule 12(c), "the standard should be the same as that for a motion for summary judgment, since summary judgment also concerns the substance of the party's claim." *Connecticut Gen. Life Ins. Co. v. Feldman,* No. CIV.A. WMN-14-03670, 2015 WL

---

[1] Pursuant to the parties' March 20, 2015 Joint Stipulation of Voluntary Dismissal, all of SFFA's claims under Section 1981 were dismissed as to all Defendants. (ECF No. 29.)

4064711, at *3 (D. Md. July 1, 2015), *aff'd*, 639 F. App'x 198 (4th Cir. 2016); *see also Smith v. McDonald*, 562 F. Supp. 829, 842 (M.D.N.C. 1983), *aff'd*, 737 F.2d 427 (4th Cir. 1984), *aff'd*, 472 U.S. 479, 105 S.Ct. 2787 (1985) ("The test applicable for judgment on the pleadings is whether or not, when viewed in the light most favorable to the party against whom the motion is made, genuine issues of material fact remain or whether the case can be decided as a matter of law.").

There is no dispute that the University considers race as a factor within its admissions process and therefore, the resolution of Count III does not involve any questions of fact, including with regard to the specific role that race plays within the University's admission process or whether the University's admissions practices comport with controlling precedent. Thus, with no genuine issue of material fact to resolve, Count III is ripe for resolution and can be decided as a matter of law. *See High v. R & R Transportation, Inc.*, 242 F. Supp. 3d 433, 438 (M.D.N.C. 2017) (Biggs, J.) ("Summary judgment is appropriate when 'there is no genuine dispute as to any material fact[.]" (citing FRCP 56(a)).).

The parties also agree that this Court cannot properly issue a declaratory judgment overturning Supreme Court precedent. *See e.g.*, *Fisher-Borne v. Smith*, 14 F. Supp. 3d 695, 698 (M.D.N.C. 2014) (setting forth the principles of *stare decisis* and collecting cases in this district and the Fourth Circuit); *Joyner v. Forsyth Cty., N.C.*, No. 1:07-CV-243, 2009 WL 3787754, at *6 (M.D.N.C. Nov. 9, 2009), *subsequently aff'd*, 653 F.3d 341 (4th Cir. 2011), and *subsequently vacated sub nom. Joyner v. Forsyth Cty., N. C.*, No. 1:07-CV-243, 2014 WL 12879756 (M.D.N.C. Nov. 21, 2014) ("In deciding whether

Defendant's invocation practice violates Plaintiffs' rights under the Establishment Clause, this Court is bound by precedent of the United States Supreme Court and the Fourth Circuit Court of Appeals."); *Roth v. United States*, No. 1:06-CV-172, 2009 WL 3698515, at *4 (N.D.W. Va. Nov. 2, 2009) ("[P]laintiff does not contest this as a legal principle; however, he argues that the law should be otherwise. The Court is bound by precedent, and therefore cannot oblige [plaintiff's] request."). Accordingly, the UNC-Defendants respectfully request that the Court grant their motion and enter judgment in their favor on Count III, while acknowledging that SFFA has preserved its right to appeal on Count III. *See, e.g.*, *United States v. Crisp*, 2015 WL 7288684, at *9 (W.D.N.C. Nov. 17, 2015) ("While acknowledging that the Defendant has preserved this issue for further review, this Court is duty-bound to follow the Supreme Court's precedent in *Lewis* and overrule the Defendant's argument on this final issue.")

## CONCLUSION

Because the resolution of Count III does not and will not turn upon the application of any factual evidence under the existing, controlling legal framework, the UNC-Defendants respectfully submit this unopposed request that the Court enter judgment in their favor on Count III. SFFA retains all rights to seek appellate review on Count III.

**Respectfully submitted this 8th day of May, 2020.**

                                                                JOSHUA H. STEIN
                                                                Attorney General

| /s/ Patrick Fitzgerald | /s/ Stephanie Brennan |
|---|---|
| Patrick Fitzgerald | Stephanie Brennan |
| Amy Van Gelder | Special Deputy Attorney General |
| Marianne Combs | NC State Bar No. 35955 |
| Skadden, Arps, Slate, Meagher & Flom LLP | E: sbrennan@ncdoj.gov |
| 155 North Wacker Drive | |
| Chicago, IL 60606-1720 | /s/ Tamika Henderson |
| (312) 407-0700 | Tamika Henderson |
| E: patrick.fitzgerald@skadden.com | Assistant Attorney General |
| E: amy.vangelder@skadden.com | NC State Bar No. 42398 |
| E: marianne.combs@skadden.com | E: tlhenderson@ncdoj.gov |
| | |
| /s/ Lara Flath | |
| Skadden, Arps, Slate, Meagher & Flom LLP | |
| One Manhattan West | |
| New York, NY 10001 | |
| (212) 735-3000 | |
| E: lara.flath@skadden.com | |

*Attorneys for the University Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2020, I filed a true and correct copy of the foregoing UNOPPOSED MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS with the Clerk of Court using the CM/ECF system.

This 8th day of May, 2020.

/s/ Patrick Fitzgerald
Patrick Fitzgerald