IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| STUDENTS FOR FAIR ADMISSIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:14CV954 |
| | ) | |
| UNIVERSITY OF NORTH CAROLINA, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

LORETTA C. BIGGS, District Judge.

Before the Court is Defendants' Unopposed Motion for Partial Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (ECF No. 209.) Specifically, Defendants have asked the Court to enter judgment in their favor on Count III of Plaintiff's Complaint, while acknowledging that Plaintiff has preserved its right to appeal on Count III. (*Id.* at 4.) Neither Plaintiff nor the Student-Intervenors oppose Defendants' motion. (*See id.* at 1; ECF No. 208 at 11–12.) However, Plaintiff's lack of opposition to the motion is contingent on Plaintiff maintaining full appellate rights as to Count III. (ECF No. 209 at 1.) The parties are therefore in agreement that this motion was filed to expeditiously resolve Count III while preserving Plaintiff's right to appeal this Court's ruling on that claim. (*See* ECF No. 201 at 2.)

In Count III of its Complaint, Plaintiff alleges that UNC-Chapel Hill has "intentionally discriminated against certain of Plaintiff's members on the basis of their race . . . by employing an undergraduate admissions policy that uses race as a factor in admissions." (ECF No. 1 ¶

215.) Under existing Supreme Court precedent, a university "may institute a race-conscious admissions program as a means of obtaining 'the educational benefits that flow from student body diversity.'" *Fisher v. Univ. of Tex. at Austin*, 136 S. Ct. 2198, 2210 (2016) (quoting *Fisher v. Univ. of Tex. at Austin*, 570 U.S. 297, 310 (2013)). The Supreme Court has "made clear" that such a goal is a "compelling interest that justifies consideration of race in college admissions." *Id.* While Plaintiff acknowledges that the Court could not rule in its favor on Count III without overruling Supreme Court precedent, (*see* ECF Nos. 201 at 2; 208 at 10), Plaintiff nonetheless alleges in its Complaint that:

> The Supreme Court's decisions holding that there is a compelling government interest in using race as a factor in admissions decisions in pursuit of "diversity" should be overruled. Those decisions were wrongly decided at the time they were issued, and they remain wrong today. "Diversity" is not an interest that could ever justify the use of racial preferences under the Fourteenth Amendment and federal civil rights laws.

(ECF No. 1 ¶ 216.) Further, Defendants state in their motion, and Plaintiff and Student-Intervenors do not contest, that "[t]here is no dispute that the University considers race as a factor within its admissions process and therefore, the resolution of Count III does not involve any questions of fact, including with regard to the specific role that race plays within the University's admissions process or whether the University's admissions practices comport with controlling [legal] precedent." (ECF No. 209 at 3.)

Based on the lack of any genuine issue of material fact as to the resolution of Count III and considering existing Supreme Court precedent related to that claim, the Court concludes that Defendants are entitled to judgment as a matter of law with respect to Count III of Plaintiff's Complaint. Accordingly, the Court enters the following:

### [ORDER TO FOLLOW]

## ORDER

IT IS THEREFORE ORDERED that Defendants' Unopposed Motion for Partial Judgment on the Pleadings as to Count III of Plaintiff's Complaint, (ECF No. 209), is GRANTED.

This, the 28th day of May 2020.

/s/Loretta C. Biggs
United States District Judge