IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| STUDENTS FOR FAIR ADMISSIONS, INC., | ) ) ) | |
| Plaintiffs, | ) ) | 1:14CV954 |
| v. | ) ) | |
| THE UNIVERSITY OF NORTH CAROLINA AT CHAPEL HILL, et al., | ) ) ) | |
| Defendants. | ) ) | |

## **TRIAL PROTOCOL**

The above-captioned matter is scheduled for a bench trial beginning on November 8, 2020. The parties estimate the duration of the trial to be approximately 10 days. The trial will begin at 9:30 a.m. on each day and will end at approximately 5:00 p.m., with two 15-minute breaks, one during the morning and the other in the afternoon. There will be 60 minutes for lunch to begin at approximately 12:30 p.m. each day.

With the input and agreement of the parties (collectively, plaintiff Students for Fair Admissions, Inc. ("SFFA"), the UNC-defendants, and Student-Intervenors) and pursuant to the Court's guidance at the September 25, 2020 pre-trial status conference, the Court finds good cause to issue this Trial Protocol, memorializing the agreements of the parties and the Court that will enable a bench trial to proceed in open court while protecting the health and safety of all parties, counsel, Court personnel, witnesses, and interested parties considering the ongoing COVID-19 pandemic. Accordingly, the Court enters the following Order:

1

# 1.     LIMITATIONS ON NUMBER OF PEOPLE IN THE COURTROOM

The parties are aware of and will comply with all guidelines set forth in Second Amended Standing Order 12, Amended Standing Order 13, and Standing Order 16. Further counsel for the parties shall ensure that all persons accompanying them to Court or who will appear pursuant to their request or subpoena will be provided these standing Orders or otherwise informed of their contents.

     1.1     Consistent with guidance set forth by Executive Order of the Governor of North Carolina, including Executive Order 169, and Amended Standing Order 13, no more than twenty-five (25) people shall be permitted in the courtroom at any given time.

     1.2     Pursuant to Second Amended Standing Order 12 all entrants to the Courthouse are required to wear an appropriate face mask or cloth covering in all public spaces, including courtrooms and security checkpoints. However, pursuant to Standing Order 16, those at counsel table who are actively examining a witness or addressing the Court may remove their mask for such purpose (this is subject to any witness or individual who is unable to comply with such restriction but is required to attend and complies with the requirements of Second Amended Standing Order 12). A witness also may also request the Court's permission to remove his or her face covering while on the witness stand.

     1.3     Pursuant to Standing Order 16, all attendees for a party (e.g. counsel, trial support personnel, party representatives) shall maintain social distancing from those individuals attending on behalf of other parties and Court personnel to the greatest extent practicable. The parties agreed that it was not necessary for members of the same trial team and their staffs to practice social distancing during the trial.

     1.4     Each party is permitted no more than five individuals within the well of the courtroom at any given time, including counsel, any party representative, and any trial support personnel. Other attorneys or party representatives may observe proceedings from the courtroom gallery so long as the parties in good faith endeavor to limit the number of people within the courtroom. L.R. 83.1(d)(2) shall apply to the trial; however, to facilitate the reduction of the number of individuals within the courtroom at certain times, the Court may excuse the presence of local counsel once such counsel acknowledges on the record their obligations under the rule and further assures the Court of their confidence that the attorney(s) specially appearing will conduct the trial consistent with the federal rules and local rules of this Court; and, will appropriately observe all required courtroom decorum.

     1.5     To facilitate social distancing between the parties and their respective trial attendees, each party will have use of a designated counsel table and conference room immediately outside the courtroom as designated by the court.

## 2. REMOTE VIDEO VIEWING AND AUDIO AVAILABILITY OF THE PROCEEDINGS

2.1 The Court will provide a second court room in which other members of the trial teams, party representatives, or witnesses may observe the open court proceedings via video in the event that these individuals cannot be accommodated in the courtroom where the trial is being heard. No live video feed will be allowed outside of the Courthouse.

2.2 The Court will make audio feed of the proceedings available to the public upon request.

## 3. OPENING STATEMENTS AND ANTICIPATED ORDER OF WITNESSES

3.1 SFFA and the UNC-defendants shall each have 30 minutes to make opening statements. Student-Intervenors shall be allowed an opening statement of 15 minutes.

3.2 The parties anticipate that the following witnesses shall testify during the duration of the bench trial in the following order[1]:

| Witness | Party Calling | Method of Testimony |
|---|---|---|
| Jennifer Kretchmar | SFFA | In Court |
| Yolanda Coleman | SFFA | Ms. Coleman is a former UNC-CH employee and counsel for the UNC-defendants is working to determine her availability |
| Peter Arcidiacono | SFFA | In Court |
| Richard Kahlenberg | SFFA | In Court |
| Stephen Farmer | UNC | In Court |
| Jared Rosenberg | UNC | In Court |
| Michael Davis | UNC | In Court |

---

[1] The parties have worked in good faith to plan an order of witnesses to afford the parties and witnesses as much notice as possible. In furtherance of the goal that any witness testify only once, the parties generally agree that witness testimony on cross should not be objectionable as beyond the scope of direct and exhibits may be introduced on cross examination. Parties reserve all rights to seek to recall a witness purely for rebuttal testimony (and to object to any such attempts). Depending upon specific witness availability and the evolving circumstances created by the global pandemic, the parties may inform the Court of any modifications to this anticipated order at the final pre-trial conference.

| | | |
|---|---|---|
| Abigail Panter | UNC | In Court |
| Caroline Hoxby | UNC | Video |
| Bridget Long | UNC | Video |
| Cecilia Polanco | Student-Intervenors | In Court |
| Rimel Mwamba | Student-Intervenors | In Court |
| Uma Jayakumar | Student-Intervenors | Video |
| Andrew Brennen | Student-Intervenors | In Court |
| Luis Acosta | Student-Intervenors | In Court or by Video |
| Kenneth Ward | Student-Intervenors | In Court or by Video |
| Star Wingate-Bey | Student-Intervenors | In Court |
| Laura Ornelas | Student-Intervenors | In Court |
| Hanna Watson | Student-Intervenors | Video |

    3.3    Counsel for the parties seeking to present testimony by video will coordinate directly with IT support for the Court to facilitate the video testimony of those witnesses identified above. Such coordination shall begin shortly after the entry of this Trial Protocol and will be concluded no later than the final pre-trial conference. Attorneys must also be trained on any court equipment required for presentation of case prior to the beginning of trial. The IT contact for the Court is Jim Sharpe and can be reached at (336) 332-6023.

**4.**    **ORGANIZATION OF EXHIBITS, DEPOSITION DESIGNATIONS, AND OTHER WRITTEN OR DEMONSTRATIVE MATERIAL**

    4.1    The parties shall provide two copies of all exhibits in binders to the Court. The parties will also provide an electronic PDF copy of these exhibits to the court reporter per the court reporter's expressed preference.

    4.2    To limit the passing of materials in open court and to avoid the need to approach the witness stand, the parties shall provide exhibit binders at the witness stand. The parties will work in good faith with respect to exhibits used during cross examination to present those exhibits in a manner that minimizes the passing of materials in open court, whether through the display of exhibits via video screen or providing potential exhibits in separate envelopes to be opened if necessary.

4

4.3     Demonstrative exhibits will be displayed via video screen in the courtroom. The parties will provide a binder of demonstrative exhibits to the Court if requested at the start of a witness's testimony.

4.4     Counsel may request that certain exhibits that reflect highly confidential material (e.g. a particular applicant file) be kept confidential and not displayed to the public via video screen in the courtroom.

4.5     The parties shall work cooperatively to ensure that any witness testifying via video has any exhibits provided on screen and/or in hard copy sent to the witness ahead of time.

## 5.     SCHEDULE OF PRE-TRIAL FILINGS, FINAL PRE-TRIAL STATUS CONFERENCE, AND POST-TRIAL FILINGS

5.1     The parties shall exchange preliminary exhibit lists by October 13, 2020 and any objections to the other's exhibit list by October 22, 2020. The parties will also supplement any deposition designations and provide counter-designations on this same schedule.

5.2     Motions *in limine*, if any, shall be filed by October 19, 2020 (three weeks ahead of trial). Responses shall be due by October 26, 2020. Motions will not be filed before the parties meet and confer and attempt to resolve any evidentiary disputes without motion practice.

5.3     The parties shall submit a joint stipulation of uncontested facts, deposition designations, and counter-designations to the Court in advance of trial. Likewise, in order to streamline the presentation of record evidence and to limit the number of witnesses appearing in open court, the parties may submit certain witness testimony via declaration. None of these written materials must be read into the record, and all such materials will be submitted to the Court by November 2, 2020.

5.4     A final pre-trial conference will be held on November 2, 2020 at 1:00 p.m. and shall be held in-person.

5.5     Consistent with the Court's April 1, 2020 Order, (ECF No. 202), the parties need not file trial briefs three weeks prior to the start of trial. Instead, the parties shall file post-trial briefs to include proposed finding of facts and conclusions of law following the conclusion of the trial of this matter and no later than 30 days following the receipt of the official trial transcripts of the trial with opposition briefs due no later than 21 days thereafter.

6. **ESTIMATED LENGTH OF TRIAL AND WITNESS TESTIMONY; EXCHANGE OF DEMONSTRATIVE AND CROSS EXAMAMINATION EXHIBITS AND CLOSING ARGUMENTS**

6.1     Below is a chart which sets forth the parties' anticipated length of direct and cross examination for the witnesses included in the proposed protocol. Subject to the Court's schedule and guidance, parties anticipate trial will occur from roughly 9:30 a.m. to 5:30 p.m. each day with a 15-minute break in the morning, 15-minute break in the afternoon, and 60-minute lunch recess.

| Event/Witness | Party Calling | Estimated Length of Testimony | *Anticipated Day of Trial* |
|---|---|---|---|
| Opening Statements | All | SFFA: 30 min<br>UNC: 30 min<br>Student-Intervenors: 15 min | *Day 1, Nov. 9* |
| Jennifer Kretchmar | SFFA | SFFA: 2 hours<br>UNC: 30 min | *Day 1, Nov. 9* |
| Peter Arcidiacono* | SFFA | SFFA: 5 hours<br>UNC: 3 hours | *Day 1-2, Nov. 9-10* |
| Richard Kahlenberg* | SFFA | SFFA: 3 hours<br>UNC: 2 hours | *Day 3, Nov. 12* |
| Stephen Farmer | UNC | UNC: 4 hours<br>SFFA: 2 hours | *Day 3-4, Nov. 12-13* |
| Jared Rosenberg | UNC | UNC: 3 hours<br>SFFA: 1.5 hours | *Day 4, Nov. 13* |
| Michael Davis | UNC | UNC: 1 hour<br>SFFA: 0.5 hours | *Day 5, Nov. 16* |
| Abigail Panter | UNC | UNC: 4 hours<br>SFFA: 2 hours | *Day 5-6, Nov. 16-17* |
| Caroline Hoxby | UNC | UNC: 5 hours<br>SFFA: 3 hours | *Day 6-7, Nov. 17-18* |
| Bridget Long | UNC | UNC: 1.5 hours<br>SFFA: 1 hour | *Day 7, Nov. 18* |
| Student-Intervenor Witnesses:<br>Cecilia Polanco<br>Rimel Mwamba<br>Uma Jayakumar<br>Andrew Brennen<br>Luis Acosta<br>Kenneth Ward<br>Star Wingate-Bey<br>Laura Ornelas<br>Hanna Watson | Student-Intervenors | Student-Intervenors: 7 hours for all witnesses<br><br>SFFA: 1.5 hours for all witnesses | *Day 8, Nov. 19*<br><br>*Certain of Student-Intervenors' witnesses may testify the morning of Day 9, Nov. 20 if needed.* |

| Closing Arguments (if the Court determines they should take place before submission of post-trial briefing) | All | | *Day 9, Nov. 20* |

**\***Student-Intervenors reserve the right to cross-examine SFFA's expert witnesses as necessary but expect such cross-examination not to be more than ten minutes.

Based on this negotiated schedule of streamlined witness testimony, and the submission of testimony through alternate means in light of the COVID-19 pandemic, including declarations, deposition testimony designations, and the submission of expert reports in lieu of live witness testimony, the parties believe that a 10-day bench trial is feasible. The above schedule is designed to allow the parties to conclude the trial in 9 days with the benefit of Monday, November 23, 2020 as "day 10" if needed.

The parties have agreed to the above schedule, which resolves any dispute about the division of time.

6.2    With respect to the exchange of cross examination and demonstrative exhibits, disclosure of demonstrative exhibits shall occur 48 hours before a witness's scheduled testimony, with objections to be exchanged 12 hours later. Exhibits that might be used for cross examination would be disclosed by 5 p.m. the night before the witness's anticipated testimony. The parties shall meet and confer in an effort to resolve objections before the witness's testimony. If the objection is not resolved the Court will resolve the objection before the witness's testimony.

6.3    Closing arguments shall occur at close of trial. The length of closing will be determined during trial.

SO ORDERED on this, the 20th day of October 2020.

/s/ Loretta C. Biggs
United States District Judge