IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| STUDENTS FOR FAIR ADMISSIONS, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE UNIVERSITY OF NORTH CAROLINA ) <br> AT CHAPEL HILL, et al., ) <br> ) <br> Defendants. ) | 1:14CV954 |

**FINAL PRETRIAL ORDER**

The Final Pre-trial Conference was held on November 2, 2020. At the hearing, the Court and the parties clarified and amended several parts of the Trial Protocol, conducted a hearing on the Defendant's Motion in *Limine*, and discussed a number of logistical matters (ECF No. 219.) This Memorandum memorializes those decisions.

Legal Issues

1. The Court asked the parties to put on the record the issues that each contends the Court must address in these proceedings. Plaintiffs offered that the Court must decide "whether or not the University of North Carolina could meet its burden under Supreme Court precedent of surviving strict scrutiny in demonstrating that its admissions process both is a compelling governmental interest and is narrowly tailored and specifically that there are no workable race-neutral alternatives available to its current admissions process." Defendant stated that the question was "whether or not race is the dominant factor in the admissions process" and "whether or not there are race-neutral alternatives that could work, that are workable and tolerable."

2.      The Court heard oral arguments regarding a motion *in limine* submitted by Defendant.  (ECF No. 215.)  The Court has issued a separate order consistent with its decision on this issue.

<u>Trial Protocol, Edits, and Discussion</u>

3.      The Court and the parties agreed that the parties would submit binders to the Court for its use by Thursday, November 5, 2020.  These binders will include a list of all exhibits that have been preadmitted and a statement indicating that all have agreed to the preadmission occurring.

4.      Plaintiff's Counsel informed the Court that they had agreed with Student-Intervenors that witness Uma Jayakumar would submit an expert report in lieu of live testimony.

5.      The parties should submit with their pre-trial binders all designations and counter designations regarding the new expert report submitted by Student-Intervenor's witness, Ms. Jayakumar.

6.      Parties should also submit with their pre-trial binders the stipulation of facts that they have agreed to as well as a complete set of designations with the relevant pages and testimony highlighted.

7.      The Court reiterated that local counsel be present for the first day of trial.  While the Court will not require local counsel to be present throughout the entire trial, they must attend the beginning so that they may state on the record their understanding of their role as well as their knowledge pertaining to each party's lead counsel.  They must likewise be readily available throughout the trial in the event the Court requires their attendance for any reason.

8. The Court reminded parties that the passing of papers in the courtroom should be kept at a minimum, and witnesses should be provided any documents prior to entering the courtroom.

9. The Court informed all that there must be strict adherence to the courtroom capacity restriction of no more than twenty-five persons in the courtroom at any time allocated as follows: (1) six members of the Court staff, including the judge; (2) no more than five people per party or intervenor. Noting that this nevertheless leads to a crowded well, the Court encouraged non-lead attorneys to be seated in the gallery whenever circumstances allow.

10. For bench conferences if there are those in the courtroom that should not be a part of such conference, to include witnesses and expert witnesses, the individuals will be asked to step out of the courtroom. This ensures that attorneys will not need to approach the bench for conferences and that such discussions may be held in open court.

## Logistics

11. The Court also acknowledged the attorney conference rooms outside of the courtroom and asked each party to choose a conference room and use the same one throughout the trial.

12. The Court also granted permission for parties to bring laptops and water bottles into the courtroom. Should the parties find that they need a written order to effectuate this decision, they must draft it and submit it to the Court to sign.

This, the 3rd day of November 2020.

/s/ Loretta C. Biggs
United States District Judge